UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 |
| Product(s): WIRE HARNESS SYSTEMS | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

INITIAL DISCOVERY PLAN

1. Rule 26(f) Conference – Consistent with paragraph 23 of Case Management Order No. 1 For All Direct Purchaser, Automobile Dealer and End-Payor Actions, filed March 29, 2012 ("CMO"), the parties participated in conferences to address the matters set forth in Fed. R. Civ. P. 26(f)(3) on May 9, 2012, May 16, 2012, May 24, 2012, and May 25, 2012.

2. Applicability of this Discovery Plan – The obligations and deadlines set forth in paragraphs 3 through 10, inclusive, of this Discovery Plan shall apply to each Plaintiff and Defendant that remains a party to any Direct Purchaser, Automobile Dealer or End-Payor Action relating to Wire Harnesses (as defined in paragraph 3, below) encompassed within Master File No. 12-md-02311 (individually, a "Wire Harness Action" and, collectively, the "Wire Harness Actions") following the last date on which the Court issues a decision with respect to any motion to dismiss filed

pursuant to Fed. Rule Civ. P. 12(b)(6) in any of the Wire Harness Actions (the "MTD Resolution Date").  Defendants reserve their right to seek a further stay of discovery based upon the pendency of other Rule 12 motions.

3. <u>Initial Document Production</u> – Any Defendant that has entered a guilty plea or with respect to which there has been an announcement by the United States Department of Justice ("DOJ") of an agreement to plead guilty with respect to any of the automotive wire harness products (wire harnesses, as well as automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, electronic control units, fuse boxes, relay boxes, junction blocks, high voltage wiring, power distributors and/or speed sensor wire assemblies sold as part of automotive wire harness systems) that were the subject of the DOJ's investigation ("Wire Harnesses") will produce to Plaintiffs, beginning August 1, 2012 and ending no later than October 16, 2012, the documents that each such Defendant produced to the DOJ ("DOJ Documents") with respect to Wire Harnesses, including any English translations produced to DOJ of those documents.  Plaintiffs agree (a) that such productions will be in the form and with the associated metadata and coding fields produced to the DOJ even if different than the specifications in the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents ("Production Stipulation and Order") to be entered in these Actions, and (b) with the exception of a showing for good cause, Plaintiffs will not seek to require any Defendant to alter such productions to comply with the Production Stipulation and Order.  Plaintiffs reserve their rights to seek DOJ Documents for those Defendants that have not entered a guilty plea with respect to any of the automotive

wire harness products described *supra* after the MTD Resolution Date.  Any Defendant that enters a guilty plea or with respect to which the DOJ announces an agreement to plead guilty with respect to Wire Harnesses after the date of this order shall produce DOJ Documents to Plaintiffs beginning the latter of August 1, 2012 or 30 days after the entry or announcement of such guilty plea.

4. <u>Deferral of Rule 26 Initial Disclosure Obligations</u> – The parties agree and stipulate that for any Defendants that produce DOJ Documents the initial disclosure obligations set forth in Rule 26 of the Federal Rules of Civil Procedure shall be deferred until after the MTD Resolution Date at which time the parties will meet and confer about whether there is a need for such disclosures and, if so, to set a schedule for them.  The parties agree and stipulate that any parties that do not produce DOJ Documents shall satisfy their initial disclosure obligations no later than August 1, 2012.

5. <u>Initial Data Production</u> – Plaintiffs and Defendants shall meet as soon as reasonably practical to begin discussions of the Wire Harnesses transactional data to be exchanged by the parties but shall commence such discussions no later than July 16, 2012.  The parties will use their best efforts to mutually agree on the scope of the Wire Harnesses transactional data to be produced.  The data, mutually agreed upon, will be reciprocally exchanged after the MTD Resolution Date.

6. <u>Written Discovery Requests</u> – If a Defendant moves to dismiss or joins a motion to dismiss any Action, written discovery, including requests for the production of documents, interrogatories and requests for admission, may be served at any time after the MTD Resolution Date.

3

7. <u>Fact Witness Depositions</u> – Depositions of fact witnesses may be scheduled at any time after the MTD Resolution Date.  If the parties cannot agree on a different location, all depositions shall take place in the deponent's country of residence (or state of residence if inside the United States).  The parties have agreed that any deposition in which the witness will testify the majority of the time in a language other than English may be expanded to, but shall not exceed, twelve (12) hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours.  Nothing contained herein shall prevent any party from seeking leave of the Court to expand the above noted duration limitations if the party reasonably believes that the additional time may be needed to complete the deposition of a witness.  The party seeking leave shall bear the burden of demonstrating the need for additional time.  The parties agree that the limits on the number of depositions set forth in Fed. R. Civ. Proc. 30(a)(2)(A)(i) shall not apply, and that they will meet and confer regarding increasing the number of depositions that may be taken.

8. <u>Privilege Logs</u> – Within ninety days after the production of documents by a party, that party shall provide a privilege log describing any documents withheld from production on the ground of any privilege in a manner sufficient to permit all parties and the Court to evaluate the basis of the claimed privilege.  The privilege log shall identify, at a minimum: (a) the date of the document; (b) author(s); (c) recipients; (d) custodian(s); (e) the general subject matter; and (f) the basis for withholding the document.  The parties agree that each party's privilege log need not include privileged or work-product information generated after the earlier of (a) the

      commencement of any DOJ Wire Harness Products related investigation or proceeding involving that party or (b) October 5, 2011.

9. <u>Document Preservation</u> – The parties are cognizant of their obligations under the Federal Rules of Civil Procedure and applicable case law to preserve electronically stored information ("ESI") and hard copy documents (collectively, "Documents") relevant to these Actions and have agreed to meet and confer on these issues and to resolve them by October 30, 2012.

10. <u>Status Conference</u> – The Court will schedule another status conference for the Wire Harness Actions at a date, likely in November 2012, to be determined by the Court. The parties will meet and confer in advance of the status conference in order to try and agree on agenda items for the status conference, and will submit to the Court joint or, if the parties cannot agree, separate positions, at least ten (10) days before the scheduled status conference.

    IT IS SO ORDERED.

                                                                   BY THE COURT:

Date: <u>July 10, 2012</u>                      <u>s/Marianne O. Battani</u>
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE