## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani<br>: Honorable Mona Majzoub |
| In Re: Wire Harness Cases | :<br>: Case: W:12-cv-10000-MOB-MKM |
| | :<br>: |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | :<br>: **ORAL ARGUMENT REQUESTED**<br>:<br>: |

## DEFENDANT S-Y SYSTEMS TECHNOLOGIES EUROPE GMBH'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS FOR LACK OF PERSONAL JURISDICTION

PLEASE TAKE NOTICE that, by its attorneys listed below, Defendant S-Y Systems Technologies Europe GmbH ("S-Y Europe") moves this Court for an Order pursuant to Fed. R. Civ. P. 12(b)(2) dismissing the Consolidated Amended Class Action Complaints[1] for Lack of Personal Jurisdiction (the "Motion").[2] This Motion is based on (i) the supporting

---

[1] Specifically, the Consolidated Amended Class Action Complaints ("CACs") are (i) the Consolidated Amended Class Action Complaint for the Direct Purchaser Actions (Doc. No. 86) (the "Direct Purchaser Compl."), (ii) the Consolidated Class Complaint for the Automobile Dealer Actions (Doc. No. 85) (the "Auto Dealer Compl."), and (iii) the Corrected Consolidated Amended Class Action Complaint for the End-Payor Actions (Doc. No. 174) (the "End-Payor Compl.").

[2] S-Y Europe is also moving to dismiss the CACs on other grounds by virtue of its joinder in the following motions, also being filed on this day: (1) Defendants' Joint Motion to Dismiss the Direct Purchaser Actions; and (2) Defendants' Collective Motion to Dismiss the End-Payors' Corrected Consolidated Amended Class Action Complaint and the Automobile Dealers' Consolidated Class Complaint.

Memorandum of Law, (ii) the Declaration of Wolfgang Girod, and (iii) oral argument in support of this Motion.

As required by E.D. Mich. Local Rule 7.1(a), counsel for Defendant S-Y Europe sought concurrence from counsel for the Direct Purchaser and End-Payor plaintiffs on July 6, 2012, and from counsel for the Automobile Dealer plaintiffs on July 9, 2012, all via telephone conference.  During those calls, counsel for S-Y Europe explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought (*i.e.*, dismissal of the CACs).

DATED:  July 13, 2012                                        Respectfully submitted,


By:   /s/ *Michael J. Fanelli*
     Anita F. Stork
     COVINGTON & BURLING LLP
     One Front Street, 35th Floor
     San Francisco, CA 94111
     Tel: (415) 591-6000
     Fax: (415) 591-6091
     astork@cov.com

     Michael J. Fanelli
     COVINGTON & BURLING LLP
     1201 Pennsylvania Avenue, NW
     Washington, DC 20004
     Tel: (202) 662-6000
     Fax: (202) 662-6291
     mfanelli@cov.com

     *Attorneys for Defendant*

     S-Y Systems Technologies Europe GmbH

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani<br>: Honorable Mona Majzoub<br>: |
| In Re: Wire Harness Cases | : Case: W:12-cv-10000-MOB-MKM<br>: |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |
| ALL CASES | : **ORAL ARGUMENT REQUESTED**<br>: |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT S-Y SYSTEMS TECHNOLOGIES EUROPE GMBH'S MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINTS FOR LACK OF PERSONAL JURISDICTION

## <u>STATEMENT OF ISSUE PRESENTED</u>

Should the Consolidated Amended Class Action Complaints (the "CACs")[3] be dismissed against S-Y Systems Technologies Europe GmbH ("S-Y Europe"), a foreign entity, because plaintiffs have not met their burden of showing that S-Y Europe had sufficient minimum contacts with the United States to support personal jurisdiction?

---

[3]      Specifically, the CACs are (i) the Consolidated Amended Class Action Complaint for the Direct Purchaser Actions (Doc. No. 86) (the "Direct Purchaser Compl."), (ii) the Consolidated Class Complaint for the Automobile Dealer Actions (Doc. No. 85) (the "Auto Dealer Compl."), and (iii) the Corrected Consolidated Amended Class Action Complaint for the End-Payor Actions (Doc. No. 174) (the "End-Payor Compl.").

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

- *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)

- *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012)

- *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)

- *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir. 1997)

- *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293 (6th Cir. 1989)

**Rules**

- Federal Rule of Civil Procedure 12(b)(2)

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 2

LEGAL STANDARD................................................................................................ 3

ARGUMENT ............................................................................................................ 4

I.      S-Y Europe Does Not Have Sufficient Minimum Contacts With the United States to Support This Court's Exercise of Specific Jurisdiction.................................................. 5

        A.      S-Y Europe Has Not Purposefully Availed Itself of the Privilege of Acting in the United States. ........................................................................................ 5

        B.      Plaintiffs' Claims Do Not Arise From Any Contacts That S-Y Europe Had With The United States.......................................................................................... 7

        C.      Exercising Jurisdiction Over S-Y Europe Would Be Unreasonable. ..................... 8

II.     S-Y Europe Does Not Have Sufficient Minimum Contacts With the United States to Support This Court's Exercise of General Jurisdiction. ................................................. 9

III.    Plaintiffs Have Not Sufficiently Alleged That S-Y Europe Controls Or Is Controlled By Other Defendants. ...................................................................................... 10

CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*,
  503 F.3d 544 (6th Cir. 2007) ...................................................................................8

*Alabama Power Co. v. VSL Corp.*,
  448 S. 2d 327 (Ala. 1984).........................................................................................4

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987)...............................................................................................8, 9

*Bryant v. Salvi*,
  141 F. App'x 279 (5th Cir. 2005) .............................................................................4

*Calphalon Corp. v. Rowlette*,
  228 F.3d 718 (6th Cir. 2000) ...........................................................................5, 7, 8, 9

*Carreras v. PMG Collins, LLC*,
  660 F.3d 549 (1st Cir. 2011) ....................................................................................4

*Carrier Corp. v. Outokumpu Oyj*,
  673 F.3d 430 (6th Cir. 2012) ...........................................................................3, 4, 6, 8

*Children's Orchard, Inc. v. Children's Orchard Store #142*,
  No. 10-10143, 2010 WL 2232440 (E.D. Mich. May 28, 2010) ...........................4, 7

*Chrysler Corp. v. Fedders Corp.*,
  643 F.2d 1229 (6th Cir. 1981) ..................................................................................7

*Coen v. Coen*,
  509 F.3d 900 (8th Cir. 2007) ....................................................................................4

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ..................................................................................4

*Ford Dealer Computer Servs. v. Fullerton Motors, LLC*,
  42 F. App'x 770 (6th Cir. 2002) ...............................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011)...............................................................................................9

*GSI Group Inc. v. Glass Inc. Int'l*,
  No. 06-15396, 2007 WL 1008359 (E.D. Mich. Mar. 29, 2007).............................7

*Hanson v. Denckla*,
  357 U.S. 235 (1958)...................................................................................................6

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
466 U.S. 408 (1984)...................................................................................4

*In re The Celotex Corp.*,
124 F.3d 619 (4th Cir. 1997) .......................................................................4

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).....................................................................................5

*Intera Corp. v. Henderson*,
428 F.3d 605 (6th Cir. 2005) .......................................................................8

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
615 F.3d 579 (5th Cir. 2010) .......................................................................4

*Kerry Steel, Inc. v. Paragon Indus., Inc.*,
106 F.3d 147 (6th Cir. 1997) ................................................................3, 4, 7

*LAK, Inc. v. Deer Creek Enters.*,
885 F.2d 1293 (6th Cir. 1989) ..................................................................5, 6

*Mwani v. Bin Laden*,
417 F.3d 1 (D.C. Cir. 2005) .........................................................................4

*Milliken v. Meyer*,
311 U.S. 457 (1940).....................................................................................5

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*,
91 F.3d 790 (6th Cir. 1996) .........................................................................9

*Onyx Waste Servs. Inc. v. Mogan*,
203 F. Supp. 2d 777 (E.D. Mich. 2002).....................................................11

*Pangaea, Inc. v. Flying Burrito, LLC*,
647 F.3d 741 (8th Cir. 2011) .......................................................................4

*S. Mach. Co. v. Mohasco Indus., Inc.*,
401 F.2d 374 (6th Cir. 1968) .......................................................................5

*Schneider v. Hardesty*,
669 F.3d 693 (6th Cir. 2012) ....................................................................5, 6

*Simsa v. Gehring L.P.*,
No. 05-72159, 2006 WL 467914 (E.D. Mich. Feb. 24, 2006)...................11

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(2) ...................................................1, 3

## INTRODUCTION

S-Y Systems Technologies Europe GmbH ("S-Y Europe") is a German automotive wire harness systems company.  It has no physical presence in the United States whatsoever.  It has never sold any of the products at issue for mass production of automobiles in the United States.  But plaintiffs ignore these facts.[4]  Relying on scattershot, conclusory allegations, they seek to rope S-Y Europe into protracted, expensive litigation in the United States.

Plaintiffs' efforts fall short.  They have not met their burden to establish that S-Y Europe has had sufficient minimum contacts with the United States to support personal jurisdiction, be it specific or general.  Plaintiffs have not alleged—much less shown—that S-Y Europe purposefully availed itself of the laws and protections of the United States.  The CACs are devoid of specific facts that link any contacts between S-Y Europe and the United States with plaintiffs' causes of action.  Nor have plaintiffs shown that it would be reasonable to force S-Y Europe to defend itself in the United States.  Finally, plaintiffs cannot maintain an alternate theory of jurisdiction over S-Y Europe because they have incorrectly alleged that S-Y Europe controls or is controlled by certain other defendants.

The CACs therefore should be dismissed as to S-Y Europe under Federal Rule of Civil Procedure 12(b)(2).

//

//

//

//

---

[4]     "Plaintiffs" collectively refers to the plaintiffs in the Direct Purchaser Actions, the Automobile Dealer Actions, and the End-Payor Actions.

## BACKGROUND

S-Y Europe is a German GmbH (limited liability company) formed by Siemens Automotive AG ("Siemens") and Yazaki Corporation in 2001 with its principal place of business in Regensburg, Germany.[5]   (Girod Decl. ¶¶ 1, 2.[6])

None of plaintiffs' sparse, conclusory allegations presumably meant to establish this Court's jurisdiction are specific to S-Y Europe.  Across three complaints that total over 200 pages, there is not a single jurisdictional allegation that is truly unique to S-Y Europe.  Rather, plaintiffs lump together S-Y Europe with at least two dozen other defendants and allege that these entities:

- transacted business in the United States, including in this District;

- directly or indirectly sold or marketed substantial quantities of Automotive Wire Harness Systems in the United States, including in this District;

- had substantial aggregate contacts with the United States as a whole, including in this District;

- were engaged in an illegal price-fixing conspiracy that was directed at, and had a direct, substantial, reasonably foreseeable and intended effect of causing injury to, the business or property of  persons and entities residing in, located in, or doing business throughout the United States, including in this District; or

- conducted business throughout the United States, including in this District, and they have purposefully availed themselves of the laws of the United States.

(Direct Purchaser Compl. ¶ 6; Auto Dealer Compl. ¶ 16; End-Payor Compl. ¶ 13.)

The single jurisdictional fact pleaded specifically as to S-Y Europe parrots the same formulaic language plaintiffs use against other defendants.   To wit, plaintiffs allege that S-Y

---

[5]      In 2008, Continental Automotive GmbH acquired Siemens' ownership interest.  Since that time, Continental Automotive GmbH and Yazaki Corporation each have owned a 50 percent interest in S-Y Europe.  (Girod Decl. ¶ 2.)

[6]      Citations to the "Girod Decl." refer to the Declaration of Wolfgang Girod, filed concurrently herewith.

Europe, "directly or through its subsidiaries, which it wholly owned or controlled …

manufactured, marketed or sold Wire Harness Products that were purchased throughout the

United States, including in this District, during the Class Period."  (*See, e.g.*, Direct Purchaser

Compl. ¶¶ 23, 28, 58; Auto Dealer Compl. ¶¶ 98, 105, 115; End-Payor Compl. ¶¶ 105, 110, 118.)

These bare-bones allegations collapse under the weight of the following sworn

jurisdictional facts:

- S-Y Europe has never been licensed to do business in the United States, has never been incorporated in the United States, has never had its principal place of business in the United States, and has never had offices in the United States.  (Girod Decl. ¶¶ 8, 10-12.)

- S-Y Europe has never had manufacturing or sales facilities, either directly or through subsidiaries, in the United States.  (*Id.* ¶ 5.)

- S-Y Europe has never sold automotive wire harness systems, nor the parts defined as "automotive wire harness systems" in the CACs, for mass production of automobiles in the United States.  (*Id.* ¶ 6.)

- S-Y Europe has never had any subsidiaries that conduct business in the United States. (*Id.* ¶ 7.)

- S-Y Europe has never owned or leased real estate in the United States, and has never maintained an address, phone numbers, or fax numbers in the United States.  (*Id.* ¶¶ 13, 17.)

- S-Y Europe has never been sued in the United States before this case, and has never filed a lawsuit in the United States.  (*Id.* ¶ 14.)

- S-Y Europe has never maintained bank accounts or borrowed money in the United States.  (*Id.* ¶ 16.)

## <u>LEGAL STANDARD</u>

Plaintiffs "bear[] the burden of establishing that [personal] jurisdiction exists,"

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (citation omitted), and they

must make a *prima facie* showing of jurisdiction to survive defendants' motions under Federal

Rule of Civil Procedure 12(b)(2).  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149

(6th Cir. 1997).  To do so, plaintiffs may not stand on the pleadings but must set forth "specific facts showing that the court has [personal] jurisdiction."  *Children's Orchard, Inc. v. Children's Orchard Store #142*, No. 10-10143, 2010 WL 2232440, at *3 (E.D. Mich. May 28, 2010) (citation omitted).  Only specific facts—*not* conclusory allegations—are considered in a light most favorable to plaintiffs.  *Id.*

## ARGUMENT

Plaintiffs have not sufficiently alleged and cannot show that this Court has personal jurisdiction over S-Y Europe.  Courts may not exercise personal jurisdiction, whether general or specific, where it would violate the Due Process Clause of the federal constitution.[7] Specific jurisdiction exists where claims "'arise out of or relate to' a defendant's contacts with the forum."  *Kerry Steel*, 106 F.3d at 149 (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 8-10 (1984)).  General jurisdiction exists when a defendant "has continuous and systematic contacts with the forum[.]"  *Id.*  Because plaintiffs' claims arise under the Sherman Act, the relevant forum in which to apply the contacts analysis is the United States as a whole.  *See Carrier Corp.*, 673 F.3d at 449-50.

Plaintiffs' boilerplate jurisdictional allegations do not support a *prima facie* showing that S-Y Europe has the necessary "minimum contacts" with the United States to

---

[7]     The long-arm statute of each jurisdiction at issue is coextensive with constitutional due process.  *See Alabama Power Co. v. VSL Corp.*, 448 S. 2d 327, 328 (Ala. 1984); *Pangaea, Inc. v. Flying Burrito, LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (Arkansas law); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011) (California law); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 585 (5th Cir. 2010) (Louisiana  law); *Ford Dealer Computer Servs. v. Fullerton Motors, LLC*, 42 F. App'x 770, 772 (6th Cir. 2002) (Michigan law); *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) (Minnesota law); *Bryant v. Salvi*, 141 F. App'x 279, 282 (5th Cir. 2005) (Mississippi law); *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011) (Puerto Rico law); *In re The Celotex Corp.*, 124 F.3d 619, 627-28 (4th Cir. 1997) (West Virginia law); *see also Mwani v. Bin Laden*, 417 F.3d 1, 9 (D.C. Cir. 2005). Therefore, the question of jurisdiction under the long-arm statute merges into a single inquiry of constitutional due process.

support either specific or general jurisdiction.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[I]n order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he [must] have [had] certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))).

**I.      S-Y Europe Does Not Have Sufficient Minimum Contacts With the United States to Support This Court's Exercise of Specific Jurisdiction.**

Plaintiffs have not met, nor can they meet, their burden of showing that this Court has specific jurisdiction over S-Y Europe.  The Sixth Circuit applies a three-part test to determine whether specific jurisdiction exists:

- first, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;

- second, the cause of action must arise from the defendant's activities there; and

- finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).  Each prong is an independent requirement, and the failure to satisfy any prong defeats specific jurisdiction.  *See LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989).  Plaintiffs fail to carry their burden on any of the three required elements.

**A.      S-Y Europe Has Not Purposefully Availed Itself of the Privilege of Acting in the United States.**

The purposeful availment requirement protects a foreign-based defendant from being hauled into the United States court system solely due to random or attenuated contacts. *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012).  Likewise, the unilateral activity of a

third party cannot establish jurisdiction.  *Id.*  A defendant must have "engaged in some overt actions connecting [it] with the forum[]."  *Carrier Corp.*, 673 F.3d at 450 (citation omitted).  The relationship with the forum must be "substantial."  *LAK*, 885 F.2d at 1300.  It must invoke, by design, "the benefits and protections of [the forum's] laws."  *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Here, S-Y Europe is not connected with the United States in any substantial way. It is incorporated abroad.  (Girod Decl. ¶ 11.)  It has its principal place of business abroad. (*Id.* ¶ 1.)  It has never maintained an address, phone number, or fax number in the United States. (*Id.* ¶ 17.)  It has never owned or leased real estate in the United States.  (*Id.* ¶ 13.)  It has never had any subsidiaries in the United States.  (*Id.* ¶ 7.)  It has never conducted manufacturing activities in the United States (either directly or through subsidiaries).  (*Id.* ¶¶ 5, 15.)  It has never sold automotive wire harness systems, nor the parts defined as "automotive wire harness systems" in the CACs, for mass production of automobiles in the United States.[8]  (*Id.* ¶ 6.) Additionally, S-Y Europe has never maintained bank accounts or borrowed money in the United States, and has never sued or been sued in the United States (apart from this case).  (*Id.* ¶¶ 14, 16.)  And S-Y Europe has never engaged in any activity in those jurisdictions relating to the alleged activities that give rise to plaintiffs' claims.  (*See id.* ¶¶ 1, 6-17.)

Against this factual backdrop, plaintiffs' allegations fall woefully short.  Baldly stating that S-Y Europe "transacted business" in the United States, "directly or indirectly sold or marketed" products in the United States, and otherwise had "substantial aggregate contacts" in

---

[8]     Specifically, the CACs define "automotive wire harness systems" to include automotive wire harnesses, speed sensor wire assemblies, automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, electronic control units, fuse boxes, relay boxes, junction blocks, high voltage wiring, and power distributors.  (Direct Purchaser Compl. ¶ 10; Auto Dealer Compl. ¶ 3; End-Payor Compl. ¶ 3.)

the United States does not provide "*specific facts* showing" purposeful availment.[9]  *Children's Orchard, Inc.*, 2010 WL 2232440, at *3 (emphasis added); (Direct Purchaser Compl. ¶ 6; Auto Dealer Compl. ¶ 16; End-Payor Compl. ¶ 13).

   In similar circumstances, courts have dismissed cases because the purposeful availment requirement was not met.  The Sixth Circuit and courts in this District have found no purposeful availment where a defendant had no employees, offices, or business operations in the forum.  *See, e.g.*, *Kerry Steel*, 106 F.3d at 151 (finding no purposeful availment in part because the defendant did not have employees or offices in Michigan); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1238-39 (6th Cir. 1981) (finding no purposeful availment in part because the defendant never qualified to do business in, did not maintain offices in, did not lease real estate in, and did not borrow money in the United States); *GSI Group Inc. v. Glass Inc. Int'l*, No. 06-15396, 2007 WL 1008359, at *3-5 (E.D. Mich. Mar. 29, 2007) (finding no purposeful availment in part because the defendant did not have business operations in Michigan).

   The holdings from these cases apply equally here.  Plaintiffs have not made a *prima facie* showing that S-Y Europe "reached out" to the United States.  *Kerry Steel*, 106 F.3d at 151.  Thus, this Court may not exercise personal jurisdiction over S-Y Europe.

### B. Plaintiffs' Claims Do Not Arise From Any Contacts That S-Y Europe Had With The United States.

   To establish specific jurisdiction, plaintiffs must also show that their claims "arise from" S-Y Europe's contacts with the United States.  *See Calphalon Corp.*, 228 F.3d at 721.  In other words, plaintiffs must show their causes of action were "made possible by" or "lie in the

---

[9] Even allegations of some direct contacts—of which there are none—would be insufficient.  *See Kerry Steel*, 106 F.3d at 151 ("The mere fact that Paragon entered into a contract with a Michigan corporation does not mean that Paragon purposefully availed itself of the 'benefits and protections' of Michigan law.").

wake of" S-Y Europe's contacts with the United States. *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007) (citation omitted). Plaintiffs not only fail this basic requirement; they barely attempt to satisfy it.

Even putting aside plaintiffs' inadequate description of S-Y Europe's contacts with the United States (*see* pp. 4-7 above), plaintiffs do not—and cannot—allege the necessary linkage between those contacts and the conduct set forth in the CACs. The alleged antitrust violations did not arise from, were not "made possible by," and did not "lie in the wake of" contacts between S-Y Europe and the United States. *See id.* Indeed, while plaintiffs' theory rests on an alleged conspiracy in the automotive wire harness systems industry, S-Y Europe has never sold those systems or products for mass production of automobiles in the United States. (Girod Decl. ¶ 6.) As such, personal jurisdiction cannot lie.

## C. Exercising Jurisdiction Over S-Y Europe Would Be Unreasonable.

Finally, plaintiffs must also show that S-Y Europe's actions or the subsequent consequences had "a substantial enough connection with the forum" which would "make the exercise of jurisdiction … reasonable." *Calphalon Corp.*, 228 F.3d at 721. Jurisdiction is reasonable only when a balancing test is satisfied—that is, the "burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief" must weigh in favor of exercising jurisdiction. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987); *see also Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005). In *Asahi*, the Supreme Court cautioned that "'[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" *Asahi*, 480 U.S. at 115 (citation omitted). Accordingly, the Sixth Circuit has counseled district courts to "use particular caution" when extending jurisdiction over a foreign defendant. *Carrier Corp.*, 673 F.3d at 451.

Here, the exercise of personal jurisdiction would be unreasonable.  S-Y Europe is domiciled abroad and, among other things, has no offices in the United States.  (Girod Decl. ¶¶ 1, 10, 12.)  Forcing S-Y Europe to defend itself in what undoubtedly will be expensive and protracted antitrust litigation in a foreign country weighs heavily against finding specific jurisdiction.  *See Asahi*, 480 U.S. at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 797 (6th Cir. 1996) (noting the "[s]pecial concerns" that arise when a defendant is headquartered in another country and affirming dismissal for lack of personal jurisdiction).  Plaintiffs simply have not shown "a substantial enough connection" between S-Y Europe and the United States to make personal jurisdiction reasonable.  *See Calphalon Corp.*, 228 F.3d at 721.

In sum, plaintiffs have failed to meet their burden on any of the three elements that are necessary for this Court to exercise specific jurisdiction.

## II.     S-Y Europe Does Not Have Sufficient Minimum Contacts With the United States to Support This Court's Exercise of General Jurisdiction.

If plaintiffs' cursory allegations were intended to establish general jurisdiction over S-Y Europe, their efforts fall short.  Plaintiffs' boilerplate allegations of unspecified transactions, sales, and "aggregate contacts" utterly fails to show that S-Y Europe has "continuous and systematic contacts" with the United States that "render [it] essentially at home" in this country.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851-52 (2011); (*see* Direct Purchaser Compl. ¶ 6; Auto Dealer Compl. ¶ 16; End-Payor Compl. ¶ 13).  S-Y Europe is domiciled abroad (*see* Girod Decl. ¶ 1) and, given the dearth of other ties with the

United States, plaintiffs cannot seriously claim S-Y Europe is "at home" in the United States. This lack of meaningful contacts with the United States dooms any theory of general jurisdiction.

## III.    Plaintiffs Have Not Sufficiently Alleged That S-Y Europe Controls Or Is Controlled By Other Defendants.

Plaintiffs' allegations as to S-Y Europe's relationship with three other named defendants are rife with errors and often inconsistent.  First, the Direct Purchaser plaintiffs characterize S-Y Europe as part of a group of four defendants they call the "Yazaki Defendants." (*See* Direct Purchaser Compl. ¶¶ 56-60.)  In addition to S-Y Europe, the other members of this group allegedly include Yazaki Corporation, Yazaki North America, Inc., and S-Y Systems Technologies America, LLC ("S-Y America").[10]  The Direct Purchaser plaintiffs' attempt to link S-Y Europe with these three other defendants appears to rest solely on the fact that S-Y Europe was formed in 2001 as a joint venture between Yazaki Corporation and Siemens.  (*See id.* ¶ 58.) No allegation supports plaintiffs' presumption of some connection between S-Y Europe and the other two entities, Yazaki North America and S-Y America.

The Automobile Dealer and End-Payor plaintiffs lump these same four defendants into a group they call the "S-Y Systems and Yazaki Defendants."  (Auto Dealer Compl. ¶¶ 115-120; End-Payor Compl. ¶¶ 110-114.)  While these plaintiffs also point to Yazaki Corporation's role in forming S-Y Europe in 2001, they also seem to allege that S-Y Europe formerly controlled S-Y America (*see* Auto Dealer Compl. ¶ 117; End-Payor Compl. ¶ 112) -- an allegation that is entirely at odds with the Direct Purchaser plaintiffs' contention that S-Y America was controlled by Siemens or Yazaki Corporation during the class period.  (*See* Direct

---

[10]    S-Y America has been voluntarily dismissed from the cases without prejudice.

Purchaser Compl. ¶ 59.)  *None* of the plaintiffs describe a connection between S-Y Europe and Yazaki North America.

In the end, however, plaintiffs' muddled allegations are of no moment.  The bottom line is this: both in terms of form and substance, S-Y Europe is separate from Yazaki Corporation, Yazaki North America, and S-Y America.  S-Y Europe is not a parent or subsidiary of these companies (nor any other defendant), nor has it ever been.  (Girod Decl. ¶¶ 3, 4.)  Plaintiffs cannot gloss over this fact by grouping disparate firms together with arbitrary labels.

Plainly, to the extent that plaintiffs raise an "alter ego" or "veil piercing" theory to establish personal jurisdiction over S-Y Europe, the attempt fails.  Specific factual allegations are required to establish personal jurisdiction through this method, and plaintiffs set forth none.  *See Simsa v. Gehring L.P.*, No. 05-72159, 2006 WL 467914, at *4 (E.D. Mich. Feb. 24, 2006) (rejecting alter ego theory of personal jurisdiction where plaintiff "[did] not describe the alleged alter ego relationship between the Partnership and GmbH in any manner" and instead offered a single "conclusory allegation").

Plaintiffs here offer only a jumble of conclusory and often inconsistent allegations that are divorced from the facts.  They have not alleged enough to overcome the clear rule in the Sixth Circuit: when formal separation is maintained between two corporations, federal court jurisdiction is determined by the citizenship of the specific defendant, not the alleged parent or subsidiary.  *See Onyx Waste Servs. Inc. v. Mogan*, 203 F. Supp. 2d 777, 785 (E.D. Mich. 2002).  Here, S-Y Europe's foreign citizenship governs because it is separate from Yazaki Corporation, Yazaki North America, Inc., and S-Y America.

//

//

## **CONCLUSION**

For the reasons described above, the CACs should be dismissed against S-Y

Europe for lack of personal jurisdiction.


DATED:  July 13, 2012                              Respectfully submitted,


                                                   By:   _/s/ Michael J. Fanelli_
                                                         Anita F. Stork
                                                         COVINGTON & BURLING LLP
                                                         One Front Street, 35th Floor
                                                         San Francisco, CA 94111
                                                         Tel: (415) 591-6000
                                                         Fax: (415) 591-6091
                                                         astork@cov.com

                                                         Michael J. Fanelli
                                                         COVINGTON & BURLING LLP
                                                         1201 Pennsylvania Avenue, NW
                                                         Washington, DC 20004
                                                         Tel: (202) 662-6000
                                                         Fax: (202) 662-6291
                                                         mfanelli@cov.com

                                                         *Attorneys for Defendant*
                                                         S-Y Systems Technologies Europe
                                                         GmbH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2012, I caused the foregoing Motion and

Memorandum of Law in Support of Defendant S-Y Systems Technologies Europe GmbH's

Motion to Dismiss the Consolidated Amended Class Action Complaints for Lack of Personal

Jurisdiction and Declaration of Wolfgang Girod to be served upon Direct Purchaser Interim Lead

and Liaison Counsel, Automobile Dealer Interim Lead and Liaison Counsel, and End-Payor

Interim Lead and Liaison Counsel by filing said document via ECF in accordance with Case

Management Order No. 1.


Dated: July 13, 2012                     By:   /s/ *Michael J. Fanelli*
                                               Michael J. Fanelli

13