UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-MD-02311<br>Honorable Marianne O. Battani |
| PRODUCT(S):<br>WIRE HARNESS SYSTEMS |  |
| THIS DOCUMENT RELATES TO:<br>Direct Purchaser Actions | Lead Case No. W:12-cv-00101 |

**DIRECT PURCHASER PLAINTIFFS' RESPONSE IN OPPOSITION TO
KYUNGSHIN-LEAR'S MOTION TO DISMISS ALL COMPLAINTS**

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500

David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchaser Plaintiffs

Gregory P. Hansel
Randall B. Weill
Joshua R. Carver
PRETI, FLAHERTY, BELIVEAU & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300

Interim Lead Counsel for the Direct Purchaser Plaintiffs


# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ................................................................................ ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ................................................. iii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ................................................................................................................................ 1

    I.    LEGAL STANDARD UNDER TWOMBLY ..................................................................... 1

    II.    THE FACTS ALLEGED SATISFY THE TWOMBLY STANDARD .............................. 2

CONCLUSION .............................................................................................................................. 5

## **STATEMENT OF THE ISSUES PRESENTED**

Whether the Direct Purchaser Plaintiffs' Consolidated Amended Class Action Complaint ("CAC") alleges "sufficient facts to meet the requirements … for pleading a claim based on an antitrust conspiracy" as to Defendant Kyungshin-Lear Sales and Engineering, LLC satisfying Fed.R.Civ.P. 8 and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*"Twombly"*), where that CAC alleges:

- guilty pleas by multiple Defendants and key company executives to antitrust violations involving wire harnesses and related products;

- cease and desist orders and fines against multiple Defendants issued by the Japanese Fair Trade Commission;

- wire harness products investigations of Defendants by U.S., Japanese and European law enforcement entities;

- a market structure conducive to collusion; and

- opportunities to collude.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**CASES**

*In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

*In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133 (N.D. Cal. 2009)

*Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378 (S.D.N.Y. 2010)

*McNulty v. Reddy Ice Holdings, Inc.*, 2009 WL 1508381 (E.D. Mich. May 29, 2009), *rev'd on reconsideration on other grounds*, 2009 WL 2168231 (E.D. Mich. July 17, 2009)

*In re NASDAQ Market Makers Antitrust Litig.*, 894 F. Supp. 703 (S.D.N.Y. 1995)

*In re OSB Antitrust Litig.*, 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007)

*In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987 (E.D. Mich. 2010)

*In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011)

*In re Pressure Sensitive Label Stock Antitrust Litig.*, 566 F. Supp. 2d 363 (M.D. Pa. 2008)

*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 587 F. Supp. 2d 27 (D.D.C. 2008)

*In re Refrigerant Compressors Antitrust Litig.,* 795 F. Supp. 2d 647 (E.D. Mich. 2011)

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)

**OTHER AUTHORITIES**

Fed.R.Civ.P. 8

Rule 12(b)(6)

Sherman Act §1

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 1

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ........................................................ ii, 1, 2, 4

*Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378 (S.D.N.Y. 2010) .............................. 2

*In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ................. 1

*In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133 (N.D. Cal. 2009) ............................... 2

*In re NASDAQ Market Makers Antitrust Litig.*, 894 F. Supp. 703 (S.D.N.Y. 1995) ..................... 3

*In re OSB Antitrust Litig.*, 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007) ..................................... 2, 3

*In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987 (E.D. Mich. 2010) ................................ 4

*In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777 (N.D. Ohio 2011) ........................ 4

*In re Pressure Sensitive Label Stock Antitrust Litig.*, 566 F. Supp. 2d 363 (M.D. Pa. 2008) ......... 4

*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 587 F. Supp. 2d 27 (D.D.C. 2008) ................. 4

*In re Refrigerant Compressors Antitrust Litig.* 795 F. Supp. 2d 647 (E.D. Mich. 2011) ............... 4

*McNulty v. Reddy Ice Holdings, Inc.*, 2009 WL 1508381 (E.D. Mich. May 29, 2009),
   *rev'd on reconsideration on other grounds*, 2009 WL 2168231 (E.D. Mich. July 17, 2009) .... 2

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010) ........................................ 4

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010) .................................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 1

Federal Rule of Civil Procedure 8 .................................................................................................. 1

Federal Rule of Civil Procedure 8(a) .............................................................................................. 1

Federal Rule of Civil Procedure 8(a)(2) ......................................................................................... 1

**PRELIMINARY STATEMENT**

Defendant Kyungshin-Lear Sales and Engineering, LLC ("Kyungshin-Lear") argues that there are insufficient factual allegations particular to it in the Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("CAC") to satisfy Rule 8 of the Federal Rules of Civil Procedure. Kyungshin-Lear's position is untenable, however, as there is no requirement at the pleading stage that a plaintiff provide detailed conspiracy allegations for each defendant. As discussed below, the factual allegations set forth in the CAC are more than sufficient, under Rule 8(a), against all defendants.[1]

**ARGUMENT**

**I.   LEGAL STANDARD UNDER TWOMBLY**

Neither *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), nor *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), changed the pleading standard for a civil antitrust complaint. Indeed, *Twombly* confirmed that the notice pleading standard of Rule 8 applies to such actions and that "[Rule] 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" 550 U.S. at 555. Moreover, a complaint need not contain "detailed factual allegations," to survive a motion to dismiss under Rule 12(b)(6). *Id.* After an opportunity for meaningful discovery, a plaintiff will need to specifically "identify the people who acted on behalf of the various defendants" to the conspiracy, but a plaintiff "*cannot* be expected to know or allege such details at this early stage on the case; [and] neither *Twombly* nor any case decided under that holding suggests otherwise." *In re Aftermarket Filters Antitrust Litig.*, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 325 (2d Cir.

---

[1] Direct Purchaser Plaintiffs ("DP Plaintiffs") respectfully refer the Court to the factual recitation in Direct Purchaser Plaintiffs' Response in Opposition to Defendants' Collective Motion to Dismiss.

2010) (rejecting defendant's demand that plaintiff "identify the specific time, place, or person related to each conspiracy allegation"). This basic tenet has been adopted in this District. *See McNulty v. Reddy Ice Holdings, Inc.*, 2009 WL 1508381, at *5 (E.D. Mich. May 29, 2009), *rev'd on reconsideration on other grounds*, 2009 WL 2168231 (E.D. Mich. July 17, 2009).

In summarizing what is necessary at the pleading stage for a claim under Section 1 of the Sherman Act, the Supreme Court held:

> [S]tating such a claim requires a complaint with enough factual matter (taken as true) to ***suggest*** that an agreement was made [among defendants]. Asking for plausible grounds to infer an agreement, [however], does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a ***reasonable expectation that discovery will reveal evidence of illegal agreement***.

*Twombly,* 550 U.S. at 556. (Emphasis added.)

## II.     THE FACTS ALLEGED SATISFY THE TWOMBLY STANDARD

As described above, "[a]ntitrust conspiracy allegations need not be detailed defendant by defendant. Rather, an antitrust complaint should be viewed as a whole, and the plaintiff must allege that each individual defendant joined the conspiracy and played some role in it." *In re OSB Antitrust Litig.*, 2007 WL 2253419 (E.D. Pa. Aug. 3, 2007) (citations omitted); *see also In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1142 n.7 (N.D. Cal. 2009) ("For pleading purposes, allegations of antitrust conspiracy need not be detailed on a 'defendant by defendant' basis."). This was the state of the law pre-*Twombly*, *see id.*, and it is the law post-*Twombly*. *See Hinds County v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) (a "complaint must adequately allege the plausible involvement of each defendant and put defendants on notice of the claims against them, but it need not be detailed with overt acts by each defendant."). *Twombly* itself was a case involving allegations of conscious parallelism (*i.e.*, concerted action by defendants without an articulated agreement), and the Court dismissed that

2

action because the plaintiff did not plausibly allege the basis for any illicit agreement. 550 U.S. at 556-57. Here, however, the case involves an unlawful, overt price-fixing agreement among defendants, to which several of the defendants have already admitted their guilt.

Moreover, the CAC specifically alleges all defendants: (i) participated in meetings, conversations, and communications to discuss bids and price quotations for Wire Harness Products (¶ 108); (ii) agreed to allocate the supply of Wire Harness Products at those meetings (¶ 109); (iii) agreed to coordinate price adjustments (¶ 110); (iv) submitted bids, price quotations, and price adjustments in accordance with the conspiratorial agreements (¶ 111); and, (v) took measures to maintain the secretive nature of the unlawful conduct (¶ 114).[2] DP Plaintiffs are not required to specify individual acts of each defendant (*In re NASDAQ Market Makers Antitrust Litig.*, 894 F. Supp. 703, 712 (S.D.N.Y. 1995)), or detail conspiracy allegations defendant by defendant. *In re OSB Antitrust Litig.*, 2007 WL at \*5.

In addition, DP Plaintiffs' allegations are bolstered by the fact that: (i) the U.S. DOJ is continuing to investigate the anticompetitive conduct at issue here (¶ 115); (ii) the FBI has already raided the offices of defendants TRAM, Denso, and Yazaki (¶ 116); (iii) the Japanese Fair Trade Commission has already raided the offices of defendants Yazaki, Sumitomo, and Furukawa (¶ 118); (iv) defendant Furukawa has pled guilty and agreed to pay a $200 million fine, with three of its executives agreeing to serve time in the U.S. prison system (¶ 132); (v) defendant Yazaki has pled guilty and agreed to pay a $470 million fine, and four of its executives are now scheduled to serve time in the U.S. prison system (¶¶ 134-135); (vi) defendant Denso has pled guilty and agreed to pay a $78 million fine (¶ 136); and, (vii) defendant Fujikura has agreed to plead guilty and pay a $20 million fine (¶137). When an illegal price-fixing agreement

---

[2] The CAC specifically alleges that Defendant Kyungshin-Lear, like its co-conspirators, manufactures, markets, and distributes "Wire Harness Products" sold in the United States (¶ 40).

3

has been confirmed by confessions of alleged conspirators, the alleged conspiracy is certainly plausible. *In re Polyurethane Foam Antitrust Litig.*, 799 F. Supp. 2d 777, 798-99 (N.D. Ohio 2011).

Certainly these allegations, collectively, "raise a reasonable expectation that discovery will reveal evidence of illegal agreement" among the defendants, including Kyungshin-Lear. *See Twombly*, 550 U.S. at 556. Indeed, the holding in *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 587 F. Supp. 2d 27, 32 (D.D.C. 2008), is particularly instructive here:

> [The *Twombly*] complaint was properly dismissed . . . because it alleged violations of Section 1 based on "descriptions of parallel conduct and not on any independent allegation of actual agreement" . . . . The plaintiffs here allege[] substantially more. They allege that defendants entered into an agreement, that the agreement had the illicit purpose of fixing prices, and that the defendant actually used the agreed upon mechanism to restrain trade.

*Id.* (quoting *Twombly*, 550 U.S. at 564). Kyungshin-Lear would have this Court believe that *Twombly* imposes an obligation to specifically identify the time, place, and person as to each allegation of the conspiracy, but this is simply wrong. In an overt price-fixing case such as this one, especially one involving governmental investigations and guilty pleas, there is no requirement to plead time, place, and person. *See In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1006 (E.D. Mich. 2010); *In re Refrigerant Compressors Antitrust Litig.* 795 F. Supp. 2d 647, 661 (E.D. Mich. 2011) (finding that *Twombly* does not require heightened fact pleadings); *see also Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 325 (2d Cir. 2010) (specifically rejecting the time, place, and person argument suggested herein); *In re Pressure Sensitive Label Stock Antitrust Litig.*, 566 F. Supp. 2d 363, 372 (M.D. Pa. 2008) (concluding that *Twombly* did not impose a heightened pleading standard).

## **CONCLUSION**

DP Plaintiffs have alleged facts sufficient to plead a price-fixing conspiracy among all defendants, several of which have pled guilty, paid substantial fines, and have employees serving jail time. The complaint in this case easily surpasses the bar set by *Twombly* and Rule 8(a). The motion to dismiss should be denied.

Dated: September 11, 2012

Respectfully Submitted,

By: /s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel for the DP Plaintiffs*

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700
jkohn@kohnswift.com

Steven A. Kanner
William H. London
Michael E. Moskovitz
Michael L. Silverman
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
skanner@fklmlaw.com

Gregory P. Hansel
Randall B. Weill
Joshua R. Carver
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS LLP
One City Center, P.O., Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
 & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 496-0300
espector@srkw-law.com

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2012, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

<div style="text-align:right">

FINK + ASSOCIATES LAW

By: /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Interim Liaison Counsel for DP Plaintiffs
100 West Long Lake Road, Suite111
Bloomfield Hills, MI  48304
(248) 971-2500
dfink@finkandassociateslaw.com

</div>