```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
 2                   SOUTHERN DIVISION

 3                     ─   ─   ─
      IN RE:  AUTOMOTIVE PARTS
 4    ANTITRUST LITIGATION
                                    Case No. 12-02311
 5         MDL NO. 2311
                                    Hon. Marianne O. Battani
 6    _____/

 7                 STATUS CONFERENCE

 8       BEFORE THE HONORABLE MARIANNE O. BATTANI
                United States District Judge
 9        Theodore Levin United States Courthouse
              231 West Lafayette Boulevard
10                  Detroit, Michigan
              Friday, September 14, 2012
11

12    APPEARANCES:

13    For the               WILLIAM G. CALDES
      Direct Purchaser      SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
14    Plaintiffs:           1818 Market Street, Suite 2500
                            Philadelphia, PA  19103
15                          (215) 496-0300

16                          MANUEL J. DOMINGUEZ
                            COHEN MILSTEIN
17                          3507 Kyoto Gardens Drive, Suite 200
                            Palm Beach Gardens, FL  33410
18                          (561) 578-6850

19                          DAVID H. FINK
                            FINK + ASSOCIATES LAW
20                          100 West Long Lake Road, Suite 111
                            Bloomfield Hills, MI  48304
21                          (248) 971-2500

22                          GREGORY P. HANSEL
                            PRETI, FLAHERTY, BELIVEAU &
23                          PACHIOS, L.L.P.
                            One City Center
24                          Portland, ME  04112
                            (207) 791-3000

25
```

Status Conference • September 14, 2012

2

```
 1  │  Appearances:

 2  │  For the                GREGORY P. HANSEL
    │  Direct Purchaser        PRETI, FLAHERTY, BELIVEAU &
 3  │  Plaintiffs:            PACHIOS, L.L.P.
    │                          One City Center
 4  │                          Portland, ME  04112
    │                          (207) 791-3000
 5  │
    │                          BRENT W. JOHNSON
 6  │                          COHEN MILSTEIN
    │                          1100 New York Avenue NW, Suite 500 West
 7  │                          Washington, D.C.  20005
    │                          (202) 408-4600
 8  │
    │                          STEVEN A. KANNER
 9  │                          FREED, KANNER, LONDON & MILLEN, L.L.C.
    │                          2201 Waukegan Road, Suite 130
10  │                          Bannockburn, IL  60015
    │                          (224) 632-4502
11  │
    │                          JOSEPH C. KOHN
12  │                          KOHN, SWIFT & GRAF, P.C.
    │                          One South Broad Street, Suite 2100
13  │                          Philadelphia, PA  19107
    │                          (215) 238-1700
14  │
    │                          WILLIAM H. LONDON
15  │                          FREED, KANNER, LONDON & MILLEN, L.L.C.
    │                          2201 Waukegan Road, Suite 130
16  │                          Bannockburn, IL  60015
    │                          (224) 632-4504
17  │
    │                          MELISSA H. MAXMAN
18  │                          COZEN O'CONNOR
    │                          1627 I Street NW, Suite 1100
19  │                          Washington, D.C.  20006
    │                          (202) 912-4800
20  │
    │                          STEVEN O. SIDENER
21  │                          GOLD, BENNET, CERA & SIDENER, L.L.P.
    │                          595 Market Street, Suite 2300
22  │                          San Francisco, CA  94105
    │                          (415) 777-2230
23  │
    │                          EUGENE A. SPECTOR
24  │                          SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
    │                          1818 Market Street, Suite 2500
25  │                          Philadelphia, PA  19103
    │                          (215) 496-0300
```

```
 1   Appearances:

 2   For the                JASON J. THOMPSON
     Direct Purchaser       SOMMERS SCHWARTZ, P.C.
 3   Plaintiffs:            2000 Town Center, Suite 900
                            Southfield, MI  48075
 4                          (248) 355-0300

 5                          RANDALL B. WEILL
                            PRETI, FLAHERTY, BELIVEAU &
 6                          PACHIOS, L.L.P.
                            One City Center
 7                          Portland, ME  04112
                            (207) 791-3000
 8
     For the                WARREN T. BURNS
 9   End-Payor              SUSMAN GODFREY, L.L.P.
     Plaintiffs:            901 Main Street, Suite 5100
10                          Dallas, TX  75202
                            (214) 754-1928
11
                            LORENZO B. CELLINI
12                          TYCKO & ZAVEREEI, L.L.P.
                            2000 L Street NW, Suite 808
13                          Washington, D.C.  20036
                            (202) 973-0900
14
                            FRANK C. DAMRELL
15                          COTCHETT, PITRE & McCARTHY, L.L.P.
                            840 Malcolm Road
16                          Burlingame, CA  94010
                            (650) 697-6000
17
                            LAUREN E. MEKLIR
18                          THE MILLER LAW FIRM, P.C.
                            950 West University Drive, Suite 300
19                          Rochester, MI  48307
                            (248) 841-2200
20
                            ALYSON OLIVER
21                          KRESCH OLIVER, P.L.L.C.
                            21400 Southfield Road, Suite 305
22                          Southfield, MI  48075
                            (248) 327-6556
23
                            BERNARD PERSKY
24                          LABATON SUCHAROW
                            140 Broadway Avenue
25                          New York, NY  10005
                            (212) 907-0700
```

Status Conference • September 14, 2012

```
 1   Appearances:

 2   For the                WILLIAM V. REISS
     End-Payor              LABATON SUCHAROW
 3   Plaintiffs:            140 Broadway Avenue
                            New York, NY  10005
 4                          (212) 907-0858

 5                          ADAM T. SCHNATZ
                            THE MILLER LAW FIRM, P.C.
 6                          950 West University Drive, Suite 300
                            Rochester, MI  48307
 7                          (248) 841-2200

 8                          ADAM J. ZAPALA
                            COTCHETT, PITRE & McCARTHY, L.L.P.
 9                          840 Malcolm Road
                            Burlingame, CA  94010
10                          (650) 697-6000

11   For the                BRENDAN FREY
     Dealership             MANTESE, HONIGMAN, ROSSMAN & WILLIAMSON,
12   Plaintiffs:            P.C.
                            1361 East Big Beaver Road
13                          Troy, MI  48083
                            (248) 457-9200
14
                            GERARD V. MANTESE
15                          MANTESE, HONIGMAN, ROSSMAN &
                            WILLIAMSON, P.C.
16                          1361 East Big Beaver Road
                            Troy, MI  48083
17                          (248) 457-9200

18                          SHAWN M. RAITER
                            LARSON KING, L.L.P.
19                          30 East Seventh Street, Suite 2800
                            Saint Paul, MN  55101
20                          (651) 312-6500

21                          VICTORIA ROMANENKO
                            CUNEO, GILBERT & LaDUCA, L.L.P.
22                          507 C Street NE
                            Washington, D.C.  20002
23                          (202) 789-3960

24

25
```

```
 1    Appearances:

 2    For the                    BRIAN M. AKKASHIAN
      Defendants:                PAESANO AKKASHIAN, P.C.
 3                               132 North Old Woodward Avenue
                                 Birmingham, MI  48009
 4                               (248) 792-6886
                                    on behalf of JTekt
 5

 6                               PETER E. BOIVIN
                                 HONIGMAN, MILLER, SCHWARTZ AND COHN,
 7                               L.L.P.
                                 660 Woodward Avenue, Suite 2290
 8                               Detroit, MI  48226
                                 (313) 465-7396
 9                                  on behalf of NKF Americas

10

11                               STEVEN L. CROW
                                 SCHAEFFLER GROUP USA, INC.
12                               308 Springhill Farm Road
                                 Fort Mill, SC  29715
13                               (803) 548-8532
                                    on behalf of Schaeffler Group USA

14

15                               KENNETH R. DAVIS, II
                                 LANE POWELL, P.C.
16                               601 SW Second Avenue, Suite 2100
                                 Portland, OR  97204
17                               (503) 778-2100
                                    on behalf of Furukawa Electric Company

18

19                               DAVID P. DONOVAN
                                 WILMER, CUTLER, PICKERING, HALE and
20                               DORR, L.L.P.
                                 1875 Pennsylvania Avenue NW
21                               Washington, D.C.  20006
                                 (202) 663-6868
22                                  on behalf of Denso Corporation

23

24

25
```

```
 1    Appearances:

 2    For the                PETER M. FALKENSTEIN
      Defendants:            JAFFE, RAITT, HEUER & WEISS, P.C.
 3                           27777 Franklin Road, Suite 2500
                             Southfield, MI  48034
 4                           (248) 351-3000
                               on behalf of Kyungshin-Lear Sales and
 5                               Engineering

 6                           JAMES P. FEENEY
                             DYKEMA GOSSETT, P.L.L.C.
 7                           39577 Woodward Avenue, Suite 300
                             Bloomfield Hills, MI  48304
 8                           (248) 203-0841
                               on behalf of TRW Holdings
 9
                             MICHELLE K. FISCHER
10                           JONES DAY
                             51 Louisiana Avenue NW
11                           Washington, D.C.  20001
                             (202) 879-4645
12                             on behalf of Yazaki North America,
                                 Incorporated
13
                             ANDREW GALDES
14                           LATHAM & WATKINS, L.L.P.
                             555 Eleventh Street NW, Suite 1000
15                           Washington, D.C.  20004
                             (202) 637-2200
16                             on behalf of Sumitomo Electric
                                 Industries, Limited
17
                             LARRY S. GANGNES
18                           LANE POWELL, P.C.
                             1420 Fifth Avenue, Suite 4100
19                           Seattle, Washington  98101
                             (206) 223-7000
20                             on behalf of Furukawa Electric Company

21                           HOWARD B. IWREY
                             DYKEMA GOSSETT, P.L.L.C.
22                           39577 Woodward Avenue, Suite 300
                             Bloomfield Hills, MI  48304
23                           (248) 203-0526
                               on behalf of Lear Corporation
24

25
```

```
 1   Appearances:

 2   For the                SHELDON H. KLEIN
     Defendants:            BUTZEL LONG, P.C.
 3                          41000 Woodward Avenue
                            Bloomfield Hills, MI  48304
 4                          (248) 258-1414
                              on behalf of Tokai Rika America (TRAM)
 5
                            PETER KONTIO
 6                          ALSTON & BIRD, L.L.P.
                            1201 West Peachtree Street
 7                          Atlanta, GA  30309
                            (404) 881-7000
 8                            on behalf of Autolive

 9                          JOHN M. MAJORAS
                            JONES DAY
10                          51 Louisiana Avenue NW
                            Washington, D.C.  20001
11                          (202) 879-3939
                              on behalf of Yazaki North America,
12                            Incorporated

13                          WILLIAM A. SANKBEIL
                            KERR, RUSSELL & WEBER, P.L.C.
14                          500 Woodward Avenue, Suite 2500
                            Detroit, MI  48226
15                          (313) 961-0200
                              on behalf of Fujikura America,
16                            Incorporated

17                          ROBERT J. WIERENGA
                            SCHIFF HARDIN, L.L.P.
18                          350 South Main Street, Suite 210
                            Ann Arbor, MI  48104
19                          (734) 222-1507
                              on behalf of TK Holdings, Inc.
20
                            STEPHANIE K. WOOD
21                          WILMER, CUTLER, PICKERING, HALE & DORR,
                            L.L.P.
22                          1875 Pennsylvania Avenue NW
                            Washington, D.C.  20006
23                          (202) 663-6099
                              on behalf of Denso International
24                            America

25
```

 1  Detroit, Michigan

 2  Friday, September 14, 2012

 3  at about 10:01 a.m.

 4                       —   —   —

 5          (Court and Counsel present.)

 6          THE CASE MANAGER:  All rise.

 7          The United States District Court for the Eastern

 8  District of Michigan is now in session, the Honorable

 9  Marianne O. Battani is presiding.

10          All those having business before this Court, please

11  draw near and you shall be heard.  God save these United

12  States and this Honorable Court.

13          You may be seated.

14          The Court calls the Automotive Parts Antitrust

15  Litigation.

16          THE COURT:  Good morning.

17          ATTORNEYS:  (Collectively) Good morning.

18          THE COURT:  You know, the only time we get that

19  whole thing is when you're here.

20          Okay.  Let's see.  First of all, welcome.  I didn't

21  know how many of you were going to come.  I didn't know --

22  the defendants are in their usual place, right?  These are --

23  okay, but I'm glad that you are all here because if there is

24  anything that we need on anything to discuss we can take care

25  of it.

Status Conference • September 14, 2012

**9**

1        The first item on the agenda I thought may have

2   caused a little bit of confusion, but we did just receive the

3   documents with the -- showing who was served in the wire

4   harness cases so that really is done.

5        The next issue is if somebody could fill me in

6   on -- I guess we could talk about fuel senders, heating

7   control panels and instrument panels at once.

8        MR. FINK:  Your Honor, David Fink for the direct

9   purchaser plaintiffs.

10        Joe Kohn for the direct -- one of the co-leads will

11   speak to that.

12        THE COURT:  Okay.

13        MR. KOHN:  If it pleases the Court, Joseph Kohn

14   from Kohn, Swift & Graf for the direct purchasers.

15        With respect to the fuel senders, heater control

16   panels, instrument panel clusters, as to the direct purchaser

17   cases, maybe starting from D, instrument panel clusters, both

18   defendants -- all defendants in that case have been served or

19   accepted service.

20        With respect to the heater control panels, the

21   defendants have been served in the indirect cases as to all

22   the defendants, the U.S. and the foreign defendant.  In the

23   direct purchaser case, the U.S. defendant, Denso

24   International America, Inc., has accepted service, and we

25   have undertaken the Hague service with respect to the foreign

1   entity.

2          We would, as I guess it was attributed to

3   Yogi Berra, whether he actually said it or not, déjà vu all

4   over again, but perhaps we could revisit an issue that we

5   talked about in the initial conference in wire harness that

6   whether given the fact that, A, the U.S. entity has been

7   served; B, the foreign entity has been served with one of the

8   underlying complaints, albeit in the indirect cases; C, the

9   Hague process is underway and will occur, whether we might be

10   able to persuade Denso to accept service for Denso Corp., the

11   foreign company.

12          Again, this is an issue that may arise also with

13   the later cases further down in the agenda where you will

14   have that situation where a complaint will be served, whether

15   by the direct purchasers or the indirect purchasers, on the

16   foreign entity through the Hague.  Do we really need to go

17   through the exercise of having those multiple or seriatim

18   complaints served, so we would raise that as a topic of

19   discussion today.

20          At this point there is not a direct purchaser fuel

21   sender action.

22          THE COURT:  Okay.  Anybody else?  Any comments

23   on --

24          MR. DAMRELL:  Your Honor, Frank Damrell for the end

25   payors.

1        With respect to the instrument panel clusters case,

2  the heater control panels case and fuel senders, all

3  defendants have been served.

4        THE COURT:  Okay.  Wonderful.

5        MR. RAITER:  Good morning, Your Honor.

6  Shawn Raiter from Larson King on behalf of the dealers.

7        With respect to the fuel senders, heater control

8  panels and instrument panel cluster cases, we have the

9  domestic corporations served and we have got Hague service

10  underway on the foreign defendants.

11        THE COURT:  Okay.  You want to talk, Mr. Kohn,

12  right now about whether we need to go through all of this

13  with the Hague for the others?  I don't know, do we have any

14  of those defendants --

15        MR. KOHN:  I think -- Your Honor, from our

16  perspective it was really just the Denso Corporation with

17  respect to the heater control panels.  I do see some counsel

18  for some of the auto safety defendants here as well -- or

19  defendant.

20        Your Honor, I think given the -- I don't want to

21  repeat myself but I think the fact that a complaint has been

22  served pursuant to the Hague, there are other methods that

23  could be used as well, and we just think it is simply a

24  matter of timing and delay.  That is an entity that is before

25  this Court with respect to other cases as well as the

1    government actions, and we would just urge --

2         THE COURT:  It is Denso only?

3         MR. KOHN:  Denso Corporation with the heater

4    control panels is the only one on the Roman numeral I.

5         THE COURT:  Anyone here for Denso?

6         MR. DONOVAN:  Yes, Your Honor.

7         THE COURT:  Do you want to go to the microphone?

8         MR. DONOVAN:  Dave Donovan from Wilmer, Cutler,

9    Pickering, Hale & Dorr on behalf of Denso.

10         Your Honor, I'm pinch hitting for my partner today.

11    I'm happy to raise this with our client.  It seems to me

12    something that we certainly ought to raise with our client

13    and see if they are amenable to for the reasons that

14    plaintiffs' counsel has articulated.

15         THE COURT:  All right.  Let me give you some time

16    to raise it with your client.  It seems perfectly reasonable.

17    I don't want to order this, if I even could order this, but

18    since your client certainly has notice of it and has the

19    other auto parts, why don't you deal with your client.  Could

20    you send either a notice of accepting service or something

21    that you could file online so everybody would know that you

22    did it?  Otherwise, would you send me a letter, copy to

23    appropriate counsel, so we can see how the delay is or if

24    there is some other way of doing this?

25         MR. DONOVAN:  Certainly, Your Honor.  We will keep

Status Conference • September 14, 2012

13

1   everybody apprised of -- we will certainly raise it and keep

2   everyone apprised of the decision.

3          THE COURT:  Okay.  Do you think you can do that in

4   seven days?

5          MR. DONOVAN:  Certainly.

6          THE COURT:  Let's make the deadline then one week

7   from today.

8          MR. DONOVAN:  Okay.  Thank you, Your Honor.

9          MR. RAITER:  Your Honor, Shawn Raiter, again, on

10  behalf of the dealerships.

11         The same issue applies for us as to Yazaki.  The

12  end payors apparently have accomplished service via the Hague

13  on the Yazaki foreign entity and so the same issue is

14  present.  We have service out for Yazaki foreign in the other

15  cases, and we would ask that they too consider accepting

16  service on behalf of the foreign entity.

17         THE COURT:  Do we have somebody here from Yazaki?

18         MS. FISCHER:  Yes, Your Honor.  Your Honor, I

19  understood the auto dealers to say that Hague service was

20  already underway; is that correct?

21         MR. RAITER:  Yes, it is.

22         MS. FISCHER:  If it is already underway then --

23  Michelle Fischer.

24         If it is already underway we would ask that the

25  process be completed; if it is not, we are happy to raise it

1   with our client, but it sounds like it is already in process.

2        THE COURT:  All right.  Well, then here is my

3   ignorance because in progress, what does that mean at the

4   Hague?

5        MR. RAITER:  It means that it is -- again,

6   Shawn Raiter.

7        It means that the translated complaint has gone out

8   for service.  The process though takes four to six months to

9   complete, and that's the problem.  Are we going to sit around

10  and wait for something that is inevitable for a foreign

11  entity that has already been served and already before the

12  Court?  That's our issue.

13       THE COURT:  Let me do the same thing with you,

14  would you go back to your clients, please, and in seven days

15  let us know if they would accept service regardless of the

16  fact that it is already in the process in the Hague?

17       MS. FISHER:  Yes, Your Honor.

18       THE COURT:  Okay.  Anybody else?

19       (No response.)

20       THE COURT:  All right.  Then we are onto item

21  number 2, which is the case management orders for the fuel

22  senders, heating control panels and instrument panel

23  clusters.  Now, we have done this for the wire harness.  I

24  want to know, can we follow that same template for these

25  other entities?  Who is -- Mr. Fink, are you speaking for --

Status Conference • September 14, 2012

1          MR. FINK:  Actually, I believe that Judge Damrell

2    is going -- Judge Damrell will speak to this.

3          THE COURT:  Okay.

4          MR. FINK:  And -- well, I won't hint at the answer.

5          THE COURT:  Okay.

6          MR. DAMRELL:  Your Honor, I think we have reached

7    agreement as to the contents of all of these orders, and as

8    recently as of this morning we reached a final agreement with

9    respect to the initial disclosure of the DOJ documents, that

10   was the only thing outstanding between the parties.  Somebody

11   was going to mention that.  Do you want to recite -- that is

12   the only thing outstanding.  We have reached agreement as to

13   the contents of the discovery plan, the expert stipulation,

14   protective order, ASI stipulation and the dates for the

15   consolidated complaints.

16         THE COURT:  Okay.

17         MR. DAMRELL:  Those are all in agreement, and those

18   proposed orders will be submitted to you I presume Monday or

19   Tuesday, but there was one outstanding issue that relates to

20   the disclosure of DOJ documents that we had some differences

21   about but we resolved that this morning.

22         THE COURT:  All right.  Let me hear that.  Thank

23   you, Judge -- oops, I shouldn't say that.  Mr. Damrell.

24   Sorry.

25         MR. DONOVAN:  Dave Donovan, again, on behalf of

1    Denso.

2           The agreement reached this morning, Your Honor, is

3    that the translated documents that were produced to the

4    Department of Justice regarding the product at issue in each

5    of these tracks would be produced by November 16th, and then

6    the remaining documents produced to the Department of Justice

7    regarding the products at issue in each track will be

8    produced between January 14th and April 15th, 2013.  So it is

9    actually a little -- in fact, it is a lot quicker for

10   production of some of the documents and gives us a little

11   more room on the back end for the production of the rest.

12          THE COURT:  Good.

13          MR. DONOVAN:  And it is acceptable, I think, to

14   everybody.

15          MR. DAMRELL:  I agree for the plaintiffs.

16          THE COURT:  Everybody agree with this?

17          MR. FINK:  Yes, Your Honor, for the direct

18   plaintiffs definitely.

19          And I should note because we didn't actually answer

20   the direct question the Court asked, yes, the proposed case

21   management order, which is just about done now, does follow

22   the template of the wire harness CMO.

23          THE COURT:  Okay.

24          MR. RAITER:  And that's also acceptable to the

25   dealers, Your Honor.

1          THE COURT:  All right.  Thank you.  Wow, that was

2    easy.

3          Let me ask you though what these dates are.  I'm

4    interested in the dates, the dates for the consolidated

5    amended complaint.  Anybody have any idea what that is yet?

6          MR. FINK:  Your Honor, Billy London has been

7    working on that with us, and he has dates.  I could guess.

8          THE COURT:  No, that's okay.  Mr. London?

9          MR. LONDON:  Yes.  Good morning, Your Honor.

10         In the three different cases what we have done is

11   we have staggered them slightly so that --

12         THE COURT:  Good.

13         MR. LONDON:  -- the briefing on all of them for the

14   ease of the Court and the ease of the parties.

15         I believe the heating control panels will be filed

16   90 days after the entry  of the CMO.

17         UNIDENTIFIED DEFENSE COUNSEL:  That's instrument

18   panel clusters.

19         MR. LONDON:  Oh, instrument panel clusters will be

20   90 days and the heating control panels will be 95 days.

21         THE COURT:  Wait a minute.  The panel clusters are

22   90 days?

23         MR. LONDON:  Correct.

24         THE COURT:  Okay.

25         MR. LONDON:  The heating control panels will be

1  95 days, and I'm not 100 percent sure about fuel senders but

2  I thought it was 111 days.

3          THE COURT:  Okay.  That gives me an idea though,

4  close enough.  You will put the exact dates in the --

5          MR. LONDON:  Right.  They will be in the orders

6  that will be submitted to Your Honor on Tuesday.

7          THE COURT:  Okay.  Very good.  It is helpful to

8  have a little bit of a staggering anyway, one, because when

9  you get to file your 12(b) motions, as has been happening in

10  the wire harness cases, it just helps to have a few days.  It

11  also helps us because of the law clerk situation.

12          I don't know if you know this, we had some

13  difficulty with getting another law clerk, we don't -- I was

14  not at this point allowed another law clerk.  So I have the

15  luxury of being a senior status judge now, and so what I have

16  done is simply cut my caseload so that I could handle this.

17  So, I mean, I hope to be able to get back up but until

18  somebody finds some money in the budget to give us an extra

19  law clerk we are going to go along this way and hopefully be

20  able to handle it.  I don't know yet how that's going to

21  work, but anyway that's not your problem, that's our problem,

22  but just to let you know I appreciate the staggering in that.

23          Okay.  Does anybody else have any other comments?

24  Wait a minute.  We have some motions -- what is 238?  Oh,

25  agenda item 3.  Okay.  We are talking now about agenda item

1   number 3 on oral argument date.  We had anticipated

2   December 5th or are suggesting December 5th.

3          By the way, I want to go back.  That November 29th

4   date that you had suggested, that date, the November 29th

5   afternoon, I can still give you if you want a status

6   conference but we will talk about that later, but I thought

7   we needed two days -- two separate afternoons for the

8   arguments for no other reason than I like to be fresh so that

9   I'm not so tired at the end that I don't want to listen to

10  whatever that last argument is.  That's a personal thing, but

11  I did it two afternoons so that if some of you are here from

12  out of town hopefully that would be easier for you.  If

13  that's a problem I want to know about this now so if you want

14  a week in between or something just let me know this, but

15  right now we have picked December 5th and December 6th.

16          Now, I understand that one of the motions -- oh, it

17  is not even listed on here, has been withdrawn.  And 358 --

18  358, I'm not sure who that -- what motion that is?  You need

19  a new briefing schedule.  Thank you.  Yazaki's motion to

20  dismiss.

21          MS. FISHER:  Your Honor, that merely joined in the

22  existing motion to dismiss, we don't need a new briefing

23  schedule, we adopted all of the --

24          THE COURT:  You are just joining in?

25          MS. FISHER:  Yes.  Yazaki Corporation had not been

1    served by the auto dealers, once service was effected we just

2    joined in the existing briefing.

3         THE COURT:  All right.  Thank you very much.

4         The other thing is that these motions now I have

5    changed to the morning, 10:00, in case we need more time on

6    them.  Okay.  Anybody have any problem or is that acceptable?

7    I'm assuming you have been able to check your calendar by

8    now.  Everybody is okay with that?

9         (No response.)

10        THE COURT:  Okay.  We'll schedule those two dates,

11   and we will keep our fingers crossed that we won't have any

12   snow days or anything like that to interfere with this.

13        All right.  The next item really is probably very

14   confusing to you and it is because we had -- this is

15   objection cutoff dates on the occupant safety restraint

16   system and bearings, there was a little mix up here.

17   Remember we had talked before at the last meeting, I think

18   these are going to be right in with our same counsel unless

19   there were some objections.  That final order which the Court

20   entered allowed for a period of objection, and we weren't

21   sure that that date was passed but I do think now that that

22   date is passed.

23        So as to the occupant safety restraint system and

24   bearings, what's going on at this point with those two areas?

25   Who is going to speak to that?

| | |
|---|---|
| 1 | MR. FINK:  Steve Kanner will speak to that, Your |
| 2 | Honor, for the direct purchaser plaintiffs. |
| 3 | THE COURT:  Mr. Kanner? |
| 4 | MR. KANNER:  Good morning, Your Honor. |
| 5 | THE COURT:  Good morning. |
| 6 | MR. KANNER:  Steve Kanner on behalf of direct |
| 7 | purchaser plaintiffs. |
| 8 | What is going on, I'm happy to report, is nothing. |
| 9 | THE COURT:  Good. |
| 10 | MR. KANNER:  And by that, not to be cute, there |
| 11 | have been no objections.  Our collective ears are to the |
| 12 | ground.  No counsel has indicated any objections to us.  We |
| 13 | know of no other actions.  As far -- certainly as far as |
| 14 | bearings I think we are in good shape, all the parties that |
| 15 | are now in bearings have agreed to the arrangements, and |
| 16 | certainly that would hold true for all of the parties who |
| 17 | have filed in the safety occupant system cases. |
| 18 | THE COURT:  And how about service in those cases? |
| 19 | MR. KANNER:  Service is underway.  As you heard |
| 20 | earlier, the Hague system, while effective, is |
| 21 | extraordinarily time consuming.  I'm aware of Hague service |
| 22 | that went ten months to a year. |
| 23 | THE COURT:  Wow. |
| 24 | MR. KANNER:  So -- |
| 25 | THE COURT:  These are all new defendants so we |

1    can't --

2              MR. KANNER:  They are, they are.  So we are -- we

3    are exploring the best ways to accomplish service expediently

4    and within the terms of the Sixth Circuit, and we will

5    explore every opportunity.

6              THE COURT:  Okay.

7              MR. KANNER:  Thank you very much, Your Honor.

8              THE COURT:  Okay.

9              MR. DAMRELL:  Your Honor, as to the end payors, we

10   have accomplished service with a number of defendants, and we

11   expect to have service as to all defendants by the date of --

12   is the hearing going to be on the 29th of November?

13             THE COURT:  We'll talk about that in just a minute.

14             MR. DAMRELL:  If it is around that date we will

15   assume it will be completed by the end of November, all

16   service.

17             THE COURT:  Good.  So at that point we would be

18   ready to look at all the same issues again?

19             MR. DAMRELL:  We'll be back doing the same thing

20   with those defendants, yes.

21             THE COURT:  Okay.

22             MR. RAITER:  Shawn Raiter, again, on behalf of the

23   dealers.

24             We have domestic service on the occupant safety

25   systems and the bearings, foreign service is underway as

1  well, and we too have not heard any objection to the

2  appointment of our group as dealer interim lead counsel, and

3  all agree to the structure that we have in place for the

4  other cases as well.

5       THE COURT:  Okay.  Can I ask a question just out of

6  curiosity?  When you go to the Hague, do you have an attorney

7  there that you retain or do one of you take a trip?

8       MR. KOHN:  Your Honor, if I may?  Joseph Kohn,

9  again.

10      There are commercial services that --

11      THE COURT:  That do that?

12      MR. KOHN:  -- do the work, and it is different

13  procedures in different countries and they have to go through

14  sometimes the counsel at the embassies, that sort of thing.

15      THE COURT:  Interesting.

16      MR. KOHN:  While we are on this topic, as to the

17  direct purchasers and occupant safety restraints, also the

18  domestic U.S. company one defendant, AutoLive, has been

19  served or has accepted service.  And if we could make the

20  same request of the counsel, I do notice our colleagues on

21  the defense for AutoLive are in court.  They have been served

22  in the foreign defendants with the indirect -- at least one

23  of the indirect cases.  If we could make the same request,

24  would they again reconsider accepting for their foreign

25  entities?  We have made the request, and we have served the

```
 1    domestic American corporations.
 2              THE COURT:  Are you here?
 3              MR. SANKBEIL:  William Sankbeil for AutoLive.
 4              We would consider and speak to the client about
 5    it.
 6              THE COURT:  All right.
 7              MR. SANKBEIL:  I assume you will implement the same
 8    procedure that you talked of before?
 9              THE COURT:  Absolutely.  Very good.  I appreciate
10    that cooperation.  It just makes sense that we don't fool
11    around with the service issue when people are already served
12    with part of this.
13              Okay.  I'm going to dare to ask this question, I
14    have not myself heard of the status of further investigation
15    regarding different parts, but I'm assuming that if that is
16    going on you have heard of that.  Is there something coming
17    down or are we pretty well set?  Does anybody know, or if you
18    can say?  I don't know.
19              MR. HANSEL:  May it please the Court, good morning,
20    Your Honor.  Greg Hansel for the direct purchaser plaintiffs.
21              We are aware of numerous other products that are
22    under investigation from such sources as news reports, 10-K
23    filings by publicly-traded companies, statements made by
24    different governmental authorities in Japan, the United
25    States, Europe and Canada, and we are closely monitoring all
```

1    of those developments.

2            As the Court observed in the last hearing, there

3    are 14,000 parts in a car and we do not believe it will reach

4    that level.

5            THE COURT:  Okay.

6            MR. HANSEL:  But even though we expect there to be

7    more cases coming down the pike, there is a bona fide

8    question for the plaintiffs, without going into too much, you

9    know, work product or strategy, there is a bona fide question

10   about when it is appropriate to file a case.  And, of course,

11   we don't want to bring a case unless we feel that it meets a

12   standard of factual and legal development that is

13   appropriate.  That's a little vague.  If there is any more

14   particular question I will be happy to address it, Your

15   Honor.

16           THE COURT:  No, no, because I had heard the

17   investigation was ongoing but really to be honest I did not

18   know if there were -- how many other parts, what parts, but I

19   appreciate what you are saying that there probably will be a

20   few more parts before we are done with this.  Okay.

21           MR. HANSEL:  Thank you.

22           THE COURT:  I look at it because looking ahead to

23   try to reach a resolution of this matter, which is hard for

24   me to fathom except that, you know, it is a car so we have to

25   have everything there.  I can't see that we are going to be

1   settling with one part and not other parts.  I see this as

2   some kind of global settlement.  I mean, we could do it

3   separately but I would like to see this in the end with one

4   settlement, so, anyway, that's for the future.  All right.  I

5   appreciate that so at least we have everything in line.

6        And as you may have seen we have our new protocol

7   in order.  I appreciate your working.  We have changed some

8   of the wording just so we could understand it even though I

9   still need the order right in front of me before I look at

10  anything, but we haven't yet transferred some of the items in

11  the 2311 docket to their separate parts, that will be coming

12  up soon, but I think that with that protocol with the orders

13  that will be entered that follow the wire harness I think we

14  have a real sound basis for running this and hopefully make

15  it easier for all of you because of the work that you have to

16  do.

17       Okay.  Next I would like to talk about that status

18  conference date because the status conference date, the

19  November 29th date I'm talking about, is the week before the

20  motion date.  Now, I'm not looking to bring you all together

21  just so you -- I mean, I'm sure it is not that you want a

22  trip to Detroit in November or December, so is there

23  something that we need to accomplish by meeting on the 29th

24  or could we, in fact, do a status conference which would

25  basically probably be on the last two, the safety and the

1   bearings, on say the morning of December 5th before we begin
2   the motions?  I would like you to consider what would be
3   easiest for you.  All dates are available.  What is easier
4   for you in terms of coming in here?  Judge?
5            MR. DAMRELL:  Your Honor, as to the end payors, we
6   can certainly hold that conference in the morning.  You
7   suggested the morning of the 5th?
8            THE COURT:  Yes.  I just thought we could do it the
9   first thing.
10           MR. DAMRELL:  I think that would work for the end
11  payors, yes, I think that would be acceptable.
12           MR. MAJORAS:  Your Honor, John Majoras for the
13  Yazaki defendants.
14           In a quick poll of nodding heads I believe the
15  defendants all agree that we could have the status conference
16  on the 5th as well.
17           THE COURT:  Okay.
18           MR. SANKBEIL:  William Sankbeil, Your Honor.
19           As I recall, Mr. Iwrey had surveyed when we picked
20  the 29th amongst the bearing defendants and the OSS
21  defendants.  I don't think we could say whether all of the
22  defense counsel in those two cases can be available the 5th
23  without checking with them.  We could do that and get back to
24  the Court and plaintiffs' counsel, but I think to set it
25  without talking to everybody might be a bit precipitous.

1        THE COURT:  Okay.

2        MR. SANKBEIL:  The 29th was cleared, Your Honor, so

3   we knew that.

4        THE COURT:  All right.  If, in fact, it is going as

5   it is going today, which is in truly a spirit of cooperation

6   with things being done, I don't want you to come out for no

7   reason.  So maybe if you can't all make it on the 29th you

8   could agree that some people, you know, could represent you

9   and, of course, we would do it on the record so you would

10  have a record but, again, I don't care.  I will leave the

11  29th open, and you can let me know if you would like the

12  conference on the 29th.

13       MR. FINK:  Your Honor, the direct purchaser

14  plaintiffs agree with as stated by Mr. Sankbeil.  The issue

15  is there are missing defendants here right now --

16       THE COURT:  Right.

17       MR. FINK:  -- so we can't speak for them.

18       THE COURT:  I understand that.

19       MR. FINK:  If they want to do the 29th we will do

20  it on the 29th; if they don't, we all appreciate the

21  possibility of doing it on the morning of the 5th.

22       THE COURT:  Okay.

23       MR. SANKBEIL:  If I heard you correctly, Your

24  Honor, you contemplated doing the status conference as the

25  first thing on the 5th?

1          THE COURT:  Yes, right.

2          MR. SANKBEIL:  So we can tell the plaintiffs.

3          THE COURT:  I'm looking now and this has been a

4   half hour and I think we are coming right up to the end, so

5   we can do it right in the beginning.

6          MR. SANKBEIL:  You are being an optimist, Your

7   Honor.

8          THE COURT:  I like optimism.  Okay.  So I'm just

9   going to kind of hold that and you will let me know.  I know

10  Mr. Iwrey called before, or Mr. Fink, either one of you local

11  counsel can just let me know what is happening.

12         Okay.  Is there anything else?  Anything else?

13         (No response.)

14         THE COURT:  Nothing else?  Can we do something?

15         MR. FINK:  Your Honor, the folks at the Westin Book

16  Cadillac asked me to extend their gratitude to the Court, and

17  they would like to see the status conference held on a

18  different day.

19         THE COURT:  Yeah, I bet they would.  Well, we are

20  going over as a matter of fact to the Westin Book Cadillac

21  for a Federal Bar Association luncheon, and I'm sure the

22  local Federal Bar would be glad to entertain any of our

23  foreign guests, so if you are free for lunch please come over

24  to the Book Cadillac for the annual State of the Court

25  Address.  All right.

Status Conference • September 14, 2012

30

1          MR. SANKBEIL:  Free for lunch or a free lunch?

2          THE COURT:  Free for lunch.

3          MR. SANKBEIL:  That may affect the attendance, Your

4     Honor.

5          THE COURT:  You're right, it certainly would.

6     Okay.  I thank you all for coming in.  We will see you either

7     on the 29th or the 5th.

8          THE CASE MANAGER:  All rise.  Court is adjourned.

9          (Proceedings concluded at 10:30 a.m.)

10                    _    _    _

Status Conference • September 14, 2012

**31**

```
 1 ‖                    CERTIFICATION

 2 ‖

 3 ‖            I, Robert L. Smith, Official Court Reporter of

 4 ‖    the United States District Court, Eastern District of

 5 ‖    Michigan, appointed pursuant to the provisions of Title 28,

 6 ‖    United States Code, Section 753, do hereby certify that the

 7 ‖    foregoing pages comprise a full, true and correct transcript

 8 ‖    taken in the matter of In Re:  Automotive Parts Antitrust

 9 ‖    Litigation, Case No. 12-02311, on Friday, September 14, 2012.

10 ‖

11 ‖

12 ‖                    s/Robert L. Smith
   ‖                    Robert L. Smith, RPR, CSR 5098
13 ‖                    Federal Official Court Reporter
   ‖                    United States District Court
14 ‖                    Eastern District of Michigan

15 ‖

16 ‖

17 ‖    Date:  09/17/2012

18 ‖    Detroit, Michigan

19 ‖

20 ‖

21 ‖

22 ‖

23 ‖

24 ‖

25 ‖
```