UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| In Re: AUTOMOTIVE PARTS | : | |
| ANTITRUST LITIGATION | : | Master File No. 12-md-02311 |
| | : | |
| _____ | : | Hon. Marianne O. Battani |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| ALL CASES | : | |
| _____ | : | |

**STIPULATED ORDER REGARDING MOTION TO INTERVENE AND FOR A
TEMPORARY AND LIMITED STAY OF CERTAIN DISCOVERY
BY THE UNITED STATES OF AMERICA**

WHEREFORE, the Parties having reached a stipulation regarding Motion to Intervene

and for a Temporary and Limited Stay of Certain Discovery (Doc. No. 556) filed by the United

States of America on July 8, 2013, through the Antitrust Division of the United States

Department of Justice, as evidenced by their signatures affixed hereto;

**IT IS HEREBY ORDERED** that the Motion of the United States to Intervene for the

limited purpose of seeking a stay of discovery is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion of the United States for a Temporary and

Limited Stay of Certain Discovery is **GRANTED** as follows:

**Initial Cases**

With respect to 2:12-cv-00100 - Wire Harness Cases; 2:12-cv-00200 - Instrument Panel

Clusters Cases; 2:12-cv-00300 - Fuel Senders Cases; and 2:12-cv-00400 - Heater Control Panel

Cases and any other case in this District that purports to assert similar claims based on the same

1

products (the "Initial Cases"), the existing Initial Discovery Plans requiring production of documents produced to the Department of Justice Antitrust Division ("DOJ") by Defendants that have entered plea agreements with the DOJ remain unchanged.  In addition, other document requests, including requests relating to any actual or potential conspiratorial conduct or to other contacts among competitors concerning the product(s) at issue in the particular case, are permitted in the Initial Cases.  Requests for production of documents produced to the DOJ by other Defendants likewise concerning the product(s) at issue in the particular case are also permitted.

To the extent not already produced to any Plaintiff, any responsive documents may be withheld if they identify or discuss (1) products other than these four products or (2) contacts with competitors other than (a) those named as conspirators in the Initial Cases or (b) those who have entered plea agreements with the DOJ.  Defendants that withhold documents pursuant to the preceding sentence shall provide Plaintiffs with written notification of the Bates numbers of the responsive documents that have been withheld ("Withholding Log").   The Withholding Log shall be produced within thirty (30) days following any document production in which responsive documents have been withheld.  Within thirty (30) days following the lifting of the stay, the withholding party shall produce documents withheld pursuant to this paragraph. Interrogatories and requests for admissions are also permitted, consistent with these restrictions.

Depositions in the Initial Cases inquiring into the merits of Plaintiffs' claims, contacts among competitors, or conduct investigated by DOJ during the auto parts investigation (collectively, "Stayed Subjects") are stayed.  Depositions may go forward to the extent that they do not inquire into the Stayed Subjects. In any deposition during the stay, counsel for

ActiveUS 119461903v.1

Defendants or any witness is permitted to direct witnesses to not disclose any information about any Stayed Subjects.

### Later Cases

With respect to the following cases: 2:12-cv-00500 - Bearings Cases; 2:12-cv-00600 - Occupant Safety Systems Cases; 2:12-cv-00700 - Alternator Cases; 2:12-cv-00800 - Anti-Vibrational Rubber Parts Cases; 2:12-cv-00900 - Windshield Wipers Cases; 2:12-cv-01000 - Radiator Cases; and 2:12-cv-01100 - Starter Cases and all cases subsequently filed in or consolidated into MDL 2311 (the "Later Cases"), except for discovery in Later Cases addressing the specific products which were the subjects of the Initial Cases, all discovery, including the production of documents produced to the DOJ by any Defendant in the Later Cases, is stayed except written discovery that does not inquire into or otherwise seek information relating to the Stayed Subjects and depositions that do not inquire into the Stayed Subjects.  In any deposition during the stay, counsel for Defendants or any witness is permitted to direct witnesses to not disclose any information about any Stayed Subjects.

At any time after the stay as to written discovery is lifted in any or all of the Later Cases, any party may request production of documents produced to the DOJ by any Defendant in any such case or cases.  The DOJ and any other affected party in the Later Cases shall, after having been made aware of such request, have an opportunity to object to any such request.

### All Initial and Later Cases

During the pendency of the stay, no party to the litigation shall seek discovery from DOJ or any other party to the litigation or any alleged co-conspirator inquiring into the DOJ's or any federal grand jury investigations involving the Stayed Subjects.  This prohibition includes

ActiveUS 119461903v.1

discovery of communications between the DOJ and any entity or individual or their counsel. After the stay is lifted, the parties may not seek discovery from the DOJ or any other party to the litigation or any alleged co-conspirator inquiring into the DOJ's or any federal grand jury investigations involving the Stayed Subjects with the following exception.   Once any stay is lifted, any party may request that the Court permit it to discover from any individual or entity, but not the DOJ, statements made by any individual or entity to the DOJ, subject to the rights of DOJ and any other party to object to such request.   DOJ has indicated to Plaintiffs that, depending on the specific request made, if any, it likely will object to any attempt to discover from Defendants' files statements made to DOJ during the course of its auto parts investigation. Any objection made by DOJ or any party will ultimately be resolved by this Court if it cannot be resolved by the parties.

Every six months the DOJ will file a statement with the Court under seal regarding the status of its investigations and indicating whether it continues to object to certain discovery being permitted in any of the cases, but without discussing the merits of any investigation.  After the first six months, any party in the Initial Cases or Later Cases may request at any time that any part of the stay be lifted or modified for good cause shown, subject to the objection of the DOJ and any other party.

This Order does not prohibit the exchange of factual information between any Plaintiff and any Defendant in the Initial or Later Cases on an informal basis as part of any settlement, or settlement negotiation or as part of the cooperation of any amnesty applicant ("Informal Discovery").   Production of Informal Discovery shall be made pursuant to a confidentiality agreement.  This Order does not prohibit Plaintiffs from using any Informal Discovery in court

4

filings, including but not limited to complaints, motions, and memoranda, provided that any information obtained through Informal Discovery shall be filed under seal and comply with any protective order for that particular product case.  In the event that no protective order exists for a particular product case, the terms of the protective order entered in the Wire Harness case shall govern until a protective order for the particular case is entered.

Any discovery permitted herein, as an exception to the stay imposed by this Order, shall be conducted in accordance with the case management order and discovery schedule applicable to the particular case.  This Order does not foreclose any party from objecting on any grounds available to it under the Federal Rules of Civil Procedure to any discovery request propounded in the Initial or Later Cases, or supersede any other stay of or limitation on discovery that may be imposed in any existing or subsequent case management order or discovery schedule applicable in any particular case.

Any party that, after the stay expires, re-deposes any witness deposed during the stay (except witnesses proffered as Rule 30(b)(6) designees) must pay the reasonable attorney's fees and expenses (including travel expenses) incurred by any other party in connection with such subsequent deposition, so long as the party conducting the deposition during the stay is advised prior to the deposition that the witness has information concerning the Stayed Subjects.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE:  December 23, 2013

5

**STIPULATED TO AND APPROVED BY:**


/s/ David Fink
**On Behalf of Direct Purchaser, End-Payor
& Automobile Dealer Plaintiffs**


/s/ Paul Gallagher (w/ permission)
**On Behalf of the United States of America**


/s/ Cindy Caranella Kelly (w/ permission)
**On Behalf of Ford Motor Company**


/s/ Howard B. Iwrey (w/ permission)
**On Behalf of Defendants**

6

ActiveUS 119461903v.1