# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File NO. 12-md-02311 |
|  | : | Honorable Marianne O. Battani |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| THIS DOCUMENT RELATES TO: | : | **REPLY IN RESPONSE TO BRIEF** |
|  | : | **OF "DEFERRED DEFENDANTS"** |
| All Actions | : | **IN OPPOSITION TO MOTION OF** |
|  | : | **END-PAYOR PLAINTIFFS, AUTO** |
|  | : | **DEALER PLAINTIFFS, THE** |
|  | : | **STATE OF FLORIDA, AND THE** |
|  | : | **CITY OF RICHMOND  TO** |
|  | : | **COORDINATE ALL ACTIONS IN** |
|  | : | **MDL 2311** |
|  | : |  |
|  | : |  |
|  | : |  |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig.*
  423 F. Supp. 937 (J.P.M.L. 1976) ................................................................................ 1

*In re Plumbing Fixture Cases*
  298 F. Supp. 484 (J.P.M.L. 1968) ................................................................................ 1

**Statutes**

28 U.S.C. § 1407 ................................................................................................................ 1

**Other Authorities**

Manual of Complex Litigation
  Fourth (2004) ................................................................................................................ 2

**Rules**

Federal Rule of Civil Procedure 1 .................................................................................... 1

## <u>INDEX OF MOST CONTROLLING AUTHORITIES</u>

1.   Federal Rule of Civil Procedure 1

2.   28 U.S.C. § 1407

End-Payor Plaintiffs, Auto Dealer Plaintiffs, the State of Florida, and the City of Richmond ("Moving Plaintiffs") respectfully submit this reply memorandum in response to the opposition of the so-called "Deferred Defendants" to Moving Plaintiffs' motion to establish procedures to coordinate all actions in MDL 2311, pursuant to Federal Rule of Civil Procedure 1 and 28 U.S.C. § 1407.

All of the arguments made in the main brief submitted by Moving Plaintiffs are equally applicable to the "Deferred Defendants," but a separate brief is necessary to respond to the "Deferred Defendants'" brief. "Deferred Defendants" suggest that the cases against them should be heard by a different judge, in the hope that a different judge will issue rulings more favorable to them on the matters that this Court has already addressed, an argument that plainly contradicts the very purpose of centralizing related litigation before a single judge. The purpose of MDL centralization is to avoid conflicting or inconsistent rulings in contemporaneous litigation. *See, e.g., In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig.,* 423 F. Supp. 937, 939 (J.P.M.L. 1976) (MDL transfer "prevent[s] duplication of discovery and eliminates the possibility of conflicting pretrial rulings."). The "clear language, corroborated by the legislative history, . . . and by testimony before Congress of its authors, makes it clear that [§ 1407's] remedial aim is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 490-92 (J.P.M.L. 1968).

The Deferred Defendants' suggestion to violate the intent of the MDL Panel's order and start splitting up these automotive parts antitrust cases so they are litigated before different judges is nothing less than an attempt at judge shopping to avoid appearing before a judge whose rulings these defendants do not like. That suggestion should be firmly rejected as improper. It also undermines

the ability of the parties to effectuate a global settlement.  As the Manual of Complex Litigation explains:

> One of the values of multidistrict proceedings is that they bring before *a single judge* all of the federal cases, parties, and counsel comprising the litigation. They therefore afford a unique opportunity for the negotiation of a global settlement.

Manual of Complex Litigation, Fourth (2004) at § 20.132 (emphasis added).

Not only would accepting the "Deferred Defendants'" position violate the rules and policy against judge shopping, it would also impose an unfair and unreasonable burden on the Court to require another judge to familiarize himself or herself with the issues in these cases.  It would also be unfair to the parties and introduce into these proceedings the confusion of potentially inconsistent rulings. Breaking up the cases at this point would be destructive of all the efficiencies the MDL Panel saw in transferring the initial set of cases to this Court, even though they involved different Defendants and different automotive parts as well as undercut the efficiencies the Eastern District of Michigan saw in deeming all of the cases to be related for case assignment purposes.

The "Deferred Defendants" engaged in the exact same type of criminal antitrust conduct as all the other Defendants, and damaged the very same victims in the same way.   Of the eleven "Deferred Defendants," the following have already pled guilty to criminal price-fixing:

1. **Panasonic**
2. **Mitsuba**
3. **Koito**
4. **Valeo**
5. **Stanley Electric**
6. **Diamond Electric**

2

7. **Mitsubishi**

8. **Tokai Rubber**

It is more than likely that among the three non-guilty pleading "Deferred Defendants" there is lurking at least one amnesty applicant.  Yet these conspiring Defendants – in the longest brief submitted by any group of defendants – based on repeated misleading arguments, suggestions, and hyperbole, unfairly and directly challenge this Court's ability to manage this multidistrict litigation.  The presumptuousness of this argument reaches its zenith when the "Deferred Defendants" claim that it is ***their*** due process rights that are more important than the fundamental right of their victims to seek compensation for their admitted wrongdoing.  Of course, the "Deferred Defendants" have no basis to claim that their due process rights are in any jeopardy as this Court continues to manage these closely-related cases.

 "Deferred Defendants" claim with feigned alarm – in **bold and underlined font** – that there are "**86** Defendants" in these cases.  The reality is that there are **36** defendant families in the **29** cases on file, comprised of parent companies and their foreign subsidiaries who were involved in cartel conduct that is the subject of the largest antitrust investigation ever conducted in the history of the United States Department of Justice.   These are not merely disputed allegations.  These are facts.

"Deferred Defendants" then repeat the argument made in other Defendants' briefs that the procedural history of international antitrust cartel civil litigation in the Northern District of California should be repeated here.   Moving Plaintiffs respond to that argument at greater length in their main brief, and will not repeat that response here.

The remainder of the "Deferred Defendants'" brief does not merit comment but should nonetheless be seen for what it is – a transparent

attempt to engage in judge shopping in an effort to find another judge who, they hope, will accept their technical arguments about why they should be absolved of any financial responsibility for admitted wrongdoing and that their victims should be denied any remedy.

Dated:  June 2, 2014

*Steven N. Williams*
Frank C. Damrell, Jr.
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
fdamrell@cpmlegal.com
swilliams@cpmlegal.com
azapala@cmplegal.com
etran@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
hsalzman@rkmc.com
bpersky@rkmc.com
wreiss@rkmc.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Warren T. Burns
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, TX 75202
Telephone: (214) 754-1900
Facsimile: (214) 754-1933
toxford@susmangodfrey.com
wburns@susmangodfrey.com
*Interim Co-Lead Class Counsel for End-Payor Plaintiffs*

/s/ E. Powell Miller
E. Powell Miller
Adam Schnatz
THE MILLER LAW FIRM
950 W. University Drive
Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
aschnatz@millerlawpc.com
*Interim Liaison Counsel for End-Payor Plaintiffs*

Don Barrett
David McMullan
Brian Herrington
Barrett Law Group, P.A.

5

P.O. Box 927
404 Court Square
Lexington, MS  39095
Telephone:  (662) 834-2488
Email: dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, DC 20002
Phone: (202) 789-3960
Fax: (202) 789-1813
Email: jonc@cuneolaw.com
Joel@cuneolaw.com
Vicky@cuneolaw.com

Shawn M. Raiter
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Email: sraiter@larsonking.com

***Interim Co-Lead Class Counsel for Auto-Dealer Plaintiffs***

Gerard V. Mantese (Michigan Bar No. P34424)
David Hansma (Michigan Bar No. P71056)
Brendan Frey (Michigan Bar No. P70893)
Joshua Lushnat (Michigan Bar No. P75319)
Mantese Honigman Rossman
 and Williamson, P.C.
1361 E. Big Beaver Road
Troy, Michigan 48083

6

Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
Email: gmantese@manteselaw.com
dhansma@manteselaw.com
bfrey@manteselaw.com
jlushnat@manteselaw.com

***Interim Liaison Counsel for Auto Dealer
Plaintiffs Plaintiffs***

PAMELA JO BONDI
Attorney General
STATE OF FLORIDA

/s/ R. Scott Palmer
PATRICIA A. CONNERS
(Florida Bar No. 361275)
Associate Deputy Attorney General
Trish.Conners@myfloridalegal.com
R. SCOTT PALMER
(Florida Bar No. 220353)
Special Counsel for Antitrust Enforcement
Scott.Palmer@myfloridalegal.com
GREGORY S. SLEMP
(Florida State Bar No. 478865)
Greg.Slemp@myfloridalegal.com
TIMOTHY FRASER
(Florida Bar No. 957321)
Timothy.Fraser@myfloridalegal.com
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050
Tel: (850) 414-3300
Fax: (850) 488-9134

***Counsel for the State of Florida***

By: */s/ Lesley E. Weaver*
Robert S. Green

7

James Robert Noblin
Lesley E. Weaver
Green & Noblin, P.C.
700 Larkspur Landing Circle
Suite 275
Larkspur, CA 94393
(415) 477-6700
gnecf@classcounsel.com
lew@classcounsel.com

Karen L. Morris
Patrick F. Morris
R. Michael Lindsey

Morris and Morris LLC
Counselors At Law
4001 Kennett Pike
Suite 300
Wilmington, DE 19807
(302) 426-0400
kmorris@morrisandmorrislaw.com
pmorris@morrisandmorrislaw.com
rmlindsey@morrisandmorrislaw.com

***Counsel for City of Richmond***

**CERTIFICATE OF SERVICE**

I, Steven N. Williams, hereby certify that I caused a true and correct copy of the foregoing brief to be served upon all counsel of record via the Court's ECF Filing System on June 2, 2014.

/s/ Steven N. Williams
Steven N. Williams
