# EXHIBIT 1

I hereby certify that the foregoing is a true copy of the original on file in this office.

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By *Sarah Schoenherr*
Deputy Clerk



Filed: 06/12/12
U.S. District Court
East Dist. of MI Detroit

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: AUTOMOTIVE WIRE HARNESS SYSTEMS ANTITRUST LITIGATION | MDL No. 2311 |
| IN RE: INSTRUMENT PANEL CLUSTERS ANTITRUST LITIGATION | MDL No. 2349 |
| IN RE: FUEL SENDERS ANTITRUST LITIGATION | MDL No. 2350 |
| IN RE: HEATING CONTROL PANELS ANTITRUST LITIGATION | MDL No. 2351 |

### TRANSFER ORDER

**Before the Panel:**[*] Before the Panel are three dockets involving allegations of conspiracies to inflate, fix, raise, maintain, or artificially stabilize prices of certain automobile components. Moving plaintiffs in each docket, with overlapping named plaintiffs and counsel, have moved pursuant to 28 U.S.C. § 1407, to centralize all MDL No. 2349, MDL No. 2350, and MDL No. 2351 actions in the Eastern District of Michigan before Judge Marianne O. Battani. All responding plaintiffs and defendants[1] support the motion.

This litigation currently consists of four actions pending in MDL No. 2349, three actions pending in MDL No. 2350, and four actions pending in MDL No. 2351, as listed on Schedule A, Schedule B, and Schedule C, respectively. The Panel has been notified of eighteen additional potentially-related actions. All actions and potentially-related actions are pending in the Eastern District of Michigan, with the exception of one action in each docket pending in the District of Puerto Rico.

All parties agree that centralization of each of these separate MDLs in the Eastern District of Michigan is appropriate. The actions in each MDL share factual issues arising from allegations of conspiracies to inflate, fix, raise, maintain, or artificially stabilize prices of certain automobile components. Specifically, the actions in MDL No. 2349 involve instrument panel clusters, the actions in MDL No. 2350 involve fuel senders, and the actions in MDL No. 2351 involve heating control panels. These allegations stem from the same government investigation into bid rigging, price fixing

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] In MDL No. 2349 and MDL No. 2350, Yazaki North America, Inc. (Yazaki). In MDL No. 2351, Denso International America, Inc. (Denso).

and other anti-competitive conduct in the automotive parts industry. The parties argue that centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. They also argue that these cases should be assigned to Judge Battani, who is currently overseeing MDL No. 2311 – In re: Automotive Wire Harness Systems Antitrust Litigation, which also stemmed from the same government investigation, and which involves Yazaki, Denso, and other defendants. *See In re Automotive Wire Harness Sys. Antitrust Litig.*, MDL No. 2311, 2012 WL 432596 (J.P.M.L. Feb. 7, 2012) .

We agree that these actions should be transferred to Judge Battani in the Eastern District of Michigan. There is some question, however, as to whether the creation of three new MDLs is warranted. MDL No. 2311, created by the Panel in February 2012, involves actions alleging a conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems. These allegations are based on the same government investigation of price fixing in the automotive parts industry, and defendants Denso and Yazaki and some plaintiffs in these actions now before the Panel are already parties in MDL No. 2311. Some of the MDL No. 2311 actions include claims similar to those alleged in the actions before the Panel. Moreover, at least one potentially-related action in both MDL No. 2349 and MDL No. 2350 includes claims regarding both instrument panel clusters and fuel senders.

Either creating three new MDLs or transferring all actions to MDL No. 2311 would be appropriate, as both approaches would result in having all actions pending before the same transferee judge. We have concluded that including all actions in MDL No. 2311 will lead to the most efficient handling of these cases. Moving plaintiffs seek to create three new separate MDLs, and certain parties supporting such an arrangement argue that the cases in each MDL involve a separate alleged conspiracy that will involve facts, time frames, parties and witnesses specific to that alleged conspiracy. In many situations, we are hesitant to bring together actions naming separate defendants and involving separate products. *See, e.g., In re Am. Medical Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig., et al.*, MDL Nos. 2325, 2326, 2327, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012). In situations such as this, however, where similar conspiracies are alleged involving overlapping defendants and stemming from the same government investigation, and the parties and counsel already overlap to such a large extent, we find that the creation of a single MDL presents less of a concern. Significant overlap in factual issues, parties, and claims leads us to conclude that inclusion of all actions in MDL No. 2311 is the most appropriate outcome. In fact, we have communicated with Judge Battani, who has indicated she would prefer to handle all actions in MDL No. 2311. We believe that transfer of the three actions pending in the District of Puerto Rico to MDL No. 2311 would allow Judge Battani the flexibility to structure the proceedings most efficiently.

On the basis of the papers filed and hearing session held, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2311, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The parties opposing the inclusion of these actions in MDL No. 2311 have expressed their concern that the actions would be consolidated for all purposes. We have long left the degree

-3-

of coordination or consolidation of involved actions to the sound discretion of the transferee judge. *See, e.g., In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, 598 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002). We have also noted, however, that the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage pretrial proceedings efficiently. Indeed, Judge Battani has already employed such methods in MDL No. 2311 with regard to the several types of plaintiffs bringing claims in MDL No. 2311, and she has stated her intention to continue such a practice with regard to the actions alleging separate conspiracies. We are confident that the transferee court can structure the proceedings in MDL No. 2311 to address such concerns.

IT IS THEREFORE ORDERED that the motions for centralization of MDL No. 2349, MDL No. 2350, and MDL No. 2351 are denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A, Schedule B, and Schedule C and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Marianne O. Battani for inclusion in the coordinated or consolidated pretrial proceedings in MDL No. 2311.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Automotive Parts Antitrust Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.    Barbara S. Jones
Paul J. Barbadoro    Marjorie O. Rendell
Charles R. Breyer

IN RE: INSTRUMENT PANEL CLUSTERS
ANTITRUST LITIGATION                                                                                              MDL No. 2349

## SCHEDULE A

<u>Eastern District of Michigan</u>

Tommy Wilson, et al. v. Yazaki Corporation, et al., C.A. No. 2:12-10406
Robert Koch v. Yazaki North America, Inc., et al., C.A. No. 2:12-10464
ACAP, L. L. C. v. Yazaki Corporation, et al., C.A. No. 2:12-10567

<u>District of Puerto Rico</u>

Lilliana Diaz v. Yazaki Corporation, et al., C.A. No. 3:12-01076    12-12572

**IN RE: FUEL SENDERS ANTITRUST LITIGATION**  MDL No. 2350

## SCHEDULE B

<u>Eastern District of Michigan</u>

Calvin Kendrick, et al. v. Yazaki Corporation, et al., C.A. No. 2:12-10407
Robert Koch v. Yazaki North America, Inc., et al., C.A. No. 2:12-10465

<u>District of Puerto Rico</u>

Zahira Crespo v. Yazaki Corporation, et al., C.A. No. 3:12-01075   12-12573

**IN RE: HEATING CONTROL PANELS**
**ANTITRUST LITIGATION**  MDL No. 2351

## SCHEDULE C

<u>Eastern District of Michigan</u>

Susan LaCava, et al. v. Denso Corporation, et al., C.A. No. 2:12-10410
Robert Koch v. Denso International America, Inc. et al., C.A. No. 2:12-10466
Jane M. Taylor v. Denso Corporation, et al., C.A. No. 2:12-10476

<u>District of Puerto Rico</u>

Luis Maldonado v. Denso Corporation et al., C.A. No. 3:12-01077    12-12573