# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| In Re: AUTOMOTIVE PARTS  ) | 12-md-02311 |
| ANTITRUST LITIGATION  ) | Honorable Marianne O. Battani |
| _____ ) | |
| ) | |
| ALL PARTS  ) | |
| _____ ) | |
| ) | |
| THIS RELATES TO:  ALL CASES  ) | |
| _____ ) | |

## <u>END-PAYOR PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE</u>

End-Payor Plaintiffs respectfully submit this memorandum in opposition to the handwritten motion to intervene ("Motion") filed by movants Jonathon Rich, Timmy A. Curtis, and Amber Lambert (collectively, "Movants") pursuant to Federal Rule of Civil Procedure 24(a) and (b).  For the reasons set forth below, the Motion is bereft of any factual and legal support and therefore should be denied.

Under the Federal Rules of Civil Procedure, there are two avenues by which a non-party can intervene in a pending case:  Intervention of Right and Permissive Intervention.  *See* Fed. R. Civ. P. 24.  Here, Movants utterly fail to satisfy the standards for either.

To intervene as a matter of right, Movants must demonstrate that (1) their motion is timely; (2) they have a substantial legal interest in the subject matter of the case; (3) their ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent their interest.  *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Movants have failed to provide any factual or legal basis to satisfy these requirements. As an initial matter, other than conclusory statements, the Motion fails to provide any factual information suggesting that movants are class members or have any other substantial legal interest in the subject matter of this case. *See Am. Special Risk Ins. Co. v. City of Centerline*, 69 F. Supp. 2d 944, 955 (E.D. Mich. 1999) (denying motion to intervene as of right because, among other things, potential intervenor failed to demonstrate how its interests would be impaired if it is not allowed to intervene).

Indeed, the Motion is frivolous on its face and has been brought by serial abusers of the judicial process. "Jonathon Rich," one of the signatories to this Motion, is the oft-used alias of Pennsylvania State prisoner, Jonathan Lee Riches. The address listed on the signature block for "Jonathon Rich" matches the address of the state prison in Bellefonte, Pennsylvania where Mr. Riches resides, as does the inmate identification number, KX9662. *See* State of Pa. Inmate Locator*, http://inmatelocator.cor.state.pa.us/inmatelocatorweb.

"Riches is a *pro se* litigant who has a history of filing frivolous lawsuits and motions . . . across the country." *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2008 WL 4966722, at *1 n.2 (E.D. Mo. Nov. 19, 2008) (citing Wikipedia, Jonathan Lee Riches, http://en.wikipedia.org/wiki/Jonathan_Lee_Riches); *Riches v. Foxworthy*, Case Nos. 08-cv-0068 et al., 2008 WL 170086, at *1 (N.D. Cal. Jan. 16, 2008) ("It is not clear whether [Riches'] outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machine of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.").

The results of an ECF/Pacer USParty/Case Index Search conducted on April 9, 2015, for "Riches, Jonathan Lee" indicated that Mr. Riches has been a party to 3,670 cases. *See* http://pacer.psc.uscourts.gov; *see also Solliday v. Director of Bureau of Prisons*, No. 11-CV-2350, 2014 WL 6388568, at *2 (D. Minn. Nov. 14, 2014) (providing results of an ECF/Pacer USParty/Case Index Search for "Riches, Jonathan Lee" as of October 8, 2014 as well as a detailed history Mr. Riches' frivolous litigation). Because of his repeated frivolous filings, Mr. Riches has been enjoined from filing litigation of any type without judicial permission in this Court, *Riches v. Aguilera et al.*, No. 07-14469-BC, 2008 WL 324198, at *1 (E.D. Mich. Feb. 5, 2008), as well as in Massachusetts, Virginia and Kentucky. *See In re Profiler Products Liab. Litig.*, No. 06-1748, 2010 WL 3613928, at *2 (S.D. Ill. Sept. 8, 2010).

In addition to Mr. Riches, this Motion contains other purported signatories, each of whom has previously joined Mr. Riches in frivolous filings that have routinely been dismissed by courts across the country. *See, e.g.*, *Oracle Am., Inc. v. Terix Computer Co.*, No. 5:13-cv-03385-PSG, slip op. at 2 (N.D. Cal. Mar. 25, 2015) (denying similar motion to intervene where Movants failed to "allege any facts supporting a legitimate connection to the underlying litigation"). In light of their checkered history of filing frivolous litigation, Movants' conclusory statements that they "have a common vested interest in this litigation" should not be credited.

Even if the Court were to credit Movants' conclusory allegations that they have an interest in this litigation, intervention is inappropriate because there is no suggestion in the Motion that Co-Lead Class Counsel has failed to adequately protect Movants' interests. *See Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983) (holding that applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit). As evidenced by the nearly $200 million in settlements achieved on behalf of End-Payor

Plaintiffs to date, Co-Lead Class Counsel are continuing to vigorously pursue the interests of putative class members.[1]

Movants' attempt to intervene by permission under Rule 24(b) is similarly devoid of merit. To intervene permissively, Movants must establish that the motion for intervention is timely and alleges at least one common question of law or fact. *Michigan State AFLCIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Once these two requirements are established, the Court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed. *Id*.

Here, Court-appointed Interim Co-Lead Class Counsel represents numerous putative class members. Allowing putative absent class members to intervene without any justification would undermine the ability of Co-Lead Class Counsel to effectively represent the putative class with one voice in contravention of Rule 23(g) [2] and this Court's Orders appointing Co-Lead Class Counsel. *See* Order Granting End-Payor Plaintiffs' Application for Appointment of Interim Co-Lead Class Counsel and Liaison Counsel ("Co-Lead Counsel Order"), 2:12-md-02311, ECF No. 65[3] (holding that Co-Lead Class Counsel shall be the "spokespersons for the

---

[1] In granting preliminary approval of eight settlements reached between End-Payor Plaintiffs and Defendants to date, the Court explicitly held that Interim Class Counsel have adequately protected the rights of class members. *See, e.g.*, Order Granting End-Payor Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Yazaki Defendants and Provisional Certifications of Settlement Class, 2:12-cv-00103 (ECF No. 231) ("The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: . . . (c) End-Payor Plaintiffs and Settlement Class Counsel [Cotchett, Pitre & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P.] will fairly and adequately represent the Settlement Class . . . .").

[2] Rule 23(g) provides that "[u]nless a statute provides otherwise, a court that certifies a class ***must*** appoint class counsel." (emphasis added).

[3] The Co-Lead Counsel Order was subsequently amended by Case Management Order No. 3 For All Direct Purchaser, Automobile Dealer and End-Payor Actions, 2:12-md-02311, ECF No. 271

end-payor plaintiffs' counsel and shall direct and coordinate the activities of end-payor plaintiffs' counsel . . . Class Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation . . . Co-Lead Class Counsel are designated as the contact persons for plaintiffs' counsel and as the attorneys of record for the end-payor plaintiffs with whom the Court will be dealing throughout the course of this litigation").

Conversely, denial of the Motion will not result in prejudice to Movants in the event that they are in fact putative class members. This is because once a class is certified, Rule 23(c)(2)(B)(2) protects absent class members' interests by, among other things: (1) requiring that notice be given to the class[4]; (2) permitting class members to exclude themselves from the class; and (3) providing class members with an opportunity to appear before the Court.

Accordingly, for the reasons set forth above, End-Payor Plaintiffs respectfully submit that Movants' Motion should be denied.

April 20, 2015

**THE MILLER LAW FIRM, P.C.**

By   /s/E. Powell Miller
E. Powell Miller (P39487)
Adam T. Schnatz (P72049)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

---

and further amended by Order Substituting End-Payor Plaintiffs Interim Co-Lead Class Counsel, 2:12-md-02311, ECF No. 505.
[4] Notice to class members must state, among other things: (i) the nature of action; (ii) the definition of the class certified; (iii) the class' claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. p. 23(c)(2)(B)(i)-(vii).

*Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes*

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Steven Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
**SUSMAN GODFREY LLP**
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: (214) 754-1900
Facsimile: (214)754-1933
toxford@susmangodfrey.com

*Interim Co-Lead Class Counsel for End-Payor Plaintiffs Classes*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| In Re:  AUTOMOTIVE PARTS ) | 12-md-02311 |
| ANTITRUST LITIGATION ) | Honorable Marianne O. Battani |
| _____ ) | |
| ) | |
| ALL PARTS ) | |
| _____ ) | |
| ) | |
| THIS RELATES TO:  ALL CASES ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 20, 2015, I electronically filed End-Payor Plaintiffs' Opposition to Motion to Intervene with the Clerk of the Court using the ECF system which will send electronic notification of such filing upon all registered counsel of record.  I further certify that I have mailed by U.S. Mail the above document to the following Non-ECF Participants:

| | | |
|---|---|---|
| Timmy A. Curtis | Amber Lambert | Jonathon Rich |
| 518 George Rd. | #181498 | KX9662 |
| Toms River, NJ 08753 | P.O. Box 85880 | 301 Institution Dr. |
| | Pearl, MS 39288 | Bellefonte, PA 16823 |

**THE MILLER LAW FIRM, P.C.**

By  _/s/E. Powell Miller_
E. Powell Miller (P39487)
Adam T. Schnatz (P72049)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
***Interim Liaison Counsel for the Proposed End-Payor Plaintiffs Classes***