# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File NO. 12-md-02311 Honorable Marianne O. Battani |
| In re: All Cases | : : : | |
| THIS DOCUMENT RELATES TO: All Actions | : : : : : : : : : : | **AUTO DEALERSHIP PLAINTIFFS' OPPOSITION TO DIRECT PURCHASER PLAINTIFFS' MOTION TO LIMIT UNIFORM SUBPOENA TO OEMS** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. ii
TABLE OF AUTHORITIES ..................................................................................... iii
STATEMENT OF QUESTION PRESENTED ........................................................ iv
INDEX OF MOST CONTROLLING AUTHORITIES ............................................ v
I.   INTRODUCTION ............................................................................................ 1
II.  THE SUBPOENA SEEKS VITAL OEM-RELATED INFORMATION ..................... 1
III. AUTO DEALERSHIPS CANNOT PRODUCE ALL OF THE INFORMATION SOUGHT
     ............................................................................................................................1

# TABLE OF AUTHORITIES

**Cases**

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2012 WL 1533221
 (N.D. Ill. Apr. 27, 2012). ................................................................................................. 2

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................ 4

iv

## **STATEMENT OF QUESTION PRESENTED**

Whether to prevent Auto Dealership Plaintiffs from obtaining information they need to evaluate Defendants' conspiracy when such information goes to the core allegations of Dealers' complaints and is central to their cases.

## INDEX OF MOST CONTROLLING AUTHORITIES

**Cases**

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2012 WL 1533221 (N.D. Ill. Apr. 27, 2012).

I.      INTRODUCTION

Auto Dealership Plaintiffs have joined the Subpoena in part and submit this brief in opposition to the Motion to Limit the Subpoena filed by Direct Purchasers.

II.     THE SUBPOENA SEEKS VITAL OEM-RELATED INFORMATION

The Uniform Subpoena seeks information from the OEMs that is crucial to this litigation and not available from any other party. For instance, the Subpoena seeks information about the OEMs' purchases of their parts from their suppliers, details regarding RFQs, the OEMs' reasoning in choosing the winner, evaluations of RFQ responses, OEM supplier requirements, OEMs' analyses of their parts purchases, information about why certain parts may have been purchased without soliciting a bid, and internal documents about price reductions. This is all information that goes directly to evaluating the conspiracies described in Defendants' plea agreements and Auto Dealership Plaintiffs' complaints.

Subpoenas seeking relevant information served on direct purchasers in antitrust cases like this have been permitted in similar situations. *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2012 WL 1533221, at *6 (N.D. Ill. Apr. 27, 2012).

III.    AUTO DEALERSHIPS CANNOT PRODUCE ALL OF THE
        INFORMATION SOUGHT

Direct purchasers point to Auto Dealerships' anticipated and current productions, concerning Auto Dealership Plaintiffs' purchases and sales. But such productions do not cover the crucial OEM-specific information.

Auto Dealerships' productions are also limited in temporal scope and substance by the

information dealerships generally log and the information is available to dealerships, who are small businesses without extensive funds to expend on the types of sophisticated information storage systems used by an OEM. Dealerships Plaintiffs' productions will frequently not cover the class period and will not be able to provide data from before the class period to perform a "but-for" comparison with the data from the conspiracy period.[1]

Direct Purchasers appear to refer to Dealerships' production of invoices containing Auto Dealerships' purchase information. DPP Mot. at 6-7. But these invoices are documents rather than data that can be easily processed and analyzed by an expert. Further, such invoices have been extremely time-consuming and burdensome to produce. Auto Dealerships have been making this production for 1.5 years and have still not completed it, given that the gathering of individual invoices is difficult to accomplish in an efficient manner.

Directs also cite to the stipulation concerning production of dealership information from third-party DMS providers. As Auto Dealerships have noted in the past, such production was largely unsuccessful because the DMS providers possessing the majority of the information filed motions to quash Defendants' subpoenas.

Auto Dealership Plaintiffs have already produced hundreds of thousands of pages and have committed to further productions beyond those already made. To the extent further productions of Auto Dealership information are ordered, it is much more reasonable and convenient to obtain that information from OEMs who have it compiled for all dealerships, and who likely possess the information in an accessible data or electronically-stored format. Such production is much more in line with the principles of Fed. R. Civ. P. 26(b)(2)(C), which require the consideration of burdens such as those of each of the Auto Dealerships' individually

---

[1] Dealerships do not concede the relevance of data regarding Auto Dealership sales, but to the extent Defendants seek further sales data, Auto Dealerships believe it is appropriately sought from the OEMs.

producing this information, versus the convenience of an OEM producing information from a central location, for all its dealerships, at one time.  Thus, to the extent this information is produced from anyone, it should be produced from the OEMs.

Date:  May 27, 2015                                  Respectfully submitted,

*/s/ Jonathan W. Cuneo*
Jonathan W. Cuneo
Joel Davidow
Victoria Romanenko
Yifei Li
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
Facsimile: (202) 789-1813
jonc@cuneolaw.com
joel@cuneolaw.com
vicky@cuneolaw.com
evelyn@cuneolaw.com


*s/ Shawn M. Raiter*
Shawn M. Raiter
**LARSON • KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6618
sraiter@larsonking.com


*/s/ Don Barrett*
Don Barrett
David McMullan
Brian Herrington
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square

Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

*Interim Co-Lead Class Counsel for the Proposed
Automobile Dealer Plaintiff Classes*


*/s/ Gerard V. Mantese*
Gerard V. Mantese
Alex Blum
**MANTESE HONIGMAN ROSSMAN AND
WILLIAMSON, P.C.**
1361 E. Big Beaver Road
Troy, MI 48083
Phone: (248) 457-9200 ext. 203
Fax: (248) 457-9201
gmantese@manteselaw.com
ablum@manteselaw.com

*Interim Liaison Counsel for the Proposed
Automobile Dealer Plaintiff Classes*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2015 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of same to all counsel of record.

                                        */s/ Jonathan W. Cuneo*
                                        Jonathan W. Cuneo
                                        **CUNEO GILBERT & LADUCA, LLP**
                                        507 C Street, N.E.
                                        Washington, DC 20002
                                        Telephone: (202) 789-3960
                                        Facsimile: (202) 789-1813
                                        jonc@cuneolaw.com