**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

MASTER FILE NO. 12-md-02311

HON. MARIANNE O. BATTANI

THIS DOCUMENT RELATES TO:

ALL ACTIONS
_____/

### ORDER DENYING MOTION TO INTERVENE

Timmy A. Curtis, Amber Lambert, and Jonathon Rich (the "proposed intervenors") move to intervene as plaintiffs in this action. (Doc. No. 930). Defendants and End-Payor Plaintiffs oppose the motion. The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E.D. Mich. LR 7.1(f)(2).

In this case, the request to intervene does not comport with the procedural requirements. Defendants correctly point out that Rule 24(c) requires a motion to intervene to "state the grounds for intervention" and to "include a pleading that sets forth the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, the proposed intervenors have not done so. The motion itself makes it clear to this Court that there is no grounds for intervention; the nonparties merely claim they have relevant information. Consequently, even under the lenient approach to the requirements taken by the Sixth Circuit, there is no basis for the Court to find the standards for intervention are met. See Provident Baptist Church v. Hillandale Committee, Ltd., 425 F.3d 309, 313 (6th Cir. 2005).

Specifically, under the Federal Rules of Civil Procedure, a nonparty may intervene in an action as of right. Fed. R. Civ. P. 24(a). Courts use four criteria to assess such requests. A nonparty must show timeliness of the application to intervene, a substantial legal interest in the case, impairment of his ability to protect his interest in the absence of intervention, and inadequate representation of that interest by the parties to the litigation. <u>Michigan State AFL-CIO v. Miller</u>, 103 F. 3d 1240, 1245 (6th Cir. 1997) (citation omitted). According to the proposed intervenors, they have been "personally effected" by Defendants, have a "common vested interest in this litigation" and "just recently found out about the litigation." (Doc. No. 930). The request is untimely; this litigation has been pending since 2012. Moreover, the pleading does not advance any interest of the nonparties that would be impaired if they were not allowed to intervene. In this case, Co-lead Counsel on behalf of the End-Payor Plaintiffs has already secured nearly $200 million in settlements. The representation of the interests of putative class members has been first rate. In sum, there is no basis for allowing intervention as of right under Rule 24(a).

Nor has the standard governing permissive intervention been met. Under Fed. R. Civ. P. 24(b)(1)(B), a "court may permit anyone to intervene who" has a "conditional right to do so under a federal statute" or who "has a claim or defense that shares with the main action a common question of law or fact." Again, the Court finds the standard is not met. No federal statute has been cited and there is no claim or defense specified in the motion.

Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

Date:   June 8, 2015                                           s/Marianne O. Battani
                                                               MARIANNE O. BATTANI
                                                               United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 8, 2015.

                                                               s/ Kay Doaks
                                                               Case Manager