UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Hon. Marianne O. Battani |
| In Re: All Cases | |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

**SPECIAL MASTER'S ORDER REGARDING DIRECT PURCHASER
PLAINTIFFS' MOTION TO ESTABLISH A COORDINATED
PROCESS FOR DISCOVERY FROM AUTOMOTIVE SUPPLIERS**

This matter is currently before the undersigned Special Master upon a Motion by Direct Purchaser Plaintiffs ("DPPs") to establish a coordinated process for discovery in these proceedings from automotive suppliers. The Motion in question was filed on May 13, 2015.

Defendants filed a Response To Direct Purchaser Plaintiffs' Motion To Establish A Coordinated Process For Discovery From Automotive Suppliers on June 1, 2015. End-Payor Plaintiffs ("EPPs") also filed a Response To Direct Purchaser Plaintiffs' Motion To Establish A Coordinated Process For Discovery From Automotive Suppliers on June 1, 2015. Finally, DPPs filed a Reply in Support of their Motion dated, June 8, 2015.

## ANALYSIS

The Motion of DPPs to establish a coordinated process for discovery from automotive suppliers is allegedly designed to streamline the document discovery process in these proceedings by limiting the number of document requests submitted by the parties to various automotive

suppliers who are not yet part of any class in these proceedings.  DPPs assert that a typical automotive supplier could be subject to numerous Subpoenas in each of the existing tracks in this action from Defendants, Indirect Purchase Plaintiffs and End-Payor Plaintiffs.  DPPs move for a coordination of this entire process to limit the number of Subpoenas, share the documents that are available, and streamline the process in the interest of saving time and money on a going forward basis.

Defendants and EPPs both oppose this Motion on the basis that DPPs have no standing to interfere with the suppliers' Subpoenas intended to be issued in this action.  Both parties have argued that Subpoenas have already been issued, negotiations have occurred between the party issuing the Subpoena and the party receiving the Subpoena, and documents are being voluntarily produced as is the normal course in document Subpoenas in commercial litigation. (As an aside, EPPs have advised they do not intend to issue any Subpoenas to any suppliers in these proceedings that previously received and responded to a subpoenas from Defendants. Further Defendants have agreed to share all documents obtained under any subpoenas to automotive suppliers with DPPs.).)

Defendants and EPPs also argue that only the recipient of a Subpoena has the right to contest the validity, scope, relevancy and burden of any Subpoena it receives as it has a far greater interest in the outcome of its objections than any party or non-party to the litigation.

## LEGAL CONCLUSION

Defendants and EPPs are correct that DPPs have no standing to bring the current Motion. Additionally, an automotive supplier that is a recipient of a subpoena to produce is in the best position of anyone in the litigation to determine what objections, if any, should be filed and what documents, if any, should be voluntarily produced after negotiating with the party serving the

Subpoena.  This process often leads to voluntary negotiations between the respective parties which results in limiting the scope of the Subpoena so that the recipient can voluntarily comply with undue burden.

Accordingly, DPPs' Motion To Establish A Coordinated Process For Discovery From Automotive Suppliers is hereby denied.

This Order may be appealed by any party to Judge Battani pursuant to the Order Appointing Special Master dated August 29, 2014.

Dated:  June 10, 2015                                    /s/ Gene J. Esshaki
                                                         Gene J. Esshaki, Special Master

4842-7950-4932, v.  1