UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                                                  :
In Re: AUTOMOTIVE PARTS                          :
ANTITRUST LITIGATION                               :
                                                                  :     Master File No. 12-md-02311
                                                                  :
_____  :     Hon. Marianne O. Battani
                                                                  :
THIS DOCUMENT RELATES TO:              :
All Auto Parts Cases                                    :     2:12-md-02311-MOB-MKM
                                                                  :
                                                                  :
_____:

## ORDER

IT IS HEREBY ORDERED as follows:

1. Absent a showing of good cause, the following limits shall apply to depositions of End Payor Plaintiffs and Auto Dealer Plaintiffs:

    A. Defendants in all cases in *In re Automotive Parts Antitrust Litigation* collectively may take no more than one (1) deposition under Rule 30(b)(1) of each End Payor Plaintiff.

    B. Each deposition of an End Payor Plaintiff shall not exceed seven (7) hours in length.

    C. Defendants in all cases in *In re Automotive Parts Antitrust Litigation* collectively may take no more than one (1) deposition under Rule 30(b)(1) and one (1) deposition under Rule 30(b)(6) of each Auto Dealer Plaintiff.

    D. Each Rule 30(b)(1) deposition of an Auto Dealer Plaintiff shall not exceed seven (7) hours in length.

1

      E.      Each Rule 30(b)(6) deposition of an Auto Dealer Plaintiff shall not exceed eight (8) hours in length. Of this eight (8) hours, plaintiffs are allocated one (1) hour and Defendants are allocated seven (7) hours.

2. In advance of a Rule 30(b)(1) deposition of each Auto Dealer Plaintiff and End Payor Plaintiff, Defendants collectively shall serve an outline that identifies the general topics on which the Defendants reasonably and in good faith expect to examine the witness. If further topics on which a Rule 30(b)(1) deponent will be examined arise after the outline is circulated, Defendants will use reasonable efforts to notify Auto Dealer Plaintiffs and End Payor Plaintiffs of such topics reasonably in advance of the deposition. The outline is for notification purposes only, and shall not by itself be subject to objections. All objections that a party will have at a deposition shall be preserved. This outline will be separate from the notice identifying the deponent Defendants have chosen, and the place and time of the deposition.

3. In advance of a Rule 30(b)(6) deposition of each Auto Dealer Plaintiff, Defendants collectively shall serve one notice and the named Auto Dealer Plaintiff shall designate one or more officers, directors, or employees to testify on its behalf with respect to the matters identified in the notice. Nothing in this paragraph is intended to create a notice requirement beyond that in Rule 30(b)(6).

4. Not more than three defense counsel may examine each End Payor Plaintiff and Auto Dealer Plaintiff witness absent good cause. Defense counsel shall use their best efforts to coordinate in advance of the depositions so as to avoid duplicative

questioning, and no defense counsel shall repeat any questions asked by other defense counsel.

5. The parties shall submit to the Special Master for entry a protocol, incorporating this Order, that governs the depositions of all End Payor Plaintiffs and Auto Dealer Plaintiffs noticed under Rule 30 in all cases, currently or in the future, consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* ("EPP and ADP Deposition Protocol Order").  No provision in any other Deposition Protocol will conflict with the provisions of this Protocol.

6. The parties in *In re Automotive Parts Antitrust Litigation*, Wire Harness Lead Case, No. 2:12-cv-00100-MOB-MKM (the "Wire Harness Cases"), shall submit to the Special Master for entry a protocol that governs the depositions of all witnesses other than End Payor Plaintiffs and Auto Dealer Plaintiffs in the Wire Harness Cases ("Wire Harness Deposition Protocol Order").

7. The EPP and ADP Deposition Protocol Order and the Wire Harness Deposition Protocol Order to which this Order refers shall be submitted to the Special Master for entry within five (5) days of the ECF filing date of this Order.

Any party that wishes to file an objection to this Order must do so within 14 days of the ECF filing date of this Order.  Responses shall be due 10 days after the date on which the objections are filed and replies shall be due 5 days after the date on which the responses are filed.

**IT IS SO ORDERED**.

/s/ Gene J. Esshaki_____
GENE J. ESSHAKI, SPECIAL MASTER

DATE: June 18, 2015

4840-5545-2965, v. 1

4