# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: Alternators | 2:13-cv-00701 2:13-cv-00703 |
| In Re: Windshield Wiper Systems | 2:13-cv-00901 2:13-cv-00903 |
| In Re: Radiators | 2:13-cv-01003 |
| In Re: Starters | 2:13-cv-01101 2:13-cv-01103 |
| In Re: Automotive Lamps | 2:13-cv-01203 |
| In Re: Ignition Coils | 2:13-cv-01401 2:13-cv-01403 |
| In Re: HID Ballasts | 2:13-cv-01703 |
| In Re: Electronic Powered Steering Assemblies | 2:13-cv-01903 |
| In Re: Fan Motors | 2:13-cv-02103 |
| In Re: Fuel Injection Systems | 2:13-cv-02201 2:13-cv-02203 |
| In Re: Power Window Motors | 2:13-cv-02300 |
| In Re: Valve Timing Control Devices | 2:13-cv-02500 |
| In Re: Windshield Washer Systems | 2:13-cv-02800 |
| In Re: Automotive Constant Velocity Joint Boot Products | 2:14-cv-02903 |
| In Re: Spark Plugs | 2:15-cv-03000 |
| In Re: Oxygen Sensors | 2:15-cv-03100 |

This Document Relates to:
Direct Purchaser Actions
End-Payor Actions

# ORDER OF SPECIAL MASTER
# UPON PLAINTIFFS' NOTICE OF MOTION AND
# MOTION FOR UNIFORM DEPOSITION PROTOCOL ORDER

The above-referenced matter is currently before the undersigned, Special Master, pursuant to Plaintiffs' Notice of Motion and Motion for Uniform Deposition Protocol Order (Docket No. 1027). Numerous Defendants have filed Opposition Briefs with respect to Plaintiffs' Motion including: Instrument Panel Clusters and Fuel Senders Defendants' Opposition (Docket No. 1043); DENSO Defendants' Opposition (Docket No. 1044); Occupant Safety System Defendants' Opposition (Docket No. 1045); Defendants ALP's Joinder to Instrument Panel Clusters and Fuel Senders Defendants' Opposition (Docket No. 1046); Opposition on behalf of Submitting Defendants (Docket No. 1047); Bearing Defendants' Opposition (Docket No. 1048); and MELCO Defendants' Opposition to Motion (Docket No. 1049). Most recently, Plaintiffs filed a Reply Brief in Support of their Motion for Uniform Deposition Protocol Order (Docket No. 1054). Finally, Defendants in the Instrumental Panel Clusters and Fuel Senders cases filed a Sur Reply in Opposition to the Motion on August 8, 2015 (Docket Number 1056).

The undersigned has had a full and fair opportunity to review all of the Motions and Briefs filed in support of and against Plaintiffs' proposed Motion for Uniform Deposition Protocol Order. While Plaintiffs have requested oral argument, the undersigned does not believe oral argument will assist in resolving this dispute.

For the reasons stated below, Plaintiffs' Motion is Denied, in part, and Granted, in part.

2

In support of their Motion for Uniform Deposition Protocol Order, Plaintiffs point to the Uniform Deposition Protocol Order executed by the parties in the Wire Harness cases, as well as the Uniform Deposition Order pertaining to End-Payor Plaintiffs and Auto Dealer Plaintiffs.  Plaintiffs suggest that taking the Uniform Deposition Protocol Order negotiated by the parties in the Wire Harness cases and applying it to all other classes of cases in these proceedings would result in a just and efficient deposition discovery process.  Plaintiffs acknowledge that certain amendments or revisions would have to be made to the Wire Harness Deposition Protocol in order for it to fit in a number of the other classes of cases.  Plaintiffs assert that this can be easily done and the exceptions required by each class of case can be individually negotiated while the main Deposition Protocol Order (the "Wire Harness Protocol Order") would be the governing instrument subject to the separately negotiated and agreed upon exceptions and additions.

Defendants argue on the other hand that it is impossible to utilize a one size fits all approach to the deposition process that is going to occur in this complex litigation.  Defendants point out, for example, their serious objections to the number of depositions established in the proposed Protocol, the locations established for the taking of the depositions and such other things as length of depositions and whether one deposition of a witness may be used in another class of case in which that person is also a witness.  Defendants argue that to impose the proposed

3

Deposition Protocol upon them denies them due process because it prevents them from the ability to negotiate the number of depositions to be taken in a case, the length of the depositions and the places of the depositions, all of which are related to the proportionality rule for discovery in a federal court action.  Defendants argue that in a class of cases involving billions of dollars in alleged damages, the number, length and location of the critical depositions are substantially different than a class of cases involving $30 million.  Despite this, the Deposition Protocol Order would treat all classes of cases the same, except to the extent that counsel, with the assistance of the undersigned, and perhaps the Court, could negotiate appropriate exceptions and exclusions from the Uniform Deposition Protocol.

The issue presented is quiet simply, should the parties individually negotiate a deposition protocol for each class of cases utilizing the Wire Harness Protocol Order as a template and adapting it to the particularized need and size of the class of cases at issue, or should a single Uniform Deposition Protocol be imposed upon all classes of cases and the parties subsequently left to negotiate the additions and exceptions they deem necessary to fit their particularized need in their specific cases?  In the second proposition, Plaintiffs will surely have the upper hand in the negotiations because a Uniform Deposition Protocol Order will have been issued and the Defendants will have an uphill battle negotiating exceptions, additions and exclusions.  In the first proposition, the parties will be on equal footing in their

negotiations of their respective Deposition Protocols for their respective classes of cases.  The undersigned notes that all of the responding Defendants have indicated a willingness to negotiate a Uniform Deposition Protocol that applies to their class of case and most of the Defendants have indicated a willingness to use the Wire Harness Deposition Protocol as the template or starting point for their negotiations.

The undersigned is of the opinion that fairness dictates that these negotiations for Deposition Protocols be performed on an equal-footing basis and the only way to do so is to negotiate, in advance, in each class of cases, the Deposition Protocol that will apply in that class, utilizing the Wire Harness Deposition Protocol as the overall template.

Accordingly, Plaintiffs Motion to impose its Proposed Uniform Deposition Protocol upon all cases in this litigation is Denied.  On the other hand, Defendants cannot simply refuse to negotiate their respective Deposition Protocols until such time as they deem it appropriate.  Therefore, each class of Defendants is to take Plaintiffs' proposed Uniform Deposition Protocol and make whatever additions, deletions or exceptions they deem necessary for their particularized class of case, and return it for review by Plaintiffs no later than forty-five (45) days from the date of this Order.  At that point, the parties will have thirty (30) days within which to meet, confer and agree upon a final Deposition Protocol Order for that particular case.

Pursuant to the Court's Order dated August 29, 2014, this Order may be appealed to Judge Marianne O. Battani within 21 days after its entry.

**IT IS SO ORDERED.**

Dated:  August 20, 2015                    /s/ Gene J. Esshaki
                                           SPECIAL MASTER

4839-9347-3062, v. 1