**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | : | 2:12-md-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>All Auto Parts Cases | : | |

**AUTOMOBILE DEALER PLAINTIFF HOLZHAUER AUTO AND TRUCK SALES, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 21 MOTION TO BE DROPPED AS A NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE**

# CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Pursuant to Federal Rule of Civil Procedure 21 and the Supplemental Discovery Plan, should Automobile Dealer Plaintiff Holzhauer Auto and Truck Sales, Inc. ("Holzhauer") be allowed to be dropped as a named plaintiff and proposed class representative?

   **ANSWER**:  Yes.

2. Should Holzhauer be required to respond to discovery though it will no longer serve as a named plaintiff and proposed class representative when Defendants can demonstrate no particularized need for the responses nor any prejudice from not receiving the responses?

   **ANSWER**:  No.

# CONTROLLING/MOST APPROPRIATE AUTHORITY

*Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir.1971)

*Ford Motor Co. v. Lane*, 86 F. Supp. 2d 711 (E.D. Mich. 2000)

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*, Case No.: 3:09-00883, 2012 U.S. Dist. LEXIS 145807 (M.D. Tenn. Oct. 10, 2012)

*Groth v. Robert Bosch Corp.*, Case No.: 1:07-cv-962, 2008 U.S. Dist. LEXIS 52328 (W.D. Mich. July 9, 2008)

*Halling v. Hobert & Svoboda, et al*, No. 87-C-912, 1989 U.S. Dist. LEXIS 18115 (E.D. Wis. July 24, 1989)

*In re Carbon Dioxide Indus. Antitrust Lit.*, 155 F.R.D. 209 (M.D. Fla 1993)

*Organization of Minority Vendors, Inc. v. Illinois*, 1987 WL 8997 (N.D. Ill. April 2, 1987)

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)

*S. Ave. Partners LP v. Blasnik*, Civil No. 3:09-cv-00765, 2013 U.S. Dist. LEXIS 132081 (N.D. Tex. Aug. 12, 2013)

*In re Urethane Antitrust Litig.*, 2006 WL 8096533 (D. Kansas June 9, 2006).

*Wilkinson v. Greater Dayton Regional Transit Authority*, 2013 WL 6087407 (S.D. Ohio Nov. 19, 2013).

**Other Authorities**

5 Newberg on Class Actions § 16:4. (4th ed. 2012)

William C. Holmes, Antitrust Law Handbook, § 8.03[2]

# TABLE OF CONTENTS

INTRODUCTION AND FACTS ................................................................................................ 1

I.  The Special Master Has Not Ruled On Holzhauer's Obligation To Respond
    To Discovery In The Context Of A Filed Motion To Be Dropped ........................................ 1

II. Auto Dealer Plaintiffs' Recent Document and Data Productions
    Belie Defendants' Argument That They Need Holzhauer's Discovery Responses ................. 2

CONCLUSION ............................................................................................................................. 5

**INTRODUCTION AND FACTS**

On August 25, 2015, Auto Dealer Plaintiff Holzhauer ("Holzhauer") filed its Rule 21 Motion To Be Dropped[1] As a Named Plaintiff And Proposed Class Representative ("Rule 21 Motion") seeking three items of relief: (1) allowing Holzhauer to be dropped as a named plaintiff and proposed class representative (2) not requiring Holzhauer to respond to discovery either before or after being dropped, and (3) quashing Defendants subpoena to Holzhauer's third party data management system provider.[2]

On September 11, 2015, Defendants filed their opposition. Defendants argue that there are no issues for the Special Master to resolve because the Special Master resolved all issues in the August 3, 2015 Amended Ruling ("Amended Ruling"). Defendants' erroneous argument is based on a misreading of the Special Master's Amended Ruling.

**ARGUMENT**

**I. The Special Master Has Not Ruled on Holzhauer's Obligation to Respond to Discovery in the Context of a Filed Motion to Be Dropped**

Defendants oppose the present motion arguing that the Amended Ruling has already decided that Holzhauer must respond to discovery. (Opp. Br. at 1-2.) Defendants are wrong. In the Amended Ruling, the Special Master decided that Holzhauer's notice of withdrawal was not sufficient to effect Holzhauer's withdrawal from the case and that Holzhauer must file a formal motion if it wished to withdraw. (Amended Ruling at 2-3.) Therefore, based on his decision that the notice of withdrawal was ineffective, the Special Master ruled that Holzhauer "must also

---

[1] The Supplemental Discovery Plan and Rule 21 of the Federal Rules of Civil Procedure use the word "drop," while the Amended Ruling uses "withdraw." There is no substantive distinction between the two and, for ease of discussion, Holzhauer uses "drop" and "withdraw" interchangeably.

[2] For brevity's sake, regarding Defendants' subpoena to Holzhauer's third party data management system provider, Holzhauer incorporates herein all of ADPs' arguments raised in ADPs' motion to quash Defendants' subpoenas.

1

comply with the discovery requirements of the January 7 and May 12, 2015 Stipulated Discovery Orders." (*Id.* at 3.)

Based on the Amended Ruling's clear language, Holzhauer interprets the its holding to mean that, absent the filing of a motion to withdraw, Holzhauer must respond to discovery. Defendants apparently read the Amended Ruling to mean that, regardless of whether Holzhauer has on file a motion to withdraw, Holzhauer must first respond to discovery before it can be dropped as a class representative. One side is wrong; and that is the unresolved issue that the Special Master must now decide.

Put another way, the Amended Ruling does not resolve the issue created by Holzhauer's filing of the present motion, which is whether a class representative who has filed a motion to withdraw must nonetheless respond to outstanding discovery. For all the reasons stated in Holzhauer's opening brief, Holzhauer should not have to respond to discovery.

II.     **Auto Dealer Plaintiffs' Recent Document and Data Productions Belie Defendants' Argument That They Need Holzhauer's Discovery Responses**

In their briefing on the motion to strike Holzhauer's notice of withdrawal, Defendants argued that they need discovery from Holzhauer to prepare expert reports and defend against class certification. Since the entry of the Amended Ruling, the landscape has changed dramatically and not favorably for Defendants' argument. On September 2 and September 9, 2015, Auto Dealer Plaintiffs ("ADPs") produced to Defendant a massive amount of documents and data. ADPs have now produced, on behalf of over forty ADPs, nearly 500,000 pages of documents. These documents include, but are not limited to, the following:

- dealership invoices for new vehicles purchased from OEMs;
- financial reports from dealerships showing dealership functions, sale figures, liabilities, expenditures, and profits;
- incentives offered to dealerships and consumers;
- promotional programs to both dealers and consumers; and

- advertisements.

In addition to these documents, ADPs have produced over 40 datasets that include 200 fields detailing numerous characteristics of vehicles sold, *e.g.*, price, color, VIN, model, MSRP and year, as well as a plethora of other information regarding financing details, trade-ins, warranty information, payment information, insurance, and leasing information.[3]

Further, OEMs are responding to subpoenas requesting over a hundred categories of documents and data related to dealership purchases and sales of new vehicles (including large amounts of downstream discovery).

These documents provide Defendants with more than enough information to brief class certification, prepare expert reports, and defend against ADPs' claims. Indeed, if ADPs can carry their burden at class certification and trial without using a single document from Holzhauer, it strains credibility for Defendants to argue that they need Holzhauer's documents.

Simply put, Defendants do not need Holzhauer's documents. Their request is a mean-spirited attempt to make Holzhauer and ADP counsel spend time and money producing documents that ADPs will not rely on in meeting their burdens of proof. Defendants' ill intent is obvious: Defendants would require Holzhauer, who would no longer be a class representative, to copy all of its financial statements for sixteen years, provide Defendants with voluminous documents from Holzhauer's portal that its manufacturer considers to be sensitive and private, and disrupt its business operations to search the emails of its employees, who no longer have any connection to the suit. After all this, both sides would likely have questions that Holzhauer would be required to answer and there would be follow-up that Holzhauer would be required to perform. All of the described discovery would be undertaken though neither Holzhauer nor

---

[3] ADPs' productions were not "document dumps." Defendants requested all of this information.

Defendants will be evaluating whether Holzhauer, specifically, was injured.

The requested information also contains private and sensitive information that must be carefully screened for production. The requested documents and data are extremely commercially sensitive, laying out all of the financials of the dealership, including numerous divisions of the business that have nothing to do with the sale of new cars. The production requested also contains personal and private information belonging to individuals that Defendants may later seek to have revealed, requiring further involvement and litigation on Holzhauer's part.

A dealership that is not participating in this lawsuit should not have to allow Defendants to probe into all of its business operations and obtain invasive and private discovery from it, especially when it will no longer be monitoring this litigation to make certain that its information is treated appropriately. Allowing Holzhauer to withdraw on the condition that it first respond to discovery is not effectively allowing Holzhauer to withdraw; Holzhauer would be bound to this case for the foreseeable future. This is an especially harsh result given that Holzhauer has never produced a document or data point that Defendants have relied upon. Defendants have everything they need from the discovery already produced by the 40 other class representatives.

Thus, in antitrust cases like this one, discovery propounded on withdrawing class members is prohibited when "[t]he information Defendants need regarding class certification issues may be obtained from the remaining class representatives." *In re Urethane Antitrust Litig.,* Case No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, at *22 (D. Kan. June 9, 2006) (allowing plaintiff to withdraw after its deposition was noticed and depositions had already commenced in the case). It makes much more sense to obtain this discovery from the numerous plaintiffs staying in the case than the one withdrawing.

## CONCLUSION

Based on the foregoing, Holzhauer's motion should be granted in its entirety.

Date: September 21, 2015.  Respectfully submitted,

/s/ Gerard V. Mantese
Gerard V. Mantese (Michigan Bar No. P34424)
Alexander E. Blum (Michigan Bar No. P74070)
**MANTESE HONIGMAN, P.C.**
1361 E. Big Beaver Road
Troy, Michigan 48083
Telephone: (248) 457-9200
gmantese@manteselaw.com
ablum@manteselaw.com

*Interim Liaison Counsel for Dealership Plaintiffs*

Don Barrett
Brian Herrington (admitted *pro hac vice*)
David McMullan, Jr.
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square
Lexington, MS 39095
Telephone:  (662) 834-2488
Facsimile:   (662)834-2628
bherrington@barrettlawgroup.com
dbarrett@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Joel Davidow
Daniel Cohen
Victoria Romanenko
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, DC 20002
Telephone: (202) 789-3960
jonc@cuneolaw.com
joel@cuneolaw.com
danielc@cuneolaw.com
vicky@cuneolaw.com

                    Shawn M. Raiter
                    **LARSON · KING, LLP**
                    2800 Wells Fargo Place
                    30 East Seventh Street
                    St. Paul, MN 55101
                    Telephone: (651) 312-6500
                    Facsimile: (651) 312-6618
                    sraiter@larsonking.com

                    *Interim Co-Lead Class Counsel for Dealership Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2015, I filed this document via CM/ECF, which will provide notice to all counsel of record.

                    /s/ Gerard V. Mantese
                    Gerard V. Mantese (Michigan Bar No. P34424)
                    Alexander E. Blum (Michigan Bar No. P74070)
                    **MANTESE HONIGMAN, P.C.**
                    1361 E. Big Beaver Road
                    Troy, Michigan 48083
                    Telephone: (248) 457-9200
                    gmantese@manteselaw.com
                    ablum@manteselaw.com