**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

_____

THIS DOCUMENT RELATES TO:

All Auto Parts Cases

_____/

MASTER FILE NO. 12-md-02311

HON. MARIANNE O. BATTANI

**ORDER GRANTING AUTOMOBILE DEALER PLAINTIFFS'
RULE 21 MOTIONS [1094 and 1121] TO BE DROPPED AS A
NAMED PLAINTIFF AND PROPOSED CLASS REPRESENTATIVE**

Before the Court is Plaintiff Beck Motors, Inc.'s Rule 21 Motion to Be Dropped as a Named Plaintiff and Proposed Class Representative (Doc. No. 1094), and Automobile Dealer Plaintiff SLT Group II, Inc.'s Motion to be Dropped as a Named Plaintiff and Proposed Class Representative (Doc. No. 1121). The Court has reviewed all of the filings and finds oral argument will not aid in the resolution of these motions. See E. D. Mich. LR 7(f)(2).

Dealerships Beck Motors, Inc. ("Beck") and SLT Group II, Inc. ("SLT") each move under Rule 21 to be dropped as a named plaintiff and proposed class representative. Under the Rule, when a party files a motion, "the court may at any time, on just terms," drop the party. Fed. R. Civ. P. 21. The Court already has dropped one auto dealer plaintiff, Holzhauer Auto & Truck Sales, Inc. ("Holzhauer"), but ordered Holzhauer to

respond to discovery as a condition of withdrawal. Defendants ask the Court to impose the same condition on Beck and SLT.

The Court declines to condition Beck's request on further compliance with discovery. At this juncture, "Defendants have received 45 sets of data, covering nearly 200 files, and thousands of new car sales, thus it is of course, not the case that "Defendants have obtained very limited Dealer transactional data,' " a circumstance that differentiates this motion from Holzhauer. (Doc. No. 1112 at 4). Moreover, Holzhauer filed a Notice to Withdraw the day after counsel informed Defendants that discovery from Holzhauer would be delivered the next day. (See Doc. No. 390 in 12-102). Neither Beck nor SLT engaged in a similar timing tactic relative to discovery. (Doc. No. 1112 at 4). Therefore, the Court finds the reasoning in Org. of Minority Vendors, Inc. v. Illinois Cent.-Gulf R.R., No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987) persuasive. In declining to require the withdrawing plaintiffs to respond to pending discovery requests as a condition to participating in future recovery, the court reasoned:

> Once they have withdrawn, these entities. . .should be treated like any other non-representative class member. No further penalty may be placed on them for withdrawing from the litigation.

Id. (citing Clark v. Universal Builders, 501 F.2d 324, 430 (7th Cir. 1974); Manual for Complex Litigation § 30.23 (2d ed. 1986)).

In addition, SLT's request to be dropped involves different circumstances than Holzhauer's. Counsel for SLT has represented that SLT does not respond to phone calls, emails, or letters, but has not expressly refused to participate in the litigation. Consequently, counsel is unable to actively and diligently litigate SLT's claims. Defendants do not contend that they will be prejudiced by SLT's request.

2

Therefore, the Court **GRANTS** the motions.

**IT IS SO ORDERED**.

Date:   January 14, 2016                    s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 14, 2016.

                                            s/ Kay Doaks
                                            Case Manager