# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: AUTOMOTIVE PARTS ANTITRUST LITIGATION, | Master File No. 12-md-02311<br>Hon. Marianne O. Battani<br><br>2:12-MD-02311-MOB-MKM |
| In Re: All Auto Parts Cases | |
| THIS DOCUMENT RELATES TO:<br><br>All Auto Parts Cases | |

## HONDA'S SEPARATE STATEMENT REGARDING OBJECTIONS TO THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY RULE 30(B)(6) DEPOSITIONS

American Honda Motor Company, Inc., American Honda Finance Corp., Honda Manufacturing of Indiana, LLC, Honda North America, Inc., Honda of America Manufacturing, Inc., Honda of South Carolina Manufacturing, Inc., Honda Precision Parts of Georgia, LLC, Honda R&D Americas, Inc., Honda Research Institute USA, Inc., and Honda Transmission Manufacturing of America, Inc. (collectively, "Honda") respectfully submit this separate statement in support of Certain SSE's Objections to Special Master's Order Regarding the Parties' Motion to Compel Discovery From Non-Party OEMs and Order Non-Party Rule 30(b)(6) Depositions (the "SSE Appeal"). Honda joins in the SSEs' objections but also writes separately to clarify its position on the appropriate scope of discovery and to provide context about Honda's participation in the discovery process so far.

Honda has worked diligently with the serving parties, both before and after the motion to compel was filed, to negotiate reasonable limits on discovery that take account of both (1) the large amount of documents and information already produced by the parties to the case; and (2) the immense burdens that this unprecedentedly broad subpoena would impose on Honda—which, after all, is one of the primary victims of the conspiracies at issue.[1] Honda's status as a primary victim has long been publicly recognized by the Department of Justice, which as a

---

[1] In the United States alone, over 15 suppliers have pleaded guilty to conspiring against Honda.

1

1031240

result has propounded on Honda numerous data requests regarding a variety of parts over a period of many years.

Not only has Honda diligently responded to the USDOJ's requests, it has also produced to the serving parties all data that it provided to USDOJ for every investigation that USDOJ has deemed closed. Honda's production to the serving parties already totals over 750mb of documents and data, and includes several categories of documents and information that are the heart of the subpoena at issue, including: (1) detailed transactional purchase data for dozens of parts; (2) documents related to bidding for the right to supply particular parts, including RFQs and RFQ evaluations; (3) MSRP, dealer-invoice price, and dealer-incentive information for every vehicle Honda manufactured and sold in the United States from 2000 through the present; and (4) data setting forth the number of vehicles, by model, manufactured and sold by each North American Honda entity for each calendar year since 2000.

As its significant document and data production demonstrates, Honda has not objected and does not object to providing reasonable discovery in this case. But this Court should limit discovery to what is reasonable in the circumstances. Because of the significant harm Honda has already suffered as one of the largest victims of these conspiracies, the third-party discovery process should be designed to avoid unnecessarily compounding that harm. Here, the procedure contemplated

2

by the Special Master's Order would impose an unnecessary burden on Honda that will be difficult to satisfy as a practical matter.

Like the other objecting SSEs, Honda is a very large company with many different affiliates, and its corporate knowledge is dispersed among its many thousands of employees.  *See, e.g.*, Declarations of Mark Willoughby, Barron Umemoto, Lou Augello, and Andrea Whobrey (Exhibits 34-37 to the Declaration of Scott M. Abeles, D.I. 1227-1).  Under the Order, Honda will be required to educate multiple witnesses to cover the waterfront on wide-ranging topics that are not cabined by specific deposition questions and topics.  Although the Special Master directed that the depositions be limited to questions on "what information is available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information," 3/24/16 Hr'g Tr. at 43, the Order is not limited in this way and will also invite questions about the substance of Honda's business practices, thus increasing the burden on Honda and threatening further complications.

The core purpose of the depositions—determining the scope of information in Honda's possession and the burdens associated with collecting and producing it—is a narrower issue that could be accomplished far more efficiently through specific written deposition questions.  *See* Fed. R. Civ. P. 31(a)(4).  Indeed, several of those questions have already been answered in the Honda employee declarations

3

1031240

submitted with the SSEs' oppositions to the motions to compel.[2] Moreover, a written-question procedure would avoid the very real possibility that Honda's witnesses will be required to sit for multiple depositions (*e.g.*, one on data availability, a second to explain the data, and a third to discuss merits issues). Honda therefore respectfully requests that the Court revise the Special Master's Order to permit the serving parties to issue a Rule 45 subpoena to Honda containing up to 25 written deposition questions regarding what Honda information is "available, reasonably accessible, and the costs and burden that would be incurred in having to generate that information."

Dated:  May 4, 2016

---

[2] To take just one example, the Declaration of Andrea Whobrey explains that Honda maintains data for individual vehicle sales from a factory to American Honda Motor Company, and then from American Honda Motor Company to a dealer for up to one year.  Older data is archived and not readily accessible. Retrieving and extracting to excel the archived data for just 1,000 vehicles would take at least one week elapsed time.  D.I. 1227-1, Ex. 36.

By: /s/ Ronald C. Wernette, Jr.
Ronald C. Wernette, Jr.
The Wernette Law Firm PLLC
1877 Orchard Lake Rd. Suite 102
Sylvan Lake MI 48320
Telephone:    248 977 3142
Facsimile:     248 977 3380
ron.wernette@wernettelawfirm.com

Daniel Purcell
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

*Attorneys for Honda*

5

1031240