# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTIRUST LITIGATION** | Master File No.:   12-md-02311<br>Honorable Marianne O. Battani<br><br>2:12-MD-02311-MOB-MKM |
| In Re: All Auto Parts Cases | |
| **THIS DOCUMENT RELATES TO: ALL AUTO PARTS CASES** | |

# GENERAL MOTORS' SEPARATE REPLY REGARDING OBJECTIONS TO THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING <u>NON-PARTY RULE 30(b)(6) DEPOSITIONS</u>

## **CONTROLLING AUTHORITY FOR RELIEF SOUGHT**

1. *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, 2013 WL 309147 (E.D. Mich. Jan. 25, 2013)

2. *United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 4838987 (E.D. Mich. Oct. 11, 2012)

3. *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458 (N.D. Ohio Feb. 13, 2008)

General Motors LLC ("GM") respectfully submits this separate reply in further support of Certain SSEs' Objections to the Special Master's Order Regarding the Parties' Motion to Compel Discovery From Non-Party OEMs and Order Non-Party Rule 30(b)(6) Depositions (the "SSE Appeal").  GM makes this submission to highlight certain issues that support modification of the Special Master's Order.  See Dkt. 1327 at 2-3.

The premise of the Serving Parties' broad demands, and of the Special Master's Order, is that the actions in this MDL are large cases that, by virtue of their size, justify imposing substantial burdens on third parties like GM and the other OEMs.  But this premise is misplaced because, among other things, it ignores that the size of the cases results from a decade-long, multi-billion dollar criminal conspiracy that the conspirators admitted victimized GM and the other major OEMs.  GM and the other OEMs should not now be further victimized by being forced to assume huge costs to provide third-party discovery to assist the conspiring parts manufacturers to defend indirect purchaser claims.  Nor should GM and the other OEMs, the victims of the improper conduct, be asked to assume those costs for the benefit of the alleged indirect purchaser classes.

This is all the more so given that the OEMs have proposed more efficient means to provide the requested information.  GM previously has proposed, for example, a compromise wherein the Serving Parties may serve up to 25 written deposition questions on the preliminary topics the Special Master permitted.  Dkt. 1327 at 2-3.  These topics are technical in nature and typically answered via interrogatories, ESI protocol disclosures, and other written means.  Thus, GM believes its proposal balances the competing interests at issue in this current dispute while providing the preliminary discovery the Special Master authorized.

1

To the extent the Serving Parties reject this proposal and instead insist on an oral deposition process—which will require substantial costs, time, and multiple witnesses, see Dkt. 1327 at 1-3—then GM respectfully submits they should bear GM's and the other OEMs' costs for doing so.  The federal rules mandate such cost-shifting for third-party discovery where the subpoena forces the third party to incur any sort of significant costs.  *See United States v. Blue Cross Blue Shield of Michigan*, 2012 WL 4838987, at *4 (E.D. Mich. Oct. 11, 2012); *see also Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, 2013 WL 309147, at *1 (E.D. Mich. Jan. 25, 2013) (noting that "Federal Rule of Civil Procedure 45(c) directs the Court to prevent the imposition of an undue burden on Campbell as a non-party to this action," and requiring the issuing parties to pay 70% of costs of subpoena compliance).  Such cost-shifting is particularly appropriate here, where the serving parties include the perpetrators of an admitted criminal conspiracy, and the receiving parties were the direct victims of that conspiracy and have little prospect of ever recovering the full value, or even close to the full value, of the losses they sustained.

Furthermore, as GM noted in its opening Separate Statement papers (Dkt. 1327, 1330), the scope of a third-party subpoena must also be weighed against the viability of the plaintiffs' claims and the likely utility of the requested discovery.  *See Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *5 (N.D. Ohio Feb. 13, 2008) (the court must "measure[] the breadth of the information sought by the Plaintiff against the scope and viability of its claims in the underlying litigation and the interests that might possibly be served by demanding compliance with the subpoenas") (citing *Simon Property Grp., Inc. v. Taubman Centers, Inc.*, 2008 WL 205250, at *3 (E.D. Mich. Jan 24, 2008)).  Where, like here, a subpoena seeks trade secrets (*e.g.*, *inter alia*, the intricate details of GM's and the other OEMs' extraordinarily sensitive pricing

2

methodologies), the Court should modify or quash the subpoena to protect the third party, particularly if there is little utility in requiring production of such competitively sensitive information. Fed. R. Civ. P. 45(d)(3)(B)(i); *cf. In re Vitamins Antitrust Litig.*, 267 F. Supp. 2d 738, 741-42 (S.D. Ohio 2003) (quashing subpoena where the serving party sought third party's "lifeblood" trade secrets).

Given (a) GM's (and other OEMs') factual showings to date on the limited utility of most of the requested information, *see, e.g.*, Dkt. 1330, and (b) the fact that much of the granular discovery the Serving Parties seek can be either obtained through narrower discovery or should already be in the Serving Parties' possession, *see, e.g.*, Dkt. 1327 at 3-6, a more measured and efficient approach to the current preliminary topics and, ultimately, to the subpoena's scope is justified. For the present dispute, that militates in favor of the targeted written questions GM proposes.

DATED: May 23, 2016

Respectfully submitted,

__/s/ Stephen R. Neuwirth_____
Stephen R. Neuwirth
Adam B. Wolfson
Corey Worcester
Richard T. Vagas
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
(212) 849-7100 (fax)
stephenneuwirth@quinnemanuel.com

*Attorneys for General Motors LLC, General Motors Company, General Motors Financial Company, Inc., and General Motors Holdings LLC*

## CERTIFICATE OF SERVICE

    I, Corey Worcester, hereby certify that on May 23, 2016, I caused a true and correct copy of **GENERAL MOTORS' SEPARATE REPLY REGARDING OBJECTIONS TO THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTY OEMS AND ORDERING NON-PARTY RULE 30(b)(6) DEPOSITIONS**, to be served upon all registered counsel of record via the Court's CM/ECF system.

DATED: May 23, 2016

By: /s/ Corey Worcester
Corey Worcester
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100
coreyworcester@quinnemanuel.com

*Attorney for General Motors LLC, General Motors Company, General Motors Financial Company, Inc., and General Motors Holdings LLC*