**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-MD-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| In Re:  All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | Oral Argument Requested |

**REPLY MEMORANDUM IN SUPPORT OF NON-PARTY DAIMLER TRUCK ENTITIES' OBJECTIONS TO, AND MOTION TO MODIFY, SPECIAL MASTER'S APRIL 20, 2016 ORDER**

**Preliminary Statement**

The undisputed evidence before the Special Master established that the Daimler Truck Entities manufacture custom vehicles and negotiate prices on a customer-by-customer basis, resulting in dealer and end purchaser prices for the "same" commercial truck varying by tens of thousands of dollars, creating customer-specific downstream prices fundamentally different from the uniform pricing of automobile OEMs.  Yet TEDPs made no attempt to explain to the Special Master why the Subpoena, crafted expressly for automobile OEMs, would elicit relevant evidence from the Daimler Truck Entities – and Daimler submitted evidence, never disputed, that it would not.  Despite TEDPs' failure to establish the threshold Rule 26(b)(1) requirement of relevance, the Order requires *seven* Daimler Truck Entities to prepare Rule 30(b)(6) designees (likely a dozen or more) to sit for 14 hours of deposition on five broad topics (which will likely entail over 100 hours of outside counsel time and a like amount for in-house counsel and Daimler employees).  Imposing this substantial and costly burden on the Daimler Truck Entities in the absence of *any* showing by TEDPs is obvious and prejudicial error.

TEDPs make four arguments why this error should be affirmed.  First, they argue they "joined" in the Motion to Compel.  They did not.  They signed onto the Motion, which did not contain a line of explanation to justify the discovery they seek.  Second, they argue that Daimler did not establish the irrelevance of the Subpoena.  This is legally backwards and factually incorrect.  It is *TEDPs*' burden to establish relevance, which they did not even attempt to do.  Rather, Daimler established the Subpoena's irrelevance in a declaration to which TEDPs have never responded.  Third, TEDPs rely on a newly minted declaration and new arguments explaining the relevance of the discovery sought.  That declaration is untimely, there are no "extraordinary" circumstances excusing it, it offers nothing but generalities, and their new arguments add nothing at all.  Fourth, they claim Daimler "refused" to meet-and-confer.  Untrue.

Daimler suggested – a suggestion met by TEDPs' silence and hence agreement – that the discovery sought be put in abeyance until after the automobile OEMs and the Parties reached agreement or this Court ruled. Neither has occurred. Daimler's objections should be sustained.

## Argument

**I.    THE MOTION TO COMPEL DID NOT PROVIDE ANY ANALYSIS WHY DISCOVERY FROM DAIMLER TRUCK ENTITIES WOULD BE RELEVANT.**

A party is not entitled to discovery (here, costly discovery of seven distinct entities) unless they establish the threshold requirement of relevance. *See* Rule 26(b)(1). The Daimler Truck Entities' moving papers (Dkt. # 1318 at 5-6) cited case after case so holding. The TEDPs address none of them. Instead, they assert that "the serving parties, including TEDPs, amply justified the discovery sought [from] SSEs including the Daimler Truck Entities." (Dkt. # 1352 at 7-8.) That is wishful thinking totally at odds with the record before the Court.

Daimler established that the Motion to Compel did not include "a line" of argument why discovery from the Daimler Truck Entities was relevant. (Dkt. # 1318 at 4.) TEDPs' arguments made for the first time on appeal (Opp. at 7-8) fail to offer a single citation to the contrary, but instead discuss arguments why discovery from *automobile OEMs* would be relevant. TEDPs' Reply conceded not a line in the moving paper established the relevance of the discovery they sought, but assured the Special Master *in one conclusory* **sentence** that it was relevant for the same reason it was relevant when sought from the automobile OEMs. (Dkt. # 1245 at 2.) In short, TEDPs failed to provide the Special Master with *any* showing of relevance.

**II.   THE BURDEN WAS ON TEDPs TO ESTABLISH RELEVANCE, THEY DID NOT AND FAILED TO ADDRESS THE DAIMLER DECLARATION SHOWINGS THE IRRELEVANCE OF THE DISCOVERY SOUGHT.**

TEDPs argue that the "Daimler Truck Entities failed to rebut TEDPs showing that the information sought by the Subpoena is relevant." (Dkt. # 1352 at 8-12.) This assertion fails for

three reasons.  First, virtually all TEDPs' arguments are made for the first time on appeal[1] and by their own authority are untimely and should be disregarded.  *See* Point III *infra*.  Second, TEDPs engage in transparent boot-strapping.  They argue once they **had** established the relevance of the discovery sought, the burden shifted onto Daimler to show the discovery should not be allowed.  But TEDPs did not offer "a line" of argument to the Special Master why the discovery they sought was relevant.  Rather TEDPs committed exactly the same mistake before the Special Master that they made in their First Amended Complaint (Dkt. # 68) against the MELCO Defendants, a complaint the Court dismissed on December 30, 2015 (Case No. 2014-cv-1455, Dkt. # 93).  In that Complaint, they assumed without analysis that a conspiracy against automobile OEMs translated without more into a conspiracy against commercial truck OEMs, and offered only meritless "boilerplate" and "generic" allegations. (*Id.* at 8-9.)  Before the Special Master, TEDPs didn't even offer "boilerplate" allegations of relevance – they offered nothing.  Third, Daimler filed the Hayes Declaration.  (Dkt. 1227-29.)  Mr. Hayes declared, among other things, that "[c]onducting a search for documents using a list of automotive parts that fails to reflect the distinct nature of the types of trucks manufactured by Daimler would be completely infeasible."  (*Id.* ¶ 3.)  TEDPs have never responded to that declaration.

### III.     THE REASER DECLARATION SHOULD BE DISREGARDED AS UNTIMELY.

TEDPs' own authority holds that arguments made for the first time to the District Court on appeal from the Special Master's Order should be ignored other than in "exceptional cases or particular circumstances or when the rule [to ignore new material] would produce a plain miscarriage of justice." *E.E.O.C. v. Yenkin-Majestic Paint Corp.*, 112 F. 3d 831, 836 (6th Cir.

---

[1] TEDPs' only argument that is not entirely new is their discussion attempting to distinguish case law authority cited by Daimler. (*See*  Dkt. # 1352 at 10-11.)  Daimler lacks space to show TEDPs' arguments are distinctions without a difference, but can so demonstrate at the hearing.

1997) (quotations omitted).  TEDPs fail to identify any "exceptional" circumstance that would result in a "plain miscarriage of justice" if the new material were not considered.

The reverse is true.  The Reaser Declaration, submitted for the first time with TEDPs' Opposition, is four pages long.  Daimler has a week and five pages to respond.  The untimely Reaser Declaration is the result either of negligence or gamesmanship, neither of which should rewarded.  The same is true for the new arguments TEDPs make in Opposition.  *See* n.1 *supra.*  Under *E.E.O.C.*, virtually all of the Opposition and the Reaser declaration should be disregarded and Daimler's objections granted as a matter of course.[2]

### IV.     BY THEIR SILENCE, TEDPs AGREED TO HOLD THE SUBPOENA IN ABEYANCE UNTIL *AFTER* AGREEMENT ON THE SCOPE OF DISCOVERY OR UNTIL THE SCOPE OF THE SUBPOENA WAS SETTLED, NEITHER OF WHICH HAS OCCURRED.

Clumsily trying to put the black hat on Daimler, TEDPs argue that Daimler "refused" to meet and confer in a strategy of "simple gamesmanship."  (Dkt. # 1352 at 1, 12.)  That assertion makes no sense.  Rather, their acceptance by silence of the path forward put forth by Daimler's counsel means their attempt to obtain discovery at this time is patently premature.  As TEDPs emphasize, counsel for Daimler suggested that the Daimler Truck Entities and TEDPs hold in abeyance meet-and-confer or compliance with the Subpoena until after "the parties reach agreement at a general level, or after the Special Master and/or Judge Battani has ruled on the proper scope of the subpoena." (*Id.* at 12.)  TEPDs never responded to that email and by their

---

[2]  Daimler lacks the space in a five-page reply to respond in any proportionate way to the TEDPs' new evidence and argument. It must suffice to say:  (1) the Reaser Declaration (Dkt. # 1352-3) cites the Hayes Declaration as materials he's reviewed, but fails to respond to it, offering instead broad generalities about the ability of regression analysis to calculate damages, without any discussion of the information actually sought from the Daimler Truck Entities; and (2) TEDPs' new arguments in their Opposition from pages 7 through 10 fail to provide a single cite (as there is none) for any argument by them to the Special Master why the discovery they sought from the Daimler Truck Entities was relevant and failed to provide any discussion to this Court.

silence accepted it. The parties did not agree and neither the Special Master nor this Court has ruled on the proper scope of the Subpoena. Hence, any attempt by TEDPs to obtain discovery at this time is premature and should be rejected on that basis as well.

### V.     ANY DISCOVERY OF THE DAIMLER TRUCK ENTITIES AT THIS TIME SHOULD BE BY WRITTEN QUESTIONS AND ANSWERS.

Daimler and others have requested that if any "discovery program about discovery" is allowed (as it should not be), it go forward by way of Rule 31 written questions and answers. The Parties argue that depositions by written questions are "disfavored" and provide a long string-cite in support. (Dkt. # 1355 at 15-19.) Of course Rule 31 written questions are disfavored over oral examination *in true discovery depositions*. But the depositions contemplated by the Special Master are not meant to identify facts relevant to issues in dispute, but instead to identify what data and documents are available and at what cost. Plainly a targeted set of written questions with written answers would provide a far more efficient way to provide that information that would preparing numerous Rule 30(b)(6) designees to parrot compilations of voluminous information with which they will be unfamiliar in the regular course of business. It will be logistical nightmare to try to educate numerous Rule 30(b)(6) designees on five broad topics over *seven* distinct companies and would impose enormous burden for no purpose.

### Conclusion

TEDPs have failed to show their complaint is legally sufficient, or to show the discovery they seek is relevant, or to respond to evidence it is not or to explain why they cannot obtain it from Defendants or Plaintiffs. They unfairly target the Daimler Truck Entities, Nissan Diesel and Hino, and ignore the rest of the commercial truck industry, meaning any discovery they get will be piecemeal. Enforcing the Order against the Daimler Truck Entities would impose costly burden for no purpose. Their objections should be sustained in all respects.

DATED:  May 23, 2016                        Respectfully submitted,

                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                           By  _/s/ Dominic Surprenant_____

                                           Dominic Surprenant
                                           Nithin Kumar
                                           Attorneys for Daimler Trucks North American LLC, Daimler Vans Manufacturing LLC, Daimler Vans USA LLC, Freightliner Custom Chassis Corp, Mitsubishi Fuso Truck of America, Inc., Thomas Built Buses, Inc., Western Star Trucks Sales, Inc.

**CERTIFICATE OF SERVICE**

      I certify that on May 23, 2016, I caused a copy of the foregoing Reply Memorandum in Support of Non-Party Daimler Truck Entities' Objections to, and Motion to Modify, Special Master's April 20, 2016 Order to be electronically filed via the Court's ECF system, which will serve notification of such filing to all counsel of record for the Parties.

                                                  /s/ Dominic Surprenant

                                                  Dominic Surprenant