# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : Master File No. 12-md-02311<br>: Honorable Marianne O. Battani<br>: Special Master Gene J. Esshaki |

ALL AUTOMOTIVE PARTS CASES

THIS DOCUMENT RELATES TO:
ALL ACTIONS

## SPECIAL MASTER'S ORDER REGARDING CERTAIN PARTIES' MOTION TO COMPEL DISCOVERY FROM NON-PARTIES AND ORDERING PRODUCTION OF CERTAIN CATEGORIES OF DATA AND DOCUMENTS PREVIOUSLY PRODUCED TO THE DOJ

WHEREAS, on January 19, 2016, Plaintiffs and Defendants (collectively, the "Parties")[1] filed a joint motion to compel discovery from non-parties and, certain Plaintiffs filed a separate motion relating to data and documents sought in the "Uniform OEM Subpoena" Request No. 27, which sought data and documents produced to the Department of Justice ("DOJ") and other regulators, and regarding

---

[1] The Parties consist of End-Payor Plaintiffs, Automobile Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, the State of Florida, the State of Indiana (collectively, the

documents requested in OEM Subpoena Request No. 31("Plaintiffs' Motion") (collectively, the "Motions");[2]

WHEREAS, on February 19, 2016, several groups of Specific Subpoenaed Entities ("SSEs") filed oppositions in response to the Motions;[3]

WHEREAS, on March 11, 2016, the Parties filed replies in further support of the Motions;[4]

WHEREAS, some SSEs produced data and documents to the United States Department of Justice ("DOJ") as part of the DOJ's ongoing investigations into collusion, including price-fixing, market allocation, and bid-rigging in the automotive parts industry;

WHEREAS, the Parties jointly served third party subpoenas on SSEs in July and August 2015, including a request for data and documents produced to the DOJ and other regulators, to which certain SSEs objected. The Parties and SSEs met-

---

"Plaintiffs") and Defendants in the Automotive Parts Antitrust Litigation, No. 2:12-md-02311-MOB-MKM (E.D. Mich.) (*see* ECF No. 1185 Attachment A).

[2] *See* The Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1185) and Certain Serving Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF Nos. 1187 and 1188).

[3] The SSEs' Oppositions to the motions to compel are docketed at ECF 1227 (Joint Opposition)); 1223 (on behalf of Smaller SSEs); 1224 (on behalf of Non-OEM Domestic Distributors); 1226 (on behalf of Truck and Equipment SSEs); and ECF No. 1230 (on behalf of Non-Core SSEs). Defendants filed an opposition to the Motion to Compel filed by Certain Parties. ECF 1216.

[4] *See* End-Payor Plaintiffs' Reply in Support of the Parties' Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1250); Defendants' Reply in Support of the Parties' Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (ECF No. 1246); Certain Serving Parties' Reply in Support of Motion to Compel Discovery from Non-Party Original Equipment Manufacturers (ECF No. 1254); and, Truck and

and-conferred on the Parties' discovery requests between September and December 2015;

WHEREAS, on March 24, 2016, following a session of mediation involving certain SSEs, the Special Master held a hearing addressing the issue of data and documents produced to the DOJ, during which he issued his ruling thereon. Other aspects of the Motions remain pending and will be addressed in separate orders. This Order regarding the motion styled as a "Motion to Compel Discovery from Non-party Original Equipment Manufacturers" memorializes the Special Master's ruling on the DOJ data and documents only.

**IT IS HEREBY ORDERED:**

**I.    DEFINITIONS**

A.    **"DOJ Production SSEs"** shall mean any Specified Subpoenaed Entity that produced documents and/or data to the DOJ in connection with its ongoing series of investigations into collusion, including price-fixing, market allocation, and bid-rigging in the automotive parts industry.

B.    **"Auto Parts Cases"** shall mean all cases that are or will be consolidated or coordinated into *In re Automotive Parts Antitrust Litigation* and including, without limitation, Nos. 2:15-cv-12893 and 2:15-cv-003200 (Automotive Hoses); 2:15-cv-13000 (Automotive Brake Hoses); 2:15-cv-14080 and 2:15-cv-

---

Equipment Dealer Plaintiffs' Reply in Support of Motion to Compel Discovery From Non-Party Original Equipment Manufacturers (ECF No. 1245).

03300 (Shock Absorbers); 2:16-cv-10456 and 16-cv-03400 (Body Sealings); 2:16-cv-10461 and 16-cv-03500 (Plastic Interior Trim Parts); and, 2:16-cv-11082 and 2:16-cv-11087 (Exhaust Systems).

## II. PRODUCTIONS ORDERED

1. Absent other agreement between the Parties and the DOJ Production SSEs, the DOJ Production SSEs shall produce to the Parties, within twenty-one (21) days of entry of this Order, all transactional data and documents they produced to the DOJ relating to the automotive and truck and equipment parts at issue in the Auto Parts Cases, except the following:

> (a) communications, witness statements, summaries, or other materials (other than transactional data) prepared specifically for any DOJ grand jury investigation;
>
> (b) communications between the DOJ and OEMs, including with respect to any request by the DOJ for analyses, projections, and/or assistance in understanding data that the OEMs produced to the DOJ;
>
> (c) documents relating exclusively to (i) shock absorbers or (ii) automotive and/or truck and equipment parts that are not the subject of a pending civil action in MDL 2311; and

      (d)    documents relating to any ongoing DOJ investigations into collusion, including price-fixing, market allocation, and/or bid-rigging in the automotive parts and/or truck and equipment parts industries concerning parts that are not the subject of a pending civil action in MDL 2311.

2. To the extent that any document subject to production pursuant to paragraph II.1. contains any reference to, or relates to: (i) shock absorbers, or (ii) any automotive and/or truck and equipment part that is not the subject of a pending civil action in MDL 2311, those portions of the document referencing or relating to said part(s) shall be redacted prior to production. Documents redacted pursuant to this paragraph II.2. shall be produced within twenty-one (21) days of entry of this Order.

3. If additional automotive or truck and equipment parts become the subject of a civil action in MDL 2311, the Parties and the DOJ Production SSEs shall solicit the views of the DOJ as to whether the DOJ requests any limitation on civil discovery relating to such additional parts, and then meet and confer concerning the production of documents concerning such additional automotive and/or truck and equipment parts by the DOJ Production SSEs to the Parties consistent with DOJ's guidance and any applicable Order(s) of the Court.

4.      This Order shall be subject to appeal to The Honorable Marianne O. Battani, pursuant to the Order Appointing the Special Master.[5] Any party that wishes to file an objection to this Order must do so within fourteen (14) days of the ECF filing date of this Order. Responses shall be due ten (10) days after the date on which the objections are filed, and replies shall be due five (5) days after the date on which the responses are filed. Failure to meet this deadline results in waiver of any objection to the Master's order, absent good cause shown. Order Appointing Master at § II.B.

**IT IS SO ORDERED.**

DATED: August 1, 2016                    /s/ Gene J. Esshaki
                                         GENE J. ESSHAKI
                                         SPECIAL MASTER

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 1, 2016.

                                         s/ Kay Doaks
                                         Case Manager

---

[5] *See* Order Appointing Master (ECF No. 792).