UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION** | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani<br>Special Master Gene J. Esshaki |
| **In Re: All Auto Parts Cases** | 2:12-MD-02311-MOB-MKM |
| **THIS DOCUMENT RELATES TO:**<br>**ALL AUTO PARTS CASES** | Oral Argument Requested |

### GENERAL MOTORS' OPPOSITION TO
### CERTAIN PARTIES' MOTION TO COMPEL REQUEST NO. 31

On November 7, 2016, the Auto Dealer Plaintiffs, Truck and Equipment Dealer Plaintiffs, and End-Payor Plaintiffs renewed their motion to compel responses to Plaintiffs' Request No. 31 (Dkt. 1497) (the "Request No. 31 Motion"). General Motors, LLC ("GM"), on behalf of itself and its affiliated subpoenaed entities, respectfully submits this brief in opposition to the motion.

I. **ARGUMENT**

Several parties, including the Defendants and the broader group of SSEs have already briefed objections to that request based on the Sixth Circuit's "settlement privilege," as first articulated in its *Goodyear* decision, as well as that the OEMs' internal deliberations relating to their negotiations or communications with suppliers regarding the conduct at issue would be protected by the attorney-client privilege and work product doctrine. *See* Dkt. 1227, at 35-37; Dkt. 1497-3; Dkt. 1508, at 10-11. GM joins in those arguments and therefore will not repeat them at length again here. There is, however, an additional reason not discussed in the prior briefs why the Motion should be denied.

For the Court's reference, Request No. 31 seeks:

All Documents relating to Your or other OEMs' negotiations or Communications with any of the Defendants or other Components or Assemblies suppliers in connection with Defendants' and other Components or Assemblies suppliers' conduct at issue in MDL No. 2311 and Documents Defendants or other Components or Assemblies suppliers provided to You or other OEMs, in connection with the facts described in any Plaintiffs' Complaints.

Plaintiffs have justified this request on the grounds that it "will assist Plaintiffs in conducting an analysis of the scope and the impact of the alleged conspiracy." Dkt. 1497-1, at 11. Specifically, Plaintiffs claim, the settlement communications between Defendants and any OEMs, including GM, will explain "how the Defendants explained the conspiracy to their major customers, the scope and impact of the conspiracy, and how long the effects of the conspiratorial

1

conduct lasted." *Id.* Plaintiffs also seek the OEMs' settlement positions regarding how they were harmed. Dkt. 1497-4, at 5-6. In other words, Plaintiffs seek Defendants' discussions of their liability, as well as the OEMs' views regarding the amount and quality of the harm they suffered as a result of the conspiracy.

Federal Rule of Evidence 408 is clear that statements made during settlement negotiations are inadmissible "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. Nevertheless, that is exactly why Plaintiffs want the OEMs' settlement discussions with the Defendants. Plaintiffs explicitly seek what the Defendants said in OEM-related settlement negotiations about their liability, and Plaintiffs also want to know how, in those same discussions, the OEMs quantified their damage. *See, e.g.*, Dkt. 1497-1, at 11; Dkt. 1497-4, at 5-6.

As the Sixth Circuit held in *Goodyear*, it is incumbent on the party seeking "any communications made in furtherance of settlement" to demonstrate that the materials are to be used for a "legitimate, admissible" use. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003). Because the Serving Parties identify no such "legitimate, admissible" use for the materials they seek via Request No. 31—*i.e.*, their only purpose is to violate Rule 408—the discovery must be denied. *Id.*[1]

## II.   CONCLUSION

For the foregoing reasons, as well as those offered by the other targets of the motion, GM respectfully submits that the Court should deny the Request No. 31 Motion.

---

[1] *See also id.* at 981 (noting that, in the unique circumstances of settlement negotiations, "the parties may assume disputed facts to be true for the unique purpose of settlement negotiations," making "discovery of these sort of 'facts'" highly misleading) (citing *Wyatt v. Sec. Inn Food & Beverage, Inc.*, 819 F.2d 69, 71 (4th Cir. 1987)).

2

| | |
|---|---|
| DATED:  November 22, 2016 | By: */s/ Adam B. Wolfson*<br>Adam B. Wolfson<br><br>**QUINN EMANUEL URQUHART<br>   & SULLIVAN, LLP**<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA  90017<br>Tel:  213-443-3000<br>Fax:  213-443-3100<br>adamwolfson@quinnemanuel.com<br><br>*Attorney for General Motors LLC, General Motors Company, General Motors Financial Company, Inc., and General Motors Holdings LLC* |

3