**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

|  |  |
|---|---|
| In Re: **AUTOMOTIVE PARTS**<br>  **ANTITRUST LITIGATION** | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: **Wire Harness Cases** | 2:12-CV-00101-MOB-MKM |
| **THIS DOCUMENT RELATES TO:**<br>**Direct Purchaser Actions** | |

### NON-PARTY TOYOTA'S MOTION TO MAINTAIN UNDER SEAL CERTAIN PORTIONS OF THE DEFENDANTS' SUMMARY JUDGMENT MATERIALS PURSUANT TO L.R. 5.3

Non-parties Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (together, "Toyota"), by their attorneys, move to maintain under seal, pursuant to L.R. 5.3(b), certain portions of the following materials filed by defendants Denso and Furukawa, the subject matter of which are confidential Toyota information: the Denso Defendants' Motion for Summary Judgment on all Claims, Doc. 328 (sealed Doc. 330); the Denso Defendants' Statement of Undisputed Material Facts in Support of DENSO's Motion for Summary Judgment, Doc. 331 (sealed Doc. 332) ; the Furukawa Defendants' Motion for Summary Judgment, Doc. 336 (sealed Doc. 337); the Declaration by Kenneth R. Davis II re: Motion for Summary Judgment, Doc. 342; the Furukawa Defendants' Amended Motion for Summary Judgment, Doc. 347 (sealed Doc. 348); and the Declaration by Kenneth R. Davis II re: Amended Motion for Summary Judgment, Doc. 353 (collectively, "Defendants' Summary Judgment materials"). The specific portions of the Defendants' Summary Judgment materials Toyota seeks to maintain under seal are: Exhibit 29 to the Denso Defendants' Statement of Undisputed Material Facts in Support of DENSO's Motion for

Summary Judgment ("Denso Exhibit 29"); the two sentences on page 7 of the redacted original and redacted Amended Furukawa Defendants' Motions for Summary Judgment which reference Toyota's 30(b)(6) deposition testimony, paragraph 8 of the Declarations by Kenneth R. Davis II, and Exhibit 7 to the Declarations by Kenneth R. Davis II (the "Furukawa materials") (collectively, the "Toyota references").  For the reasons stated more fully below, this Motion should be granted.

1.      Toyota is a non-party to this litigation.   However, as a manufacturer of automobiles, Toyota's business processes and internal decision-making have been referenced in the Defendants' Summary Judgment materials.

2.      Toyota and the defendants have designated certain information related to Toyota as highly confidential. A protective order requires that such information be filed under seal, as defendants have done here.  Toyota seeks to maintain under seal the Toyota references in Defendants' Summary Judgment materials.

3.      L.R.  5.3(b)(2)  states  that  a  motion  or  proposed  stipulated  order  seeking authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; the reason the sealing of each item is necessary; (4) the reason the means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. L.R. 5.3(b)(2)(A).

4.      The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), Doc. 200, dated July 10, 2012, provides authority for  the  sealing  of  the  Toyota  references  in  the  Defendants'  Summary  Judgment  materials under L.R. 5.3.  Paragraph 7 of the Protective Order, entitled "Filing of Protected Information,"

states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) are to be filed under seal according to the procedures contained in the Protective Order. See Protective Order Para 7. The Protective Order also applies to non-parties.   See Protective Order Para 19.   This Court maintains "supervisory power over its records and files." *Sami v Detroit Med Ctr*., 2012 WL 3945532 at 1 (E.D. Mich. Sept 10, 2012) citing *Nixon v Warner Communications Inc*., 435 U.S. 589, 598 (1978).   This authority includes fashioning orders that limit access to certain court documents. *Sami, supra* citing Fed. R. Civ. P. 26(c).

5.      Denso Exhibit 29 was designated by Denso as Highly Confidential – Attorney's Eyes Only pursuant to the Protective Order.  It reflects Toyota's decisions about which suppliers receive RFQs for certain projects.  The information and depositions referenced in the Furukawa materials were designated by Toyota as Highly Confidential – Attorney's Eyes Only pursuant to the Protective Order.  Those materials discuss in detail Toyota's internal systems and processes for automobile parts procurement, planning and purchasing.

6.      There is no other means to protect the confidential nature of the Toyota references in the Defendants' Summary Judgment materials other than by sealing the Toyota references in the Defendants' Summary Judgment materials.

7.      This information is highly confidential and competitively sensitive, as it goes to the heart of how Toyota conducts its business. The case law below demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records, and therefore, constitutes authority for filing under seal.

8.      It is necessary to maintain under seal the Toyota references in the Defendants' Summary Judgment materials because they contain highly confidential information. Otherwise,

the information will be available to the public in contravention of the protective order and Toyota's interest in protecting truly confidential information.

9.     There is no less onerous alternative to sealing the Toyota references in the Defendants' Summary Judgment materials that would ensure the confidentiality of Toyota's information. Toyota has a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with the Defendants' Summary Judgment materials.

10.     Toyota submits and relies upon the attached brief in support of its Motion.

11.     Toyota submits a Proposed Order pursuant to L.R. 5.3(b)(2)(A)(v).

WHEREFORE, Toyota respectfully requests that the Court grant its motion and maintain under seal the Toyota references in the Defendants' Summary Judgment materials.

**BRIEF IN SUPPORT OF NON-PARTY TOYOTA'S MOTION TO MAINTAIN
UNDER SEAL CERTAIN PORTIONS OF THE DEFENDANTS' SUMMARY
JUDGMENT MATERIALS PURSUANT TO L.R. 5.3**

**STATEMENT OF ISSUES PRESENTED**

1.    Should this Court maintain under seal certain portions of the Defendants' Summary
Judgment materials that refer to Toyota and its business processes?

Toyota Responds:  Yes.

## CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY

*L.R. 5.3(b)*

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983)

*Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, (W.D. Mich. Apr. 19, 2012)

*LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261 (E.D. Mich. Apr. 28, 2008)

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793 (S.D. Ohio Sept. 23, 2016)

*Sami v Detroit Med Ctr.*, 2012 WL 3945532 (E.D. Mich. Sept 10, 2012)

## I.        INTRODUCTION AND BACKGROUND

Non-party Toyota moves to maintain under seal, pursuant to L.R. 5.3(b), the Toyota references in the Defendants' Summary Judgment m a t e r i a l s because they contain c o m m e r c i a l l y  s e n s i t i v e  b u s i n e s s  information a b o u t  T o y o t a ' s b u s i n e s s  which Toyota or the defendants have designated as highly confidential or highly confidential − outside attorneys' eyes only. Furthermore, since a Protective Order requires Toyota and the defendants to file documents designated as highly confidential under seal, Toyota brings this motion requesting an Order maintaining under seal the Toyota references in the Defendants' Summary Judgment m a t e r i a l s .

## II.       LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc*., 723 F.2d 470, 474 (6th Cir. 1983). Thus, documents that reveal "truly confidential information" constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal. *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, 2008 WL 1923261, at *27 (E.D. Mich. Apr. 28, 2008); *see also Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc*., No. 1:12-CV-369, 2012 WL 1377598, at *1 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *quoted in Cinpres Gas Injection Ltd.  v. Volkswagen Group of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013) (sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated"); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016) (sealing information is proper

where it is "proprietary and would harm [a party's] business interests if released"); *U.S. v. Nallani*, 11-CR-20365, 2016 WL 4138227, at *3 (E.D. Mich. Aug. 3, 2016).

The Local Rules of this Court and the case law thereunder set forth the process for filing documents under seal. L.R. 5.3(b) provides that a court order is required to seal documents where, as here, no particular statute or rule authorizes such sealing. L.R. 5.3(b)(1). LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. LR 5.3(b)(2)(A).

The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), Doc. 200, dated July 10, 2012, provides authority for the sealing of the proposed pleading under L.R. 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that"[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) are to be filed under seal according to the procedures contained in the Protective Order. See Protective Order Para 7. The Protective Order also applies to non-parties. See Protective Order Para 19. This Court maintains "supervisory power over its records and files." *Sami v Detroit Med Ctr.*, 2012 WL 3945532 at 1 (E.D. Mich. Sept 10, 2012) citing *Nixon v Warner Communications Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning orders that limit access to certain court documents. *Sami*, *supra* citing Fed. R. Civ. P. 26(c).

Toyota seeks to maintain under seal the Toyota references in Defendants' Summary

Judgment materials, which consist of Denso Exhibit 29 and the Furukawa materials. The information and depositions referenced in Defendants' Summary Judgment materials were appropriately designated as Highly Confidential – Attorney's Eyes Only pursuant to the Protective Order. Denso Exhibit 29 reflects Toyota's decisions about which suppliers receive RFQs for certain projects, while the Furukawa materials discuss in detail Toyota's internal systems and processes for automobile parts procurement, planning and purchasing.

This internal information goes to the heart of how Toyota conducts its business, and therefore is highly confidential and competitively sensitive. The case law above demonstrates that it falls within one of the recognized exceptions to the general right of public access to judicial records, and therefore, constitutes authority for filing under seal.

There is no other means to protect the confidential nature of the Toyota references in Defendants' Summary Judgment materials other than by maintaining them under seal. It is necessary to maintain under seal the Toyota references in the Defendants' Summary Judgment materials because they contain highly confidential information. Otherwise, the information will be available to the public in contravention of the protective order and Toyota's interest in protecting truly confidential information.

There is no less onerous alternative to sealing the Toyota references in the Defendants' Summary Judgment materials that would ensure the confidentiality of Toyota's information. Toyota has a strong interest in utilizing the "highly confidential" or "highly confidential – outside attorneys' eyes only" information in connection with the Defendants' Summary Judgment materials.

## III. CONCLUSION

For the reasons stated herein, this Court should grant Toyota's Motion to Maintain Under Seal Certain Portions of the Defendants' Summary Judgment Materials pursuant to L.R. 5.3(b).

By:     /s/ Michael Schaper
        Michael Schaper
        David B. Noland
        DEBEVOISE & PLIMPTON LLP
        919 Third Ave
        New York, NY 10022
        Tel: 212-909-6000
        mschaper@debevoise.com

        Thomas P. Branigan (P41774)
        BOWMAN & BROOKE LLP
        41000 Woodward Avenue, Ste. 200 East
        Bloomfield Hills, MI  48304
        Tel: 248-205-3300
        tom.branigan@bowmanandbrooke.com

        *Attorneys for Toyota Motor Sales USA, Inc. and
        Toyota Motor Engineering & Manufacturing
        North America, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on **<u>December 14, 2016</u>**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to attorney

Respectfully Submitted,

By:     /s/ Michael Schaper
Michael Schaper
David B. Noland
**DEBEVOISE & PLIMPTON LLP**
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
**BOWMAN & BROOKE LLP**
41000 Woodward Avenue,
Ste. 200 East
Bloomfield Hills, MI 48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com
Attorneys for Toyota Motor Sales USA,
Inc. and Toyota Motor Engineering &
Manufacturing North America, Inc.