# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 2:12-md-02311 <br> Honorable Marianne O. Battani <br> Special Master Gene J. Esshaki |
| In Re: All Auto Parts Cases | **FILED UNDER SEAL** <br><br> HIGHLY CONFIDENTIAL – <br> OUTSIDE ATTORNEYS ONLY |
| THIS RELATES TO: <br><br> ALL AUTO PARTS CASES | **ORAL ARGUMENT REQUESTED** |

**CERTAIN DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTION TO THE SPECIAL MASTER'S DECEMBER 29, 2016 ORDER REGARDING THE PRODUCTION OF CERTAIN VEHICLE PRICING INFORMATION FROM CERTAIN NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS AND THEIR AFFILIATED ENTITIES**

REDACTED VERSION

## **QUESTION PRESENTED**

1. Whether the Special Master erred in going beyond the already-sufficient protective orders entered in these cases to impose additional restrictions on access to and handling of vehicle pricing documents, including limiting the Parties' counsel's access to the documents to in-person review in the office of, for each Lead Case, only one designated "custodian firm," thereby imposing significant costs and impractical limitations on counsel's ability to access information critical to their clients' claims and defenses?

Answer: Yes.

## STATEMENT OF CONTROLLING AND MOST APPROPRIATE AUTHORITY

*Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*,
    107 F.R.D. 288 (D. Del. 1985)

*Deford v. Schmid Products Company*,
    120 F.R.D. 648 (D.Md. 1987)

*In re Ohio Execution Protocol Litig.*,
    2016 WL 7494863, (6th Cir. Dec. 30, 2016)

*Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*,
    No. 1:05-MC-107, 2005 WL 2045818 (W.D. Mich. Aug. 24, 2005)

## TABLE OF AUTHORITIES

### Cases

*Applied Signal Tech., Inc. v. Emerging Mkts. Commc'n,*
No. C-09-02180 SBA (DMR), 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011) .................. 6

*Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.,*
107 F.R.D. 288 (D. Del. 1985) ............................................................... 4

*Cherdak v. Koko Fitclub, LLC,*
No. 14-10371-IT, 2015 U.S. Dist. LEXIS 54621, at *9
(D. Mass. Apr. 27, 2015) ..................................................................... 6

*Deford v. Schmid Products Company,*
120 F.R.D. 648 (D.Md. 1987)................................................................ 5

*In re Auto. Parts Antitrust Litig.,*
No. 2:12-md-2311 (E.D. Mich. Dec. 29, 2016) .................................... 1, 4

*In re Domestic Drywall Antitrust Litig.,*
300 F.R.D. 234 (E.D. Pa. 2014).............................................................. 3

*In re Mushroom Direct Purchaser Antitrust Litig.,*
Master File No. 06-0620, 2012 WL 298480, at *3 (E.D. Pa. Jan. 31, 2012)............................ 3

*In re Ohio Execution Protocol Litig.,*
2016 WL 7494863, at *4 (6th Cir. Dec. 30, 2016) .......................................... 1, 2, 4

*Inventor Holdings, LLC v. Wal-Mart Stores, Inc.,*
2014 WL 4370320 (D. Del. Aug. 27, 2014) ........................................... 7

*Jagex Ltd. v. Impulse Software,*
273 F.R.D. 357, 358-59 (D. Mass. 2011) ................................................ 5

*Leader Technologies Inc. v. Facebook Inc.,*
2009 WL 3021168 (D. Del. Sept. 4, 2009).............................................. 7

*Pause Tech., Inc. v. Tivo Inc.,*
No. 01-11657-PBS, 2003 U.S. Dist. LEXIS 27253, at *2 (D. Mass. June 18, 2003)................ 5

*Rensselaer Polytechnic Institute v. Apple Inc.,*
2014 WL 1871866 (N.D.N.Y May 8, 2014)............................................. 7

*Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*,
No. 1:05-MC-107, 2005 WL 2045818, at *3-4 (W.D. Mich. Aug. 24, 2005)............................ 5

*Universal Delaware, Inc. v. Comdata Network, Inc.*,
No. 3:10-mc-00104, 2011 WL 1085180, at *3-4 (M.D. Tenn. Mar. 21, 2011).......................... 5

Rules:

Fed. R. Civ. P. 26(c)(1)(G) ........................................................................................... 1, 2

Fed. R. Civ. P. 53(f)(3) ................................................................................................. 2

# TABLE OF CONTENTS

Page

I.   NO GOOD CAUSE EXISTS FOR THE SPECIAL MASTER'S EXCESSIVE
     PROTECTIVE MEASURES.................................................................................................... 2

II.  PROTECTION OF GM'S INTERESTS MAY BE ACCOMPLISHED
     THROUGH LESS BURDENSOME RESTRICTIONS.................................................... 5

III. CONCLUSION............................................................................................................................ 8

The Special Master's December 29, 2016 Order imposed unprecedented restrictions on the treatment of certain pricing strategy documents. *See* Special Master's Order Regarding the Production of Certain Vehicle Pricing Information of Certain Non-Party Original Equipment Manufacturers and their Affiliated Entities, *In re Automotive Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. Dec. 29, 2016), ECF No. 1579 (hereinafter, "Order"). The undersigned defendants ("Objectors") appealed only the most burdensome of these restrictions—the provision permitting access to critical, potentially case-dispositive evidence to only a single "custodian firm" in each case, after a class certification schedule had been entered.

In its Opposition, GM fails to establish "good cause" for these restrictions, as clear, recent Sixth Circuit precedent requires. *See In re Ohio Execution Protocol Litig.*, 2016 WL 7494863, at *4 (6th Cir. Dec. 30, 2016); Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person [by] . . . requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." ██████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

[1] ██████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

████████        Because GM has not carried its burden, and because of the Serving Parties'
overwhelming need for the information, the provision of the Special Master's Order restricting
these documents to a single custodian firm per product track should be overturned.[2]

## I.   NO GOOD CAUSE EXISTS FOR THE SPECIAL MASTER'S EXCESSIVE PROTECTIVE MEASURES

---

[2] 

GM could not have established "good cause" for the specific protections at issue (as is its
burden) for relief that it did not request until the morning of the hearing. *See In re Ohio
Execution Protocol Litig.*, 2016 WL 7494863, at *4 (6th Cir. Dec. 30, 2016); Fed. R. Civ. P.
26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person [b] . . .
requiring that a trade secret or other confidential research, development, or commercial
information . . . be revealed only in a specified way.").



The Special Master's spontaneous imposition of these additional protections deprived all parties
of any meaningful consideration of whether good cause exists to limit production to a single
custodial firm only after a class certification schedule has been set and whether such restriction
poses an undue burden on any of the parties.  The Court now must give these issues the due
consideration they deserve by considering whether GM has established good cause for the
specific restrictions at issue and whether such restrictions impose an unreasonable and excessive
burden on the parties. *See* Fed. R. Civ. P. 53(f)(3).

Without any showing of good cause by GM for the specific additional restrictions imposed, the Special Master unreasonably restricted the Serving Parties' access to documents he properly considered critical, relevant, and necessary to the cases in this MDL. The relevance of the information sought in the vehicle pricing documents and the parties' substantial need for obtaining those documents is clear, and has been extensively briefed by the Serving Parties in as to the original motion to compel, the renewed motion to compel, and in opposition to GM's competing objection to the Special Master's Order.[3] ███████████████████████████ are of critical importance in a price-fixing case.  Indeed, these documents speak to the impact of the alleged anticompetitive conduct on the OEMs, and they are the only contemporaneous documentary evidence for determining pass-through.  As this Court has acknowledged, these documents are vital to central claims, defenses, and class certification issues.[4]  And the Serving

---

[3]     The Parties incorporate and refer the Court to their papers on the motion to compel, renewed motion to compel, and GM's objection to the Special Master's Order.  *See The Parties' Notice of Motion and Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. Nov. 7, 2016), ECF Nos. 1495, 1500; *The Parties' Joint Reply to Certain Non-Parties' Oppositions to the Parties Renewed Motion to Compel Discovery*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. Dec. 2, 2016), ECF Nos. 1548, 1549; *Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. Jan. 19, 2016), ECF No. 1185; *Reply to Joint Motion to Compel Discovery from Non-Party Original Equipment Manufacturers*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. March 11, 2016), ECF Nos. 1246, 1247; *End-Payor Plaintiffs' Reply In Support of The Parties Motion to Compel Discovery from Nonparty Original Equipment Manufacturers*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. March 11, 2016), ECF Nos. 1250, 1252; *Serving Parties' Opposition to General Motors' Objection to Special Master's Orders Compelling Production of Certain Confidential Commercial, Trade Secret Pricing Documents*, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (E.D. Mich. Jan. 23, 2016), ECF Nos. 1619, 1621.

[4]     Transcript of May 11, 2016 Status Conference at 54, *In re Auto. Parts Antitrust Litig.*, No. 2:12-md-2311("I don't think at this point we need to simply take the affidavits and say the case is over.").

Parties cannot obtain the information contained within these documents from any other source. *See* ECF No. 1619 at 8-13; *see also Universal Delaware, Inc. v. Comdata Network, Inc.*, No. 3:10-MC-00104, 2011 WL 1085180, at *4 (M.D. Tenn. Mar. 21, 2011) ("Necessity . . . entails an inquiry into whether there are other means to obtain the information and whether obtaining the information through those means would be unduly burdensome."). In fact, not only are pricing documents routinely produced in price-fixing actions without incident, *see, e.g.*, *In re Mushroom Direct Purchaser Antitrust Litig.*, Master File No. 06-0620, 2012 WL 298480, at *3 (E.D. Pa. Jan. 31, 2012); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 245 (E.D. Pa. 2014) (party had "substantial need" for reports and investigative notes that were the only contemporaneous communications about pricing decisions), other OEMs have already agreed to do so in this case.[5]

GM has not established good cause for unreasonably restricting access to this critical information, despite its obligation to do so "with a particular and specific demonstration of fact" showing that "*specific* prejudice or harm will result" in absence of *additional* protective measures. *In re Ohio Execution Protocol Litig.*, 2016 WL 7494863, at *4 (6th Cir. Dec. 30, 2016) (emphasis added); *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 107 F.R.D. 288, 293, 288-89 (D. Del. 1985) (in ordering production of the secret formula for Coca-Cola and other soft drinks, court held that "because protective orders are available to limit the extent to which disclosure is made, the relevant injury to be weighed in the balance is not the injury that would be caused by public

---

[5] █████████████████████████████████████████████████

disclosure, *but the injury that would result from disclosure under an appropriate protective order*") (emphasis added).



*Compare Deford v. Schmid Products Company*, 120 F.R.D. 648 (D.Md. 1987) ("speculative showing of potential harm" by disclosure of ten-year-old commercial documents relating to product that had not been marketed in U.S. for five years insufficient to support protective measures) *with Spartanburg Regional Healthcare System v. Hillenbrand Industries, Inc.*, No. 1:05-MC-107, 2005 WL 2045818, at *3-4 (W.D. Mich. Aug. 24, 2005) (affidavits established specific harm that would result from producing confidential competitive information directly to a competitor), *Universal Delaware, Inc. v. Comdata Network, Inc.*, No. 3:10-mc-00104, 2011 WL 1085180, at *3-4 (M.D. Tenn. Mar. 21, 2011) (same).

## II. PROTECTION OF GM'S INTERESTS MAY BE ACCOMPLISHED THROUGH LESS BURDENSOME RESTRICTIONS

Even if some further protection of the documents at issue might be appropriate, the Special Master's ordered "protective" measures exceed any conceivable need in light of the nature and

likelihood of potential harm at issue here. At the same time, the Order places an undue and uneven burden on Objectors. Should the Court determine that additional protection is necessary, it should fashion more reasonable relief that minimizes the burdens on the Parties' access to critical evidence.

Where heightened protections are appropriate—and they rarely are—Courts determine what protections are reasonable in light of the unique circumstances of each case, and accordingly fashion protections as needed to avoid unnecessary burden on any party. *See, e.g., Jagex Ltd. v. Impulse Software*, 273 F.R.D. 357, 358-59 (D. Mass. 2011); *See Pause Tech., Inc. v. Tivo Inc.*, No. 01-11657-PBS, 2003 U.S. Dist. LEXIS 27253, at *2 (D. Mass. June 18, 2003) (source code provided directly to inspecting counsel's office); *Cherdak v. Koko Fitclub, LLC*, No. 14-10371-IT, 2015 U.S. Dist. LEXIS 54621, at *9 (D. Mass. Apr. 27, 2015) (source code produced at office closest to inspecting party's business); *Pragmatus*, 2012 U.S. Dist. LEXIS 190856, at *14 (source code made available to inspecting parties via server accessible online). ████████████ ████████████████████████████████████████ In *Jagex*, the Court found that it was unreasonable to require a defendant to travel to the United Kingdom to inspect confidential source code when the source code could be produced in Massachusetts, *where counsel for the sole defendant had an office*. *Id.* at 359. The burden here is the analogous: limiting production to either one "custodian firm" per case or to a location in Detroit would pose an unreasonable travel burden on parties whose principal counsel are located thousands of miles away from those locations.[6]

---

[6]     Providing the defendants in each case with a choice of which parties to burden by allowing them to choose the single custodian firm does not lessen the burden on individual defendants, each of which has a right to defend these cases without undue burden.

███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

Because computer source code, unlike market analysis, is intrinsically a unique and valuable product, courts have recognized that the risk of disclosure is heightened under an ordinary protective order. *Applied Signal Tech., Inc. v. Emerging Mkts. Commc'n*, No. C-09-02180 SBA (DMR), 2011 WL 197811, at *2 (N.D. Cal. Jan. 20, 2011). Virtually every company of any size in the U.S. studies the market or markets in which it operates, and makes pricing decisions based on those analyses, and those sorts of documents are routinely produced in litigation. Financial information is part of nearly every business dispute. For that reason, the extreme "single location" production condition ordered to protect source code in *Inventor Holdings, LLC v. Wal-Mart Stores, Inc.*, 2014 WL 4370320 (D. Del. Aug. 27, 2014), *Rensselaer Polytechnic Institute v. Apple Inc.*, 2014 WL 1871866 (N.D.N.Y May 8, 2014), and *Leader Technologies Inc. v. Facebook Inc.*, 2009 WL 3021168 (D. Del. Sept. 4, 2009) is not necessary here. ███████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████

**III.   CONCLUSION**

For the foregoing reasons, the Objectors respectfully request that this Court modify the Order so *all* firms of record have access under the restricted procedures set forth in the Order, and the Court remove the provision restricting access to a single custodian firm in cases for which a class certification schedule has been set.

Dated: January 30, 2017

FARMER BROWNSTEIN JAEGER LLP

By: /s/ William S. Farmer

WILLIAM S. FARMER (SBN 46694)
DAVID BROWNSTEIN (SBN 141929)
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone (415) 962-2876
E-mail:(wfarmer@fbj-law.com)
      (dbrownstein@fbj-law.com)

MICHAEL R. DEZSI (P64530)
**Dettmer & Dezsi, PLLC**
615 Griswold Street, Ste. 1600
Detroit, Michigan 48226

*Attorneys for Defendants*
*Mitsuba Corporation and American Mitsuba Corp.*

**DUBOIS, BRYANT & CAMPBELL, LLP**
J. David Rowe
Millicent Lundburg
Colorado Tower
303 Colorado, Suite 2300
Austin, Texas  78701
(512) 457-8000
(512) 457-8008 (fax)
drowe@dbcllp.com
mlundburg@dbcllp.com

By: /s/  J. David Rowe

8

**DUGGINS WREN MANN & ROMERO, LLP**
Robert E. Linkin
600 Congress Avenue, Ste. 1900
P. O. Box 1149
Austin, Texas 78767-1149
512-744-9300 tel.
512-744-9399 fax.
rlinkin@dwmrlaw.com

**HERTZ SCHRAM PC**
Bradley J. Schram (P26337)
Matthew J. Turchyn (P76482)
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
bschram@hertzschram.com
mturchyn@hertzschram.com

*Attorney for Defendant Sanden International (USA), Inc.*


**BUTZEL LONG**

*/s/David F. DuMouchel*  (w/consent)
David F. DuMouchel (P25658)
Sheldon Klein (P41062)
BUTZEL LONG
41000 Woodward
Bloomfield Hills, MI 48304
Telephone: (2498)258-1414
dumouchd@butzel.com
klein@butzel.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Telephone: (202)663-7820
TMiller@bakerandmiller.com

*Attorneys for Defendants Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.*

**WINSTON & STRAWN LLP**
/s/ Jeffrey L. Kessler (w/consent)

9

Jeffrey L. Kessler
A. Paul Victor
Eva W. Cole
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700 (t)
(212) 294-4700  (f)
JKessler@winston.com
PVictor@winston.com
EWCole@winston.com
JAmato@winston.com

Brandon Duke
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 651-2636 (t)
(713) 651-2700 (f)
BDuke@winston.com
*Counsel for Defendants Panasonic Corporation*
*and Panasonic Corporation of North America*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler
A. Paul Victor
Molly M. Donovan
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
mmdonovan@winston.com
jamato@winston.com

**KERR, RUSSELL AND WEBER, PLC**
Fred K. Herrmann
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200

10

fherrmann@kerr-russell.com

*Counsel for NTN Corporation and*
*NTN USA Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to ECF-registered counsel in this matter.

By: /s/ *William S. Farmer*

WILLIAM S. FARMER (SBN 46694)
FARMER BROWNSTEIN JAEGER LLP
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone (415) 962-2876
E-mail:(wfarmer@fbj-law.com)
         (dbrownstein@fbj-law.com)

*Attorneys for Defendants*
*Mitsuba Corporation and American Mitsuba Corp.*