# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: All Auto Parts Cases | 2:12-MD-02311-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>ALL AUTO PARTS CASES | **Oral Argument Requested** |

**THE PARTIES' RESPONSE TO TOYOTA'S OBJECTIONS TO AND MOTION TO MODIFY THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERY FROM CERTAIN NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS AND THEIR AFFILIATED ENTITIES**

## **ISSUE PRESENTED**

1. Whether the Special Master properly compelled production of information coming from or belonging to non-defendant suppliers notwithstanding Toyota's confidentiality agreements with these suppliers, when the Stipulated Protective Order in this litigation sufficiently protects any confidential or proprietary information pertaining to the non-defendant suppliers?

    Answer: Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Conley v. Aggeler,*
    2006 WL 461343 (W.D. Mich. Feb. 24, 2006)

*E3 Biofuels, LLC v. Biothane Corp.*,
    2013 WL 3778804 (S.D. Ohio July 18, 2013)

*Hanas v. Inner City Christian Outreach Ctr., Inc.*,
    2007 WL 551609 (E.D. Mich. Feb. 20, 2007)

*In re Bankers Trust Co.,*
    61 F.3d 465 (6th Cir. 1995)

*Liberty Folder v. Curtiss Anthony Corp.*,
    90 F.R.D. 80 (S.D. Ohio 1981)

*Medical Waste Technologies L.L.C. v. Alexian Bros. Medical Center, Inc.,*
    1998 WL 387706 (N.D. Ill. June 24, 1998)

The Parties[1] respectfully submit this response to Toyota's Objections to and Motion to Modify the Special Master's Order Regarding the Parties' Renewed Motion to Compel Discovery from Certain Non-Party Original Equipment Manufacturers and Their Affiliated Entities (ECF No. 1603).

Toyota objects to Section II.B.g of the Special Master's Order (ECF No. 1584). Section II.B.g governs the production of RFQ-related and pricing information that the OEMs received from non-defendant suppliers. Section II.B.g requires that notice and a ten-day period be given to the non-defendant suppliers for them to object before the relevant production is made. Toyota claims that, without consent of the suppliers or a non-appealable court order, it is contractually obliged to hold confidential the non-defendant suppliers' proprietary information which would include the suppliers' RFQ submissions and pricing information. Toyota further seeks to mask the identities of the non-defendant suppliers whose information is subject to production as an "added protection."

Toyota has failed to set forth any reasonable basis for the relief sought. Specifically, Toyota does not challenge the relevance of the non-defendant supplier information, nor does it contend that the information sought is legally privileged. Indeed, none of the Six Lead OEMs objected to the Special Master's substantive ruling that information relating to non-defendant suppliers should be produced. The only basis that Toyota offers for its objection—without citing any legal support—is the confidentiality provision in its contracts with suppliers.

A concern for protecting confidentiality does not equate to privilege. Private confidentiality agreements cannot shield legitimate discovery of responsive information and documents that are in the possession and control of Toyota. Courts have repeatedly and

---

[1] The "Parties" joining in this Response include End-Payor Plaintiffs ("EPPs"), Truck and Equipment Dealer Plaintiffs ("TEDPs"), the State of Florida, the State of Indiana, and certain non-settled Defendants in *Automotive Parts Antitrust Litigation*, No. 2:12-md-02311-MOB-MKM (E.D. Mich.).

1

expressly rejected the argument that contractual confidentiality obligations prevent disclosure in a discovery context because of the policy in favor of broad pretrial discovery set forth in the Federal Rules of Civil Procedure. "If entities involved in litigation were able to shroud all of their documents with 'confidentiality agreements' which prevented their disclosure, our system of discovery would become nothing but a sham." *Medical Waste Technologies L.L.C. v. Alexian Bros. Medical Center, Inc.,* No. 97-C-3805, 1998 WL 387706, at *6 (N.D. Ill. June 24, 1998) (plaintiff must disclose a Credit Suisse/First Boston document sought by defendants despite a confidentiality agreement). "[C]onfidentiality is not a recognized basis for withholding discovery." *Hanas v. Inner City Christian Outreach Ctr., Inc.,* No. CIV.A. 06-CV-10290-DT, 2007 WL 551609, at *1–2 (E.D. Mich. Feb. 20, 2007) (rejecting defendant's argument that information should be withheld due to its confidential nature); *cf. In re Bankers Trust Co.,* 61 F.3d 465, 470 (6th Cir. 1995) (holding that a government agency could not override the application of the Federal Rules and prevent production of otherwise discoverable information even when it has prescribed regulations that preclude disclosure of such information); *see also Conley v. Aggeler,* No. 1:05-CV-406, 2006 WL 461343, at *2 (W.D. Mich. Feb. 24, 2006) (acknowledging that a party "could not avoid his discovery obligations on the basis of contractual confidentiality agreements"); *For Your Ease Only, Inc. v. Calgon Carbon Corp.,* No. 02-C-7345, 2003 WL 22682361, at *1 (N.D. Ill. Nov. 12, 2003) (ordering production of financial records despite defendant's argument that disclosure would breach its merchandising agreement with a third party); *Channelmark Corp. v. Destination Prods. Int'l, Inc.,* No. 99-C-214, 2000 WL 968818, at *2 (N.D. Ill. July 7, 2000) (affirming magistrate judge's order compelling deposition testimony about prior litigation despite confidentiality provision of settlement agreement).

Confidential business information is customarily made available under a protective order. The purpose of the federal rules governing protective orders is to facilitate discovery by shielding from disclosure trade secrets and other confidential business information, thereby encouraging parties apprehensive about the disclosure of such information to cooperate in discovery. *E3 Biofuels, LLC v. Biothane Corp.*, No. 1:12-MC-76, 2013 WL 3778804, at *3

(S.D. Ohio July 18, 2013) ("This court has routinely approved proposed protective orders seeking to protect both 'confidential' and 'highly confidential/attorney eyes only' material when, in addition to trade secret or other confidential research, development, or commercial information, particularly sensitive information of a similar nature may be disclosed through discovery and would cause competitive harm if publicly revealed"). Here, the Stipulated Protective Order filed in the Master Docket provides appropriate safeguards. *See* Stipulation and Protective Order Governing the Production and Exchange of Confidential Information, Master File No. 2:12-md-02311, ECF No. 200 (July 10, 2012).

To be clear, Section II.B.g of the Special Master's Order does not preclude the Parties from further negotiating a narrower list of non-defendant suppliers for production if appropriate, once Toyota identifies all its suppliers in the "Lead Two Part Cases" (*Bearings* and *AVRP*) for which it has responsive data and information. Under Section II.B.g, the non-defendant suppliers who are notified of the contemplated production would then have a fair opportunity to object within ten days from the time of notice. Any concerns a non-defendant supplier may have regarding the disclosure of any sensitive or proprietary information can be addressed under the protective order by limiting who may access the disclosed information and how the disclosed information may be used. By contrast, Toyota's proposed modification, which requires consent from the identified non-defendant suppliers without placing a reasonable time limit on providing such consent, is contrary to well-accepted discovery principles, has no added value of efficiency, and will create further (and likely indefinite) delay in producing the relevant information that the Parties seek. Undeniably, it is the non-defendant suppliers, not Toyota, that have the confidentiality rights and standing to assert any objections.

Likewise, Toyota's request to further disguise the non-defendant suppliers' identities is unwarranted and impractical. The non-defendant suppliers' identities are likely to reveal information relevant to the experts' analyses and are important for the Parties to fully utilize non-defendant suppliers' information as a benchmark to determine the existence or nonexistence of any conspiracy or overcharge. Moreover, since the OEMs do not have the ability to coordinate

3

production, different OEMs may choose different naming conventions for the same non-defendant supplier under Toyota's proposal (*e.g.*, "Bearings Supplier A" in Toyota's production and "Bearings Supplier Y" in another OEM's production for the same supplier), rendering the data useless for any cross-OEM comparison. Even within the same OEM's data, the Parties have learned from the 30(b)(6) depositions that different names for the same supplier may have been used over time as well as at the same point in time. Further, multiple subsidiaries or plants of the same supplier may also have been treated differently from OEM to OEM. Removing these essential identifiers and having each OEM re-designate at its election would cripple the Parties' ability to properly interpret any data that are provided. Further, as mentioned above, the desire of Toyota and the suppliers for secrecy does not trump the Parties' need for relevant information in this litigation. Although information submitted by suppliers (including their identities) during the tendering process may be deemed confidential, it is unreasonable for Toyota to claim that such information would remain confidential indefinitely barring disclosure after a reasonable period of time. The Stipulated Protective Order is the proper device to adequately safeguard any confidential or sensitive business information. *See, e.g., Liberty Folder v. Curtiss Anthony Corp.*, 90 F.R.D. 80, 83 (S.D. Ohio 1981) (ordering production of supplier and customer lists and noting that the protective order can be designed to resolve the conflict between the legitimate need of a party for prompt, thorough disclosure and the genuine interest of a company in preserving the confidentiality of commercial information).

      For these reasons, the Parties respectfully request that Court overrule Toyota's objection and deny its motion to modify Section II.B.g of the Special Master's Order.

Dated: January 30, 2017                        Respectfully submitted,

                                                  */s/ E. Powell Miller*
                                                  E. Powell Miller
                                                  Devon P. Allard
                                                  **THE MILLER LAW FIRM, P.C.**
                                                  950 W. University Dr., Ste. 300

Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
dpa@millerlawpc.com

*Interim Liaison Counsel for the Proposed End-Payor Plaintiff Classes*

Steven N. Williams
Elizabeth Tran
Demetrius X. Lambrinos
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
etran@cpmlegal.com
dlambrinos@cpmlegal.com

Hollis Salzman
Bernard Persky
William V. Reiss
**ROBINS KAPLAN LLP**
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
HSalzman@RobinsKaplan.com
BPersky@RobinsKaplan.com
WReiss@RobinsKaplan.com

Marc M. Seltzer
Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Terrell W. Oxford
Chanler Langham
Omar Ochoa
**SUSMAN GODFREY L.L.P.**

5

1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
toxford@susmangodfrey.com
clangham@susmangodfrey.com
oochoa@susmangodfrey.com

*Interim Co-Lead Class Counsel for the Proposed End-Payor Plaintiff Classes*

*/s/ J. Manly Parks (w/consent)*
Wayne A. Mack
J. Manly Parks
Andrew R. Sperl
Erica Lee Fruiterman
William Shotzbarger
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax: (215) 979-1020
wamack@duanemorris.com
jmparks@duanemorris.com
arsperl@duanemorris.com
efruiterman@duanemorris.com
wshotzbarger@duanemorris.com

*Counsel for Truck and Equipment Dealer Plaintiffs*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Adam C. Hemlock* (w/consent)
Adam C. Hemlock
Steven A. Reiss
Lara E. Veblen Trager
Kajetan Rozga
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com
kajetan.rozga@weil.com

*/s/ Frederick R. Juckniess* (w/consent)

6

Frederick R. Juckniess
**SCHIFF HARDIN LLP**
350 South Main Street, Suite 210
Ann Arbor, MI 48104 (734) 222-1504
fjuckniess@schiffhardin.com

*Attorneys for Defendants Bridgestone Corporation and Bridgestone APM Company*

**WEIL, GOTSHAL & MANGES LLP**

*/s/ Steve A. Reiss* (w/consent)
Steven A. Reiss
Adam C. Hemlock
Lara E. Veblen Trager
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
lara.trager@weil.com

Fred K. Herrmann
Joanne G. Swanson
Matthew L. Powell
**KERR, RUSSELL AND WEBER PLC**
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
Fax (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com
mpowell@kerr-russell.com

*Counsel for Defendants Calsonic Kansei Corporation and Calsonic Kansei North America, Inc.*

**BUTZEL LONG**

*/s/ Sheldon H. Klein* (w/consent)
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
**BUTZEL LONG**
150 West Jefferson, Suite 100
Detroit, MI 48226

7

Tel.: (313) 225-7000
Fax: (313) 225-7080
sklein@butzel.com
dumouchd@butzel.com

W. Todd Miller
**BAKER & MILLER PLLC**
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

**COVINGTON & BURLING LLP**

/s/ *Anita F. Stork* (w/consent)
Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com
ghoffvarner@cov.com
clannin@cov.com

Michael J. Fanelli
Ashley E. Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW Washington, DC 20001-4956
Telephone: (202) 662-6000
Fax: (202) 662-5383
mfanelli@cov.com
abass@cov.com

*Attorneys for Defendants Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive, Inc.*

**BROOKS WILKINS SHARKEY & TURCO PLLC**

/s/ *Maureen T. Taylor* (w/consent)

8

Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
**BROOKS WILKINS SHARKEY & TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.; Alps Electric (North America), Inc.; and Alps Automotive, Inc.*

**SIMPSON THACHER & BARTLETT LLP**

/s/ *George S. Wang* (w/consent)
George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gwang@stblaw.com
smcgovern@stblaw.com

Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel.: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants Diamond Electric Mfg. Co., Ltd. and Diamond Electric Mfg. Corp.*

**SIMPSON THACHER & BARTLETT LLP**

/s/ *George S. Wang* (w/consent)
George S. Wang
Shannon K. McGovern
**SIMPSON THACHER & BARTLETT LLP**
425 Lexington Avenue
New York, N.Y. 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

9

gwang@stblaw.com
smcgovern@stblaw.com

Abram J. Ellis
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel.: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com

*Attorneys for Defendants Stanley Electric Co., Ltd., Stanley Electric U.S. Co., Inc., and II Stanley Co., Inc.*

**SHEARMAN & STERLING LLP**

/s/ *Heather L. Kafele* (w/consent)
Heather L. Kafele
Keith R. Palfin
**SHEARMAN & STERLING LLP**
401 9th Street, NW, Suite 800
Washington, DC 20004
Tel.: (202) 508-8097
Fax: (202) 508-8100
heather.kafele@shearman.com
keith.palfin@shearman.com

Brian M. Akkashian
**PAESANO AKKASHIAN, PC**
132 N. Old Woodward Avenue
Birmingham, MI 48009
Tel.: (248) 792-6886
bakkashian@paesanoakkashian.com

*Counsel for Defendants JTEKT Corporation and JTEKT Automotive North America, Inc.*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ *William M. Sullivan Jr.* (w/consent)
William M. Sullivan Jr.
Michael L. Sibarium
Jeetander T. Dulani
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, N.W.
Washington, D.C. 20036-3006
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

wsullivan@pillsburylaw.com
michael.sibarium@pillsburylaw.com
jeetander.dulani@pillsburylaw.com

*Counsel for Mikuni Corporation and Mikuni America Corporation*

**FARMER BROWNSTEIN JAEGER LLP**

*/s/ William S. Farmer* (w/consent)
William S. Farmer
David C. Brownstein
**FARMER BROWNSTEIN JAEGER LLP**
235 Montgomery Street, Suite 835
San Francisco, CA 94102
Tel.: (415) 795-2050
Fax: (415) 520-5678
wfarmer@fbj-law.com
dbrownstein@fbj-law.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

**SEABOLT LAW FIRM**

*/s/ Scott T. Seabolt* (w/consent)
Scott T. Seabolt
**SEABOLT LAW FIRM**
17199 N. Laurel Park Dr., Ste. 215
Livonia, Michigan 48152
248-717-1302
sseabolt@seaboltpc.com

*Counsel for Defendants Mitsubishi Heavy Industries America, Inc. and Mitsubishi Heavy Industries ClimateControl, Inc.*

**LANE POWELL PC**

*/s/ Kenneth R. Davis* (w/consent)
Kenneth R. Davis II
Craig D. Bachman
Darin M. Sands
Masayuki Yamaguchi
**LANE POWELL PC**
ODS Tower
601 SW Second Ave., Suite 2100
Portland, OR 97204-3158

11

503-778-2100
503-778-2200 (facsimile)
davisk@lanepowell.com
bachmanc@lanepowell.com
sandsd@lanepowell.com

**LANE POWELL PC**

*/s/ Larry S. Gangnes* (w/consent)
Larry S. Gangnes
Connor B. Shively
**LANE POWELL PC**
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
206-223-7000
206-223-7107 (facsimile)
gangnesl@lanepowell.com
shivelyc@lanepowell.com

*Counsel for Nachi America Inc. and Nachi-Fujikoshi Corporation*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler* (w/consent)
Jeffrey L. Kessler
A. Paul Victor
Molly M. Donovan
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
pvictor@winston.com
mmdonovan@winston.com
jamato@winston.com

**KERR, RUSSELL AND WEBER, PLC**

Fred K. Herrmann
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
fherrmann@kerr-russell.com

*Counsel for NTN Corporation and NTN USA*

12

*Corporation*

**ALLEN & OVERY LLP**

<u>*/s/ John Roberti*</u> (w/consent)
John Roberti
Matthew Boucher
**ALLEN & OVERY LLP**
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
**WARNER NORCROSS & JUDD LLP**
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Defendants Robert Bosch LLC and Robert Bosch GmbH*

**MILLER, CANFIELD, PADDOCK& STONE P.L.C.**

<u>*/s/ Larry J. Saylor*</u> (w/consent)
Larry J. Saylor
**MILLER, CANFIELD, PADDOCK& STONE P.L.C.**
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7986
Facsimile: (313) 496-8454
Saylor@MillerCanfield.com

*Counsel for Defendants Sumitomo Riko Company Limited and DTR Industries, Inc.*

13

**WILLIAMS & CONNOLLY LLP**

*/s/ David M. Zinn* (w/consent)
David M. Zinn
John E. Schmidtlein
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Counsel for Takata Corporation and TK Holdings, Inc.*

**HERTZ SCHRAM PC**

*/s/ Bradley J. Schram* (w/consent)
Bradley J. Schram
**HERTZ SCHRAM PC**
1760 S. Telegraph Rd., Suite 300
Bloomfield Hills, MI 48302
Tel.: (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd., Toyo Automotive Parts (USA), Inc., Toyo Tire North America Manufacturing Inc., and Toyo Tire North America OE Sales LLC*

**BAKER BOTTS LLP**

*/s/ Randall J. Turk* (w/consent)
Randall J. Turk
John Taladay
Mark Miller
Heather Souder Choi
Sterling A. Marchand
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Phone: 202.639.7700
Fax: 202.639.7890
randy.turk@bakerbotts.com

14

john.taladay@bakerbotts.com
mark.miller@bakerbotts.com
heather.choi@bakerbotts.com
sterling.marchand@bakerbotts.com

*Counsel for Toyoda Gosei Co., Ltd., TG Missouri Corporation, and Toyoda Gosei North America Corporation*

**WHITE & CASE LLP**

*/s/ Christopher M. Curran* (w/consent)
Christopher M. Curran
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Counsel for Defendant Maruyasu Industries Co., Ltd.*

**KERR, RUSSELL AND WEBER, PLC**

*/s/ Joanne Geha Swanson* (w/consent)
Joanne Geha Swanson (P33594)
Fred K. Herrmann (P49519)
**KERR, RUSSELL, AND WEBER, PLC**
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
fherrmann@kerr-russell.com
jswanson@kerr-russell.com

*Counsel for Defendants Fujikura Ltd. and Fujikura Automotive America LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 30, 2017, I caused the foregoing THE PARTIES' RESPONSE TO TOYOTA'S OBJECTIONS TO AND MOTION TO MODIFY THE SPECIAL MASTER'S ORDER REGARDING THE PARTIES' RENEWED MOTION TO COMPEL DISCOVERY FROM CERTAIN NON-PARTY ORIGINAL EQUIPMENT MANUFACTURERS AND THEIR AFFILIATED ENTITIES to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                       /s/ E. Powell Miller
                                                      E. Powell Miller