**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re:  AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311 Honorable Marianne O. Battani |
| In re:  All Auto Parts Cases | 2:12-md-02311-MOB-MKM |
| THIS RELATES TO: ALL AUTO PARTS CASES | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR OBJECTIONS TO THE SPECIAL MASTER'S ORDER**
**COMPELLING THE OEMS TO PRODUCE CONFIDENTIAL SETTLEMENT**
**AGREEMENTS AND PRIVILEGED SETTLEMENT COMMUNICATIONS**

# TABLE OF CONTENTS

I.     The Special Master's Decision Must Be Reversed Under Any Standard Of
       Review. ...............................................................................................................1

II.    The Special Master Erred In Ordering The OEMs To Produce Confidential
       Settlement Agreements With Suppliers, Including Defendants. .........................1

III.   The Special Master Erred In Ordering The OEMs To Produce Privileged
       Settlement Communications. .............................................................................3

IV.    The Special Master Erred In Ordering Production Of Documents Regarding
       Products As To Which ADPs Have No Pending Case. ......................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*EEOC v. United Air Lines, Inc.*,
    287 F.3d 643 (7th Cir. 2002) ........................................................................................... 1

*Eid v. Saint-Gobain Abrasives, Inc.*,
    377 F. App'x 438 (6th Cir. 2010) ..................................................................................... 5

*Garner v. Cuyahoga Cnty. Juvenile Court*,
    554 F.3d 624 (6th Cir. 2009) ............................................................................................ 1

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*,
    332 F.3d 976 (6th Cir. 2003) ................................................................................... 4, 5, 6

*Haley v. Kundu*,
    No. 11-CV-265, 2013 WL 12030021 (E.D. Tenn. Apr. 11, 2013) ................................ 4, 5

*Hucko v. City of Oak Forest*,
    185 F.R.D. 526 (N.D. Ill. 1999) ....................................................................................... 7

*In re MSTG, Inc.*,
    675 F.3d 1337 (Fed. Cir. 2012) ..................................................................................... 5, 6

*In re Sept. 11 Litig.*,
    621 F. Supp. 2d 131 (S.D.N.Y. 2009) ............................................................................. 5

*In re Subpoena Issued to CFTC*,
    370 F. Supp. 2d 201 (D.D.C. 2005) ................................................................................. 5

*In re Vitamins Antitrust Litig.*,
    198 F.R.D. 296 (D.D.C. 2000) ......................................................................................... 1

*Jackson v. O'Reilly Auto. Stores, Inc.*,
    131 F. Supp. 3d 756 (M.D. Tenn. 2015) .......................................................................... 5

*Jeld-Wen, Inc. v. Agc Am., Inc. (In re Flat Glass Antitrust Litig.)*,
    Misc. 9-180; MDL No. 1942; No. 11-658, 2013 WL 1703864 (W.D. Pa. Apr. 19,
    2013) .................................................................................................................................. 3

*Nomo Agroindustrial S.A. de C.V. v. Enza Zaden N. Am., Inc.*,
    No. CV 05-351, 2009 WL 211085 (D. Ariz. Jan. 29, 2009) .......................................... 5

*Ross v. City of Memphis*,
    423 F.3d 596 (6th Cir. 2005) ............................................................................................ 1

*Sukumar v. Direct Focus, Inc.*,
    349 F. App'x 163 (9th Cir. 2009) ..................................................................................... 1

*United States ex rel. Underwood v. Genentech, Inc.*,
  No. 03-3983, 2010 WL 8917474 (E.D. Pa. Oct. 7, 2010) ...................................... 5

*United States v. Clariot*,
  655 F.3d 550 (6th Cir. 2011) ...................................................................... 6

*United States v. Doxie*,
  No. 13-cr-101, 2014 WL 3845699 (N.D. Ga. Aug. 5, 2014) ............................ 5

*United States v. Hayes*,
  227 F.3d 578 (6th Cir. 2000) ...................................................................... 1

## STATUTES

Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237,
  tit. II, 118 Stat. 661 (2004) ......................................................................... 7

## OTHER AUTHORITIES

2 *Weinstein's Federal Evidence* § 408.05 (Lexis 2017) ............................................ 4

Fed. R. Civ. P. 26 ...................................................................................................... 7

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 3

Fed. R. Civ. P. 53(f)(3) .............................................................................................. 1

Fed. R. Civ. P. 53(f)(4) .............................................................................................. 1

Fed. R. Evid. 403 ....................................................................................................... 7

Fed. R. Evid. 408 ....................................................................................................... 5, 7

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

- *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)

- *Eid v. Saint-Gobain Abrasives*, *Inc.*, 377 F. App'x 438 (6th Cir. 2010) (unpublished)

- *Jackson v. O'Reilly Auto. Stores, Inc.*, 131 F. Supp. 3d 756 (M.D. Tenn. 2015)

- *Haley v. Kundu*, No. 11-CV-265, 2013 WL 12030021 (E.D. Tenn. Apr. 11, 2013)

I.     **The Special Master's Decision Must Be Reversed Under Any Standard Of Review.**

ADPs[1] incorrectly argue for deferential review.  ADP Opp. 2-3.  The Court reviews *de novo* issues of law or fact like the application of the settlement privilege and the scope of the Master's authority.  *See* Fed. R. Civ. P. 53(f)(3), (4); *United States v. Hayes*, 227 F.3d 578, 581 (6th Cir. 2000) (reviewing *de novo* the "analysis of the contours of the psychotherapist/patient privilege"); *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (application of privilege is a "mixed question of law and fact"); *Sukumar v. Direct Focus, Inc*., 349 F. App'x 163, 165 (9th Cir. 2009) (unpublished) (reviewing *de novo* "legal conclusions as to the scope of the special master's Rule 53 authority").  The Court reviews the Master's decision as to settlement agreements *de novo* because (a) the Master never addressed relevance or other required factors, such as the impact of disclosure on settlement negotiations; and (b) "the issue of relevance is a legal question." *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 298 (D.D.C. 2000); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 654 (7th Cir. 2002) (applying *de novo* standard where court below "failed to address the issue of relevance").  In any event, a master abuses his discretion when he "applies the law improperly, or uses an erroneous legal standard." *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 634 (6th Cir. 2009).  Under any standard, the Master's legal errors compel reversal.

II.    **The Special Master Erred In Ordering The OEMs To Produce Confidential Settlement Agreements With Suppliers, Including Defendants.**

**A. The Master exceeded his authority.**  In four pages of argument, ADPs do not identify any written or oral argument for or against the production of settlement agreements made before the Master ruled.  ADP Opp. 14-17.  Accordingly, the Master exceeded his authority to resolve *only* the disputes put before him.  Defs. Obj. 9-10.

---

[1] Only the Automobile Dealership Plaintiffs ("ADPs"), not the other Moving Plaintiffs, oppose Defendants' objections.  *See* ECF Nos. 1680, 1681 ("ADP Opp.") 1 n.1.  Capitalized terms, including "Ex. _", have the meaning in Defendants' objections (ECF No. 1650) ("Defs. Obj.").

**B.  The settlement agreements are irrelevant to ADPs' claims.**  ADPs do not cite, and Defendants are unaware of, *any* antitrust case in which an indirect purchaser successfully compelled production of a settlement agreement with a non-party direct purchaser, for the very good reason that such settlement agreements are irrelevant to indirect purchaser claims. Defs. Obj. 12; *see* ADP Opp. 17-18.  ADPs' *post hoc* attempts to demonstrate relevance otherwise fail.

ADPs vaguely argue that the settlement agreements would somehow "shed light on practices and mechanics of OEMs' commercial relationship with their suppliers, an ongoing, sometimes decades-long relationship that defined how parts contracts were bid out, negotiated, awarded and modified and that was at the center of this conspiracy."  ADP Opp. 17.  But ADPs never explain how *settlement agreements* would "shed [any] light" on any of those things, and Defendants have demonstrated that they will not.  Defs. Obj. 11-12.

ADPs then state that they need settlement agreements to learn how "collusive rates were modified or re-negotiated after disclosure" of the misconduct.  ADP Opp. 17.  But ADPs do not need settlement agreements to show price changes in the "post-collusion" period because that information is available from an alternative source: Defendants' and OEMs' transactional data. Further, the typical settlement agreement would call for a lump sum payment to the OEM to resolve the OEM's claims and thus would provide none of the information ADPs claim to seek.

ADPs next speculate that settlement agreements might be relevant to show OEM bias. ADP Opp. 17. But a settlement agreement may be discoverable to show witness bias only when the moving party (1) identifies a particular witness who will in fact testify and (2) shows how that witness could be biased by the settlement.  Defs. Obj. 12.  ADPs make no such showing.

Finally, ADPs argue that the settlement agreements can be used to "inform Plaintiffs' decisions as to what to request" during discovery.  ADP Opp. 18.  Once again, ADPs offer no

explanation for how settlement agreements would enlighten them about what discovery to seek. And discovery is proper only if relevant to a "claim or defense" in litigation. Fed. R. Civ. P. 26(b)(1). ADPs' desire to review settlement agreements to formulate a discovery strategy is insufficient as a matter of law. *Cf. Jeld-Wen, Inc. v. Agc Am., Inc. (In re Flat Glass Antitrust Litig.)*, 2013 WL 1703864, at *1 (W.D. Pa. Apr. 19, 2013) ("relevance to settlement negotiations is not relevant to the subject matter of the action, as contemplated by applicable rules and standards").

**C.  Compelled production of the agreements will impede future settlements.** ADPs claim that it "strains credulity" that compelled disclosure would cause parties to choose to litigate rather than settle.  ADP Opp. 19.  But Defendants' concern is not that the parties will no longer *want* to settle, but that they may not be *able* to settle because they will be dissuaded from compromising for fear of forced disclosure of confidential settlement information. Defs. Obj. 14-15.  That concern is real:  the Master's order "has already substantially chilled the ability of Nissan and its suppliers to negotiate and memorialize settlements for fear of disclosure to third parties, and counsel for third parties."[2]

**III.  The Special Master Erred In Ordering The OEMs To Produce Privileged Settlement Communications.**

**A.  The privilege extends to all communications "in furtherance of settlement."** ADPs do not even attempt to defend the Special Master's arbitrary distinction between factual statements made at "initial meetings" about settlement and similar statements made during subsequent discussions.  Instead, they simply pretend the Master never drew that distinction.  *See, e.g.*, ADP Opp.  9. But the Master did not hold that *all* statements about the underlying facts are discoverable, only those at "initial meetings." Ex. 6, Order ¶ 2; Ex. 3, Tr. 9:7-20.  Neither the Master nor ADPs

---

[2] Nissan N. Am.'s Further Br. in Supp. Of Certain OEM's Obj. to the Special Master's Order Granting in Part and Denying in Part Certain Serving Parties' Mot. to Compel Prod. In Resp. to Request No. 31 at 2, Case No. 2:12-md-02311-MOB-MKM, ECF No. 1652.

have explained why statements made at the first meeting are categorically not privileged, but similar statements made at the second or third (or later) meetings are privileged. And there is no support for that distinction, as the privilege turns on the *purpose* of the communication, not *when* it was made. Defs. Obj. 18-20.

**B. Statements about the underlying facts are at the heart of the privilege.** The thrust of ADPs' brief is that statements describing the underlying facts about a conspiracy can *never* be privileged under *Goodyear* because they do not count as "settlement negotiations." ADP Opp. 5-10. That is wrong: the only relevant question under *Goodyear* is if the communication was "made in furtherance of settlement," *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003), not whether the communication meets ADPs' (unstated) metaphysical definition of "settlement negotiations." Perhaps for that reason, ADPs do not cite a single case— and Defendants have not found one—interpreting the settlement privilege to exclude factual admissions about the merits of claims. *Goodyear* holds that the settlement privilege exists to ensure that settlement communications are "uninhibited," *id.* at 980, and that rationale applies to factual admissions: "To promote settlement of disputes, there must be full and frank disclosure by each party of his or her position, *and the facts on which he or she relies to sustain that position*." 2 *Weinstein's Federal Evidence* § 408.05 (Lexis 2017) (emphasis added). Further, *Goodyear*'s holding that settlement communications are privileged because they are not probative in litigation applies with the *most force* to factual admissions: "[F]actual representations contained in [a settlement communication] might differ from representations [during litigation] because the context of a settlement demand is very different, and [a party] might have taken a different, potentially inferior position with regard to [the central issue in the case] in that context . . . to negotiate a settlement." *Haley v. Kundu*, 2013 WL 12030021, at *2 (E.D. Tenn. Apr. 11, 2013).

4

Cases applying Rule 408, upon which *Goodyear* relied in recognizing the settlement privilege, confirm that the privilege extends to descriptions of the underlying facts. For example, in *Eid v. Saint-Gobain Abrasives*, *Inc.*, 377 F. App'x 438 (6th Cir. 2010) (unpublished), the Sixth Circuit rejected the argument that a settlement communication that contained "discussion of [the defendant's] internal investigation f[ell] outside the scope of Rule 408 merely because it contained factual admissions." *Id.* at 444. The Court ruled that the letter in question was "exactly the type of admission that falls within the scope of Rule 408." *Id.* at 445. In so holding, the Court relied upon the same policy rationales that undergird the *Goodyear* settlement privilege. *Id.* at 444 (quoting *Goodyear*, 332 F.3d at 981). Other cases similarly have held that Rule 408 applies to factual admissions made to further settlement discussions.[3] As another court aptly stated, "it does not matter that the statements involved were not actually offers but rather facts proffered about the dispute." *United States v. Doxie*, 2014 WL 3845699, at *10 (N.D. Ga. Aug. 5, 2014).

ADPs argue that compelling production of settlement communications is in the public interest, ADP Opp. 19-22, but in doing so they ask this Court to ignore binding Sixth Circuit authority. ADPs cite cases from *other circuits* that declined to recognize a settlement privilege at all. ADP Opp. 20 (citing *In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201 (D.D.C. 2005), and *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012)). But *Goodyear* rejected those courts'

---

[3] *See, e.g.*, *Jackson v. O'Reilly Auto. Stores, Inc.*, 131 F. Supp. 3d 756, 763 (M.D. Tenn. 2015) ("[a]ny factual admissions within the letter are statements made in the effort to compromise," and "Rule 408 precludes introduction"); *Haley*, 2013 WL 12030021, at *2 (applying Rule 408 to "strictly factual information") (citing *Goodyear* and *Eid*); *In re Sept. 11 Litig.*, 621 F. Supp. 2d 131, 164 (S.D.N.Y. 2009) (applying Rule 408 to a document about "the merits of various contentions in the lawsuit"); *Nomo Agroindustrial S.A. de C.V. v. Enza Zaden N. Am., Inc.*, 2009 WL 211085, at *3-4 (D. Ariz. Jan. 29, 2009) (agreeing with a party that "factual statements made during settlement negotiations are clearly within the scope of Rule 408's prohibition"); *see also United States ex rel. Underwood v. Genentech, Inc.*, 2010 WL 8917474, at *1-2 (E.D. Pa. Oct. 7, 2010) (barring discovery of "presentations and letters analyzing facts and damages that were created in connection with settlement negotiations").

reasoning. And even *MSTG* recognized that courts should limit discovery where "allowing broad discovery would undermine other important interests in confidentiality," including "the public policy goals" favoring settlement. *MSTG*, 675 F.3d at 1347. *Goodyear* holds that those public policy interests are paramount in this Circuit.

**C. ADPs' other arguments against the privilege fail.** ADPs argue that "confidentiality agreements do not preclude discovery" of settlement communications. ADP Opp. 9. They miss the point. Confidentiality agreements *entered into for settlement discussions* can establish the factual predicate for the privilege: that communications made under the agreement were "made in furtherance of settlement" and intended to be confidential. *Goodyear*, 332 F.3d at 983.

ADPs argue that Defendants waived the argument that the Master erred in ordering production *en masse* of documents about "initial meetings" without considering the context of the communications. ADP Opp. 10-11; Defs. Obj. 21-22. But Defendants raised this issue when it first arose. Prior to the Master's ruling, ADPs asked the Master to reject the settlement privilege and order production of *all* documents about negotiations between the OEMs and Defendants—so there was not yet a need for Defendants or the OEMs to address distinctions between the documents. *See* Mot. Compel (ECF Nos. 1188, 1189). When the Master *sua sponte* distinguished between kinds of documents, Defendants properly objected at their first opportunity. *See United States v. Clariot*, 655 F.3d 550, 556 (6th Cir. 2011) ("When a district court resolves an issue, the losing party can challenge it. Otherwise, the more surprising a district court decision in terms of resolving unbriefed and unargued points, the more insulated from review that decision would be.").

Finally, ADPs' claimed need to discover settlement communications, ADP Opp. 1-2, 4, is both irrelevant and overstated. It is irrelevant because "the very nature of a privilege is that it prevents disclosure of information that may be relevant in the case, in order to serve interests that

are of over-arching importance." *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 530 (N.D. Ill. 1999).  It is overstated because ADPs have access to significant information from other sources. Beyond Defendants' voluminous document productions, interrogatory responses, and depositions, ADPs' settlement agreements include robust cooperation obligations, *see, e.g.*, Ex. 8, ¶¶ 35-46, and ADPs have information from amnesty applicants pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, tit. II, 118 Stat. 661, 665-69 (2004).[4]

## IV.   The Special Master Erred In Ordering Production Of Documents Regarding Products As To Which ADPs Have No Pending Case.

ADPs contend that Defendants cannot object to compelled production as to particular parts now because they did not so argue below.  ADP Opp. 23.  But their proposed order to implement the Master's ruling included this caveat, Ex. 5 ¶ 8, and ADPs ignore that they have completely settled many cases since Defendants filed their brief below in February 2016.

ADPs argue that they need settlement documents about all parts to see "the full picture." ADP Opp. 23.  But ADPs are pursuing claims as to separate conspiracies as to particular parts, and they can only seek information relevant to those separate conspiracies.  And this Court has rejected the notion that the conduct affected all parts when it rejected ADPs' motion to consolidate.[5]

### CONCLUSION

The Court should sustain Defendants' objections to the Special Master's order.

---

[4] Defendants' opening brief also demonstrated that the Master erred because ADPs offered no "legitimate, admissible use" for the information they seek.  Defs. Obj. 23-24.  ADPs argue that the documents they seek are admissible because they are not about "settlement negotiations" and are relevant to show OEM bias.  ADP Opp. 13.  Defendants have explained why those points fail.  *See supra* pp. 2, 4-5.  ADPs also point to Rule 26's statement that evidence need not be admissible to be discoverable.  ADP Opp. 12.  But *Goodyear* makes clear that principle does not apply to settlement-related documents due to the interplay between the settlement privilege, Federal Rules of Evidence 403 and 408, and Federal Rule of Civil Procedure 26. *See* 332 F.3d at 982-83.

[5] Op. & Order Denying EPPs' Mot. To Consol. Claims & Amend Complts. & ADPs' Mot. To Consol. Claims & Amend Complts., Case No. 2:13-cv-0702-MOB-MKM, ECF No. 83.

Respectfully submitted,

Dated:  March 1, 2017

**JENNER & BLOCK LLP**

*/s/  Terrence J. Truax*
Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

Gary K. August
**ZAUSMER, AUGUST & CALDWELL, P.C.**
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334-2374
gaugust@zacfirm.com

*Counsel for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US Holdings, Inc.,*
*and Mitsubishi Electric Automotive America, Inc.*

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ *Brian Byrne*  (w/ consent)
Brian Byrne
Ryan M. Davis
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 974-1850
Fax: (202) 974-1999
bbyrne@cgsh.com
rmdavis@cgsh.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Valeo Japan Co., Ltd.,
Valeo Inc., Valeo Electrical Systems, Inc., and
Valeo Climate Control Corp.*

**ARNOLD & PORTER KAYE SCHOLER LLP**

/s/ *Franklin R. Liss* (w/ consent)
Franklin R. Liss
Matthew Tabas
Emily J. Blackburn
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
frank.liss@apks.com
matthew.tabas@apks.com
emily.blackburn@apks.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Defendants Koito Manufacturing Co., Ltd. and North American Lighting, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**

/s/  *George A. Nicoud III*  (w/ consent)
George A. Nicoud III (SBN 106111)
Rachel S. Brass (SBN 219301)
Austin V. Schwing (SBN 211696)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
tnicoud@gibsondunn.com
aschwing@gibsondunn.com
rbrass@gibsondunn.com

*Counsel for Defendants Mitsuba Corporation and American Mitsuba Corporation*

**COVINGTON & BURLING LLP**

*/s/ Anita F. Stork*  (w/ consent)
Anita F. Stork
Gretchen Hoff Varner
Cortlin H. Lannin
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone:  (415) 591-6000
Fax:  (415) 955-6550
astork@cov.com
ghoffvarner@cov.com
clannin@cov.com

Michael J. Fanelli
Ashley E. Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Fax: (202) 662-5383
mfanelli@cov.com
abass@cov.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

**BROOKS WILKINS SHARKEY & TURCO PLLC**

*/s/Maureen T. Taylor* (w/ consent*)*
Herbert C. Donovan (P51939)
Maureen T. Taylor (P63547)
**BROOKS WILKINS SHARKEY & TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com
donovan@bwst-law.com

*Attorneys for Defendants Alps Electric Co., Ltd.;*
*Alps Electric (North America), Inc.; and Alps*
*Automotive, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Barry A. Pupkin* (w/ consent)
Barry A. Pupkin
Iain R. McPhie
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-6000
Fax: (202) 457-6315
Barry.Pupkin@squirepb.com
Iain.McPhie@squirepb.com

*Counsel for Aisan Industry Co., Ltd.,*
*Aisan Corporation of America*
*Franklin Precision Industry, Inc.,*
*and Hyundam Industrial Co., Ltd.*

WILMERHALE LLP

*/s/ Steven F. Cherry* (w/ consent)
Steven F. Cherry
David P. Donovan
Brian C. Smith
**WILMERHALE LLP**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
david.donovan@wilmerhale.com
brian.smith@wilmerhale.com

*Counsel for Defendants DENSO Corporation,
DENSO International America, Inc., DENSO
International Korea Corporation, DENSO Korea
Automotive Corporation, DENSO Products &
Services Americas, ASMO Co., Ltd., ASMO North
America, LLC, ASMO Greenville of North Carolina,
Inc., ASMO Manufacturing, Inc., and ASMO North
Carolina Inc.*

Steven M. Zarowny
General Counsel
DENSO International America, Inc.
24777 Denso Drive
Southfield, MI 48033
Telephone: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Counsel for Defendant DENSO International
America, Inc.*

**BAKER BOTTS L.L.P.**

*/s/ Randall J. Turk* (w/ consent)
Randall J. Turk
John Taladay
Mark Miller
Heather Souder Choi
Sterling A. Marchand
**BAKER BOTTS L.L.P.**
1299 Pennsylvania Avenue., NW
Washington, D.C. 20004-2400
Phone: 202.639.7700
Fax: 202.639.7890

*Counsel for Defendants Toyoda Gosei Co., Ltd.,*
*Toyoda Gosei North America Corp., TG Missouri*
*Corp., TG Kentucky, LLC, and TG Fluid Systems*
*USA Corp.*

14

**JONES DAY**

*/s/ Michael R. Shumaker* (w/ consent)
Michael R. Shumaker
John M. Majoras
Carmen G. McLean
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC  20001-2113
Telephone: (202) 879-3939
Facsimile:  (202) 626-1700
mrshumaker@jonesday.com
jmmajoras@jonesday.com
cgmclean@jonesday.com

Michelle K. Fischer
Stephen J. Squeri
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH  44114
Telephone: (216) 586-3939
Facsimile:  (216) 579-0212
mfischer@jonesday.com
sjsqueri@jonesday.com

Tiffany D. Lipscomb-Jackson
**JONES DAY**
Mailing Address: P.O. Box 165017
Columbus, Ohio 43216-5017
Street Address: 325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215
Telephone: (614) 469-3939
Facsimile:  (614) 461-4198
tdlipscombjackson@jonesday.com

*Counsel for Defendants Yazaki Corporation and
Yazaki North America, Inc.*

**ALLEN & OVERY LLP**

*/s/ John Roberti* (w/ consent)
John Roberti
Matthew R. Boucher
**ALLEN & OVERY LLP**
1101 New York Avenue NW
Washington, D.C. 20005
202-683-3800
john.roberti@allenovery.com
matthew.boucher@allenovery.com

Michael S. Feldberg
**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, NY 10020
212-610-6360
michael.feldberg@allenovery.com

William R. Jansen (P36688)
Michael G. Brady (P57331)
**WARNER NORCROSS & JUDD LLP**
2000 Town Center, Suite 2700
Southfield, MI 48075-1318
248-784-5000
wjansen@wnj.com
mbrady@wnj.com

*Counsel for Robert Bosch LLC and Robert Bosch GmbH*

**SHEARMAN & STERLING LLP**

*/s/ Heather L. Kafele*  (w/ consent)
Heather L. Kafele
Keith R. Palfin
Kyle M. Noonan
**SHEARMAN & STERLING LLP**
401 9th Street, NW
Washington, DC 20004
Phone: (202) 508-8000
Fax: (202) 508-8100
hkafele@shearman.com
keith.palfin@shearman.com
kyle.noonan@shearman.com

Brian M. Akkashian
**PAESANO AKKASHIAN & APKARIAN P.C.**
7457 Franklin Road, Suite 200
Bloomfield Hills, MI 48301
Phone: (248) 792-6886
Fax: (248) 792-6885
bakkashian@paalawfirm.com

*Counsel for Defendants JTEKT Corporation,
JTEKT Automotive North America, Inc., and JTEKT
North America Corporation, formerly d/b/a Koyo
Corporation of U.S.A.*

**LANE POWELL PC**

*/s/ Kenneth R. Davis II* (w/ consent)
Craig D. Bachman
Kenneth R. Davis II
Darin M. Sands
Masayuki Yamaguchi
MODA Tower
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158
Telephone:  503.778.2100
bachmanc@lanepowell.com
davisk@lanepowell.com
sandsd@lanepowell.com
yamaguchim@lanepowell.com

Larry S. Gangnes
**LANE POWELL PC**
U.S. Bank Centre
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
gangnesl@lanepowell.com

Richard D. Bisio (P30246)
Ronald S. Nixon (P57117)
**KEMP KLEIN LAW FIRM**
201 W. Big Beaver, Suite 600
Troy, MI 48084
Telephone:  248.528.1111
richard.bisio@kkue.com
ron.nixon@kkue.com

*Attorneys for Defendants Nachi-Fujikoshi Corp.*
*and Nachi America Inc.*

**HERTZ SCHRAM PC**

*/s/ Bradley J. Schram* (w/ consent)
Bradley J. Schram
MI Bar # P26337
**HERTZ SCHRAM PC**
1760 S. Telegraph Road
Suite 3000
Bloomfield Hills, MI  48302
Tel.:  (248) 335-5000
Fax: (248) 335-3346
bschram@hertzschram.com

*Counsel for Toyo Tire & Rubber Co., Ltd., Toyo North America Manufacturing Inc., Toyo Tire North America OE Sales LLC, and  Toyo Automotive Parts (USA), Inc.*

**BUTZEL LONG**

*/s/ Sheldon H. Klein* (w/ consent)
Sheldon H. Klein (P41062)
David F. DuMouchel (P25658)
**BUTZEL LONG**
150 West Jefferson, Suite 100
Detroit, MI 48226
Tel: (313) 225-7000
Fax: (313) 225-7080
klein@butzel.com
dumouchd@butzel.com

W. Todd Miller
**BAKER & MILLER PLLC**
2401 Pennsylvania Ave., NW, Suite 300
Washington, DC 20037
Tel.: (202) 663-7820
Fax: (202) 663-7849
TMiller@bakerandmiller.com

*Attorneys for Defendants TRAM, Inc. and Tokai Rika Co., Ltd.*

19

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

*/s/ Steven J. Kaiser* (w/ consent)
Steven J. Kaiser
Jeremy Calsyn
Teale Toweill
Larry Malm
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 974-1554
Fax: (202) 974-1999
skaiser@cgsh.com
jcalsyn@cgsh.com
ttoweill@cgsh.com
lmalm@cgsh.com

David A. Ettinger (P26537)
**HONIGMAN, MILLER, SCHWARTZ AND COHN LLP**
660 Woodward Avenue, Suite 2290
Detroit, MI 48226-3506
Tel.: (313) 465-7368
Fax: (313) 465-7369
*dettinger@honigman.com*

*Counsel for Defendants NSK Ltd. and NSK Americas, Inc.*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey J. Amato* (w/ consent)
A. Paul Victor
Jeffrey L. Kessler
Jeffrey J. Amato
Molly M. Donovan
Elizabeth A. Cate
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Tel.: (212) 294-6700
Fax: (212) 294-4700
pvictor@winston.com
jkessler@winston.com
mmdonovan@winston.com
jamato@winston.com
ecate@winston.com

**KERR, RUSSELL AND WEBER, PLC**
Fred K. Herrmann (P49519)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Tel. (313) 961-0200
fherrmann@kerr-russell.com

*Attorneys for Defendants NTN Corporation and NTN USA Corporation*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler* (w/ consent)
Jeffrey L. Kessler
A. Paul Victor
Eva W. Cole
Jeffrey J. Amato
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700 (t)
(212) 294-4700  (f)
JKessler@winston.com
PVictor@winston.com
EWCole@winston.com
JAmato@winston.com

Brandon Duke
**WINSTON & STRAWN LLP**
1111 Louisiana Street, 25th Floor
Houston, TX 77002
(713) 651-2636 (t)
(713) 651-2700 (f)
BDuke@winston.com

*Counsel for Panasonic Corporation and Panasonic Corporation of North America*

**COVINGTON & BURLING LLP**

*/s/ Bruce A. Baird* (w/ consent)
Bruce A. Baird
Sarah L. Wilson
Michael A. Fanelli
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone:  (202) 662-6000
Fax: (202) 662-6291
bbaird@cov.com
swilson@cov.com
mfanelli@cov.com

Anita F. Stork
**COVINGTON & BURLING LLP**
One Front Street
35th Floor
San Francisco, CA 94111
Telephone: (415) 591-6000
Fax: (415) 955-6550
astork@cov.com

**BROOKS WILKINS SHARKEY & TURCO PLLC**

*/s/ Maureen T. Taylor* (w/ consent)
Maureen T. Taylor
**BROOKS WILKINS SHARKEY & TURCO PLLC**
401 Old South Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1721
Fax: (248) 971-1801
taylor@bwst-law.com

*Counsel for Defendants Keihin Corporation and Keihin North America, Inc.*

23

**LATHAM & WATKINS LLP**

*/s/ Marguerite M. Sullivan* (w/ consent)
Marguerite M. Sullivan
Allyson M. Maltas
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Marguerite.Sullivan@lw.com
Allyson.Maltas@lw.com

Daniel M. Wall
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 395-0600
Fax: (415) 395-8095
dan.wall@lw.com

William H. Horton (P31567)
**GIARMARCO, MULLINS & HORTON, P.C.**
101 West Big Beaver Road, Tenth Floor
Troy, MI 48084-5280
Telephone: 248-457-7060
bhorton@gmhlaw.com

*Counsel for Defendants Sumitomo Electric
Industries, Ltd.; Sumitomo Wiring Systems, Ltd.;
Sumitomo Electric Wiring Systems, Inc.; K&S
Wiring Systems, Inc.; and Sumitomo Wiring Systems
(U.S.A.) Inc.*

24

**LATHAM & WATKINS LLP**

*/s/ Marguerite M. Sullivan* (w/ consent)
Marguerite M. Sullivan
Allyson M. Maltas
Thomas J. Humphrey
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004-1304
Tel.: (202) 637-2200
Fax: (202) 537-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com
thomas.humphrey@lw.com

Howard B. Iwrey (P39635)
Brian M. Moore (P58584)
**DYKEMA GOSSETT PLLC**
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
Fax: (248) 203-0763
hiwrey@dykema.com
bmoore@dykema.com

*Counsel for Weastec, Inc.*

**WILLIAMS & CONNOLLY LLP**

*/s/ David M. Zinn* (w/ consent)
David M. Zinn
John E. Schmidtlein
Samuel Bryant Davidoff
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: 202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Counsel for Defendants Takata Corporation and TK
Holdings, Inc.*

25

MORGAN, LEWIS & BOCKIUS LLP

*/s/ J. Clayton Everett, Jr.* (w/ consent)
J. Clayton Everett, Jr.
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
clay.everett@morganlewis.com

Larry J. Saylor
**MILLER, CANFIELD, PADDOCK &
STONE P.L.C.**
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7986
Facsimile: (313) 496-8454
Saylor@MillerCanfield.com

*Counsel for Sumitomo Riko Company
Limited and DTR Industries, Inc.*

MORGAN, LEWIS & BOCKIUS LLP

*/s/ J. Clayton Everett, Jr.* (w/ consent)
J. Clayton Everett, Jr.
**MORGAN LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
clay.everett@morganlewis.com

*Counsel for Defendants Showa Corporation and
American Showa, Inc.*

26

**DYKEMA GOSSETT PLLC**

*/s/ Howard B. Iwrey* (w/ consent)

Howard B. Iwrey, MI Bar No. P39635
Cale A. Johnson, MI Bar No. P78032
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48302
(248) 203-0700
hiwrey@dykema.com
cjohnson@dykema.com

Roxann E. Henry, DC Bar No. 351569
**MORRISON & FOERSTER LLP**
2000 Pennsylvania Avenue, NW Suite 6000
Washington, DC 20006-1888 Tel: (202) 887-1595

*Counsel for Inoac Corporation, Inoac Group North
America LLC and Inoac USA Inc.*

**BARNES & THORNBURG LLP**

*/s/ Bradley Love*  (w/ consent)
Kendall Millard
Bradley Love
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-1313
Fax: 317-231-7433
Kendall.Millard@btlaw.com
Bradley.Love@btlaw.com

Valerie Mullican (# P74045)
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, Michigan 49503
Tel: 616-742-3930
Fax: 616-742-3999
Valerie.Mullican@btlaw.com

*Attorneys for Defendant Green Tokai Co., Ltd*

27

**DYKEMA GOSSETT PLLC**

*/s/ Howard B. Iwrey* (w/ consent)
Howard B. Iwrey (P39635)
Cale A. Johnson (P78032)
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0526
Fax: (248) 203-0763
hiwrey@dykema.com
cjohnson@dykema.com

**BARNES & THORNBURG LLP**

*/s/ Bradley Love* (w/ consent)
Kendall Millard
Bradley Love
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-1313
Fax: 317-231-7433
Kendall.Millard@btlaw.com
Bradley.Love@btlaw.com

*Attorneys for Defendants KYB Corporation, f/k/a
Kayaba Industry Co., Ltd., and KYB Americas
Corporation*

**WILLIAMS & CONNOLLY LLP**

*/s/ Samuel Bryant Davidoff* (w/ consent)
David M. Zinn
John E. Schmidtlein
Samuel Bryant Davidoff
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: 202-434-5000
Fax: 202-434-5029
dzinn@wc.com
jschmidtlein@wc.com
sdavidoff@wc.com

*Counsel for Defendants Takata Corporation and TK
Holdings, Inc.*

28

**SEABOLT LAW FIRM**

_/s/ Scott T. Seabolt_  (w/ consent)

Scott T. Seabolt (P55890)
17199 N. Laurel Park Dr., Ste. 215
Livonia, Michigan 48152
248-717-1302
sseabolt@seaboltpc.com

_Counsel for Defendants Mitsubishi Heavy Industries
Ltd., Mitsubishi Heavy Industries America, Inc. and
Mitsubishi Heavy Industries Climate Control, Inc._

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 1, 2017, I caused a copy of DEFENDANTS' REPLY IN

SUPPORT OF THEIR OBJECTIONS TO THE SPECIAL MASTER'S ORDER COMPELLING

THE OEMS TO PRODUCE CONFIDENTIAL SETTLEMENT AGREEMENTS AND

PRIVILEGED SETTLEMENT COMMUNICATIONS to be electronically filed with the Clerk

of the Court using the CM/ECF system, which will send notifications of such filings to all

counsel of record.

> */s/ Daniel T. Fenske*
> Daniel T. Fenske
> JENNER & BLOCK LLP
> 353 N. Clark Street
> Chicago, Illinois 60654
> 312-222-9350
>
> *Counsel for Mitsubishi Electric*
> *Corporation, Mitsubishi Electric US*
> *Holdings, Inc., and Mitsubishi Electric*
> *Automotive America, Inc.*