UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



IN RE: AUTOMOTIVE PARTS
ANTITRUST LITIGATION

[1]MASTER FILE NO. 12-md-02311
Hon. Marianne O. Battani

Objection to Proposed Settlement or in the Alternative for Other Relief

Movant is a member of the class in the above class action and herein move to extend the time for filing oppositions or in the alternative herein opposes the proposed settlement.In light of the distance and costs movant does not intend to appear in person and requests that the court rule on oppostion/motion on the papers.

In the event this arrives after March 16 motion is also made to extend the time for filing this as movant is not on this courts CM/ECF system thus per equity filing should be the mailing date to allow the same amount of time as those on this courts CM/ECF, this was mailed this from a distant state, could not file in person due to distance, could not go to the post office on March 10 due to snow, ice and dangerously cold weather making it unsafe to go outside. Movant had contacted class counsel as stated herein and had hoped not to have to file this. Such an extension will in no way delay or prejudice anyone as movant has sent a copy by email to the person/entity stated on the class action web site prior to March 16, 2017

In a class action case before a class action is allowed to be approved the court must determine whether the class members received sufficient direct benefit to justify the settlement as fair, reasonable, and adequate. Before doing so, though it must have the requisite factual basis. *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013). Such information is not available in the proposed settlement in the case at bar and thus the proposed settlement is required to be denied or the time for filing oppositions extended until sufficient facts are known

Movant filed timely valid claims for several new car purchases which are covered by this case, all of her claims are for new car purchases not parts. In filing these claims movant supplied class counsel with the make, model, and year of the car, the cars vin number, state of purchase and date of purchase. Thus class counsel can independently confirm that movants claims are valid and that she is entitled to compensation as a class member.[2]

---

[1]The top of documents in this case have docket no 2:13-cv-00703-MOB-MKM on them, and various docket numbers appear on p. 1.This document is intended to apply to all case names and docket numbers.

[2]An issue has arisen regarding whether movants claims fall under round 1 or round 2. Movant is not an auto mechanic and has no idea of many of the parts in cars nor who manufactures them.  Class counsels'agent has confirmed that at least one of movants new car purchases covered by this case is included in settlements from both Round 1 and Round 2. Movant did not receive notice of this case prior to the deadline for filing an opposition to round 1 so should be allowed to file late even if she is not included in round 2 which she is. Class Counsel or their agent engaged in sex discrimination in their notice procedure. This sex discrimination had a disparate impact on notice of the case to women; as the notice of this case was published in Sports illustrated and Automotive news

As a class member movant certainly doesnt want the amount she gets to be reduced due to fraudulent claims, but given the information she has already provided Vin, year, make and model of cars, state of purchase, and date of purchase, class counsel can verify the truth of movants claims without anything additional from her

However class counsel has thus far refused to confirm that movants claim, saying the claims evaluation process has not yet begun. First telling movant through his agent that they require additional documentation from everyone (for all new cars purchased from 1996-2016 ie as far back as 21 years) and then that " It is not clear that we will need additional documentation to verify your claim. If we do require additional information from you, we will contact you at a later date. At this time, you do not need to provide additional documentation."

Movant pointed out to class counsels agent that documentation was equally available to her and class counsel from the Registry of Motor Vehicles but that the Registry of Motor Vehicles charges money for this; and that it would not be fair to require class members to spend this money if the money was more then the amount which would be paid in the case.[3]

Class Counsels agent then said that "if additional information or documentation is needed to verify a claim, and the value of the claim is determined to be less than the costs of providing those necessary documents, then class members can choose not to provide them"and presumably not get any money from the settlement.

Even if the amount of the settlement is reasonable and even if class counsels sought after fees were not excessive (an issue in dispute), a reasonable settlement does not do any good if class members can not get the money or if the procedures to do so are unreasonably burdensome, if it cost more to produce verification that class counsel requires then the amount of money the class members are going to get then the settlement is not reasonable.

If the costs class counsel requires for verification are so high that the injured parties get nothing while class counsel gets millions then the settlement is not a reasonable settlement. If the amount of money class members are going to get is low then the required verification should also be low and affidavits accepted as sufficient proof, otherwise there will be money left over from unpaid claims and thus not an equitable distribution of the money to all injured class members.

The courts have repeatedly ruled that a settlement with a restrictive claims process which results

---

(publications disproportionately read by men) but not any publications disproportionately read by women (see p. 6 order) .This is sex discrimination as it falsely suggests that women do not buy cars or at least as many cars as men.

[3]Though $604 million sounds like a lot of money and class members may expect a lot of money given the cost of cars, there are over 247 million adults in the USA alone (see datacenter.kidscount.org/data/tables/99-total-population-by-child-and-adult#detailed/1/any/false/573,869,36,868,86 7/39,40,41/416,417) , many of whom bought more then one car over the 20 year time period of this case. Thus if each adult in USA files a valid claim each class member could get as low as (estimate) $2.50minus lawyers fees.

in class members not filing claims is not in the best interest of the class. See *In re Baby Products Antitrust Litigation*, 708 F.3d 163 (3d Cir. 2013); *Pearson v. NBTY*, 772 F.3d 778 (7th Cir 2014)

In *Pearson*, the court condemned both defendants' efforts "to minimize the number of claims" by requiring elaborate documentation and plaintiffs' counsels' failures to push back.

The court in *Pearson* ruled that given the low amount of money that a member of the class would likely get that a sworn statement would be sufficient documentation, without requiring receipts or records and that anything more is unreasonably burdensome and that It's hard to resist the inference that defendant was trying to minimize the number of claims that class members would file, in order to minimize the cost of the settlement to it. Class counsel also benefited from minimization of the claims, because the fewer the claims, the more money defendant would be willing to give class counsel to induce settlement.

Class Counsels agent then said that "if additional information or documentation is needed to verify a claim, and the value of the claim is determined to be less than the costs of providing those necessary documents, then class members can choose not to provide them"and presumably not get any money from the settlement.

But later said "we do not require any official vehicle registration documents, and it is certainly not required for claimants to spend money to retrieve documents...I would like to reiterate that you do not need to provide additional documentation at this time and may not require additional documentation to verify your claim at all."

Thus it may be premature to file this and it may not be necessary but due to Class Counsel causing the deadline for filing oppositions before the deadline for filing claims, their refusal to confirm valid claims prior to their deadline for filing oppositions, and their statement through their agent about requiring additional documentation which will cost money to get (though they can independently verify claims and which additional documentation they subsequently said they may not require), movant has no choice but to file this at this time to meet the opposition deadline, so as to preserve her rights. Movant has seen a class action where the lawyer (different lawyer then the lawyers here) tried to take all the money and leave class members with nothing and wants to make sure that is not going to happen here.

Movant contacted class counsel and requested that they either confirm her claim (for which she had already provided then with the make, model, and year of the cars, the cars vin number, state of purchase and date of purchase and which claim class counsel can independently verify) or agree to extend the deadline for filing oppositions, but they refused.

Given class counsels refusal to do this requiring a possibly premature opposition to protect movants rights, one has to wonder if class counsel was otherwise inefficient with their time

## AFFIDAVIT

Now comes Sandra Singer and herein says and deposes that

1. I am a member of the class in the within class action case entitled to a portion of the settlement in this case.

2. Over the years I bought several new cars of make and model listed on the class action web site during the time period listed on the class action web site.

3. I filed a claim on the class action web site in which I truthfully provided the make, model, and year of the cars, the cars vin number, state of purchase and date of purchase.

4. I contacted the subject Registry of Motor Vehicles regarding documents but they told me they charge for the documents.

5. All of the statements made in the within document are true.

Signed under the pains and penalties of perjury this 10th day of March 2017

Sandra Singer

Class counsel in various documents is requesting 35% (30%+5%) and 27.5% of the settlement as lawyers fees. Both of these are above the class action benchmark percentage of 25%, *Fournier v. PFS Investments*, 997 F.Supp. 828 (ED Mich 1998) and substantially above the class action lawyers fees percentage awarded in other cases with large settlements, see *Bowling v. Pfizer*, 102 F3d 777 (6th Cir 1996) 10% of the settlement for lawyers fees on 33 million stating as a reason the large amount of the settlement and *Fournier*, supra 20% of the settlement for lawyers fees.

Class counsel may claim that because they got what they claim is a large settlement ($604 million) that they therefore should get an above average percentage. This is incorrect. The fact is that a large settlement often results in less time and effort per dollar then smaller settlements. For example if each class member has injuries by defendant of $1000 a lawyer represents a million class members they are likely to get a larger settlement then if they represent 100 class members though not spending more time. Class counsel should be paid for their work but should not an excessive fee. If they get 10% that would be $60 million for this case alone, that is certainly an ample payment, more then many Americans for that matter many lawyers make in a lifetime

Courts have also lowered lawyers fees in class action cases where class counsel agreed to a settlement with a restrictive claims process or which required elaborate documentation which class counsels agent initially indicated they did but subsequently indicated they may not require additional documentation from movant but maybe they will.

Movant is a class member entitled to compensation from the settlement. All she asked was that the deadline for filing an opposition be extended until it is determined if such opposition is needed or in the alternative that class counsel confirm movants right to compensation prior to the deadline for filing the opposition, so as to not have to spend unnecessary time with an opposition if it turns out it is unnecessary. Class Counsel refused both. Thus in the event that the court agrees with any of the issues raised here and the class benefits from such, movant requests that she be given a percentage of such benefit.

Respectfully Submitted

*Sandra Singer*

Sandra Singer

PO Box 15424

Boston , Ma 02215

Spamnodo@yahoo.com

## CERTIFICATE OF SERVICE

I certify that I have provided service to the settlement administrator by service on Brian.Pinkerton@gardencitygroup.com, Auto Parts Settlements Objections, c/o GCG, P.O. Box 10163, Dublin, OH 43017-3163.

*Sandra Singer*

Sandra Singer



U.S. POSTAGE PAID
HYDE PARK, MA
MAR 1 7
AMOUNT
$0.70
R2305H129070-22

48226
1000

3/11/17

U.S. District Court for the Eastern District of Michigan
Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

RECEIVED
MAR 14 2017
CLERK'S OFFICE
DETROIT

48226$2718