**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION ) ) ) ) ) | Master File No. 12-md-02311 Honorable Marianne O. Battani Special Master Gene J. Esshaki |
| In re: ALL AUTO PARTS CASES ) ) ) | 2:12-MD-02311-MOB-MKM |
| THIS RELATES TO: END PAYOR CLASS ACTIONS AUTO DEALER CLASS ACTIONS TRUCK AND EQUIPMENT DEALER CLASS ACTIONS ) ) ) ) ) ) | |

**MEMORANDUM OF DEFENDANTS HITACHI, LTD., HITACHI AUTOMOTIVE SYSTEMS, LTD. AND HITACHI AUTOMOTIVE SYSTEMS AMERICAS, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO SET AN EXPEDITED BRIEFING AND HEARING SCHEDULE ON INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PAY HALF OF THE PARTIES' COSTS RELATING TO OEM DISCOVERY**

## STATEMENT OF ISSUES

Should this Court set aside the Local Rules and require an expedited briefing schedule where doing so will prejudice the Defendants, and where a normal briefing schedule presents no prejudice or delay to Plaintiffs in obtaining OEM discovery?

**Answer:** No.

Defendants Hitachi, Ltd., Hitachi Automotive Systems, Ltd. ("HIAMS") and Hitachi Automotive Systems Americas, Inc. ("HIAMS-US") (collectively the "HIAMS Entities"), through undersigned counsel, hereby oppose the motion filed by the Automobile Dealership Plaintiffs ("ADPs"), End-Payor Plaintiffs ("EPPs") and Truck and Equipment Dealer Plaintiffs ("TEDPs") (together, the "IPPs") seeking an expedited briefing and hearing schedule on the IPPs' Motion for an Order Directing Defendants to Pay Half of the Parties' Costs Relating to OEM Discovery. There is no basis for the fire drill schedule that the IPPs seek. Moreover, as the IPPs were informed last week, Japan's Golden Week holidays are celebrated this week and many companies, including Hitachi, Ltd. and HIAMS are closed until Monday, May 7.

Requiring an opposition brief by May 8 would deprive the HIAMS Entities (and likely many if not all of the other Japan-based auto parts defendants) of a meaningful opportunity to respond to the IPPs' motion and would be highly prejudicial. This is especially true for the HIAMS Entities, who have been named in the IPPs' motion regarding OEM discovery costs only because the HIAMS Entities are named defendants in the TEDPs' Alternator and Starter case. (The HIAMS Entities have settled the other indirect purchaser cases.) The HIAMS Entities have not been involved in the negotiations for discovery from the OEMs, but it is not at all clear that the discovery being sought from OEMs would even cover sales of parts for trucks and equipment. For example, it appears that there are six "Lead OEMs" covered by this motion, but most of the trucks and equipment at issue in the TEDP case appear to be manufactured by *different* OEMs. Therefore, the plaintiffs are seeking to require HIAMS to pay for costs to produce data that is likely entirely irrelevant to the only pending case against it by an indirect purchaser. It would be hopelessly unfair and prejudicial to require HIAMS's U.S. counsel to try to untangle the details of this motion on an expedited schedule, particularly without the benefit of its client's input.

2

Moreover, given the time difference between the United States and Japan, the HIAMS Entities in Japan would have very little time after returning from the Golden Week holidays on May 7 to discuss with U.S. counsel and finalize a responsive pleading by May 8.

The normal briefing schedule set forth in Local Rule 7.1, which requires a response by May 15 to the IPPs' Motion for an Order Directing Defendants to Pay for Half of the Parties' Costs Relating to OEM Discovery, provides for adequate timing to allow the Court to address the issue raised in the IPPs' Motion. As the IPPs' own pleading asserts, this issue has been ongoing for several years and there is no basis to now impose an expedited schedule, particularly in light of the intervening holiday in Japan. The plaintiffs are prepared to go forward by paying the expenses themselves, and if they are successful on this motion they will be reimbursed for some of those expenses. There is no prejudice to them or delay of discovery if this motion is resolved according to the Court's normal schedule. If, in order to conclude the briefing more quickly, the IPPs prefer to file their reply brief on an expedited basis after the Defendants' May 15 response date, it would be their right to choose to do so.

3

The HIAMS Entities respectfully ask the Court to deny the IPPs' Motion for an Expedited Briefing and Hearing Schedule.

Dated: May 4, 2018						Respectfully submitted,

							___/s/ Lindsey Vaala_____
							VINSON & ELKINS LLP

							Craig Seebald
							Alden Atkins
							Lindsey Vaala
							Ryan Will
							2200 Pennsylvania Ave. NW
							Suite 500 West
							Washington, DC 20037
							(202) 639-6613 (Telephone)
							(202) 879-8813 (Facsimile)
							aatkins@velaw.com
							cseebald@velaw.com
							lvaala@velaw.com
							rwill@velaw.com

							*Attorneys for Hitachi, Ltd., Hitachi Automotive Systems, Ltd., and Hitachi Automotive Systems Americas, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December May 4, 2018, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  May 4, 2018


Respectfully submitted,



__/s/ Lindsey Vaala_____
VINSON & ELKINS LLP

Craig Seebald
Alden Atkins
Lindsey Vaala
Ryan Will
2200 Pennsylvania Ave. NW, Suite 500 West
Washington, DC 20037
(202) 639-6613 (Telephone)
(202) 879-8813 (Facsimile)
aatkins@velaw.com
cseebald@velaw.com
lvaala@velaw.com
rwill@velaw.com

*Attorneys for Hitachi, Ltd., Hitachi Automotive Systems, Ltd., and Hitachi Automotive Systems Americas, Inc.*