UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No.: 12-md-02311<br>Honorable Marianne O. Battani<br>Magistrate: Hon. Mona K. Majzoub |
| In Re: Shock Absorbers Cases | 2:16-cv-03302<br>2:15-cv-03303 |
| THIS DOCUMENT RELATES TO:<br>All Auto Dealer Actions<br>All End-Payor Actions | |

**NON-PARTY TOYOTA'S MOTION TO MAINTAIN UNDER SEAL CERTAIN PORTIONS OF THE KYB DEFENDANTS' SUMMARY JUDGMENT MATERIALS PURSUANT TO L.R. 5.3**

Non-parties Toyota Motor North America, Inc. ("TMNA"), Toyota Motor Sales USA, Inc. ("TMS") and Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") (together, "Toyota"), by their attorneys, move to maintain under seal, pursuant to L.R. 5.3(b), certain portions of the KYB Defendants' Motion for Summary Judgment That End-Payor Plaintiffs And Auto Dealer Plaintiffs Cannot Prove Injury Under State or Federal Law, Doc. 34 (16-cv-03302), ("KYB Defendants' Motion"), the subject matter of which are confidential Toyota information. The specific portions of the KYB Defendants' Motion that Toyota seeks to maintain under seal are: Exhibits 12, 20, and 23 to the KYB Defendants' Motion, Doc. 34 (16-cv-03302) (sealed Attachments No. 9, 16, and 19) and the corresponding, currently redacted sentences of the KYB Defendants' Motion for which Exhibits 12 and 20 are cited as support, Doc. 34 (16-cv-03302) at 1–2, 10, 15, and 17 (together, the "Toyota references").

1

For the reasons stated below, this Motion should be granted.

1.  Toyota is a non-party to this litigation. However, as a manufacturer of automobiles, Toyota's business processes and internal decision-making have been referenced in the KYB Defendants' Motion.

2.  Toyota and the defendants have designated certain information related to Toyota as highly confidential. A protective order, Doc. 200 (12-md-02311), requires that such information be filed under seal, as defendants have done here. Toyota seeks to maintain under seal the Toyota references in the KYB Defendants' Motion.

3.  L.R. 5.3(b)(2) states that a motion or proposed stipulated order seeking authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason the sealing of each item is necessary; (4) the reason the means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. L.R. 5.3(b)(2)(A).

4.  The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), Doc. 200 (12-md-02311), dated July 10, 2012, provides authority for the sealing of the Toyota references in the KYB Defendants' Motion under L.R. 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that "[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) are to be filed under seal according to the procedures contained in the Protective Order. *See* Protective Order ¶ 7. The Protective Order also applies to non-parties. *See* Protective Order ¶ 19. This Court maintains "supervisory

power over its records and files." *Sami v. Detroit Med. Ctr.*, 2012 WL 3945532 at *1 (E.D. Mich. Sept. 10, 2012) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). This authority includes fashioning orders that limit access to certain court documents. *Id.* (citing Fed. R. Civ. P. 26(c)).

5. Exhibits 12, 20, and 23 were designated by Toyota as Highly Confidential – Outside Attorneys Only pursuant to the Protective Order. They reflect Toyota's decisions regarding pricing of vehicles.

6. There is no other means to protect the confidential nature of the Toyota references in the KYB Defendants' Motion other than by sealing them.

7. This information is highly confidential and competitively sensitive, as it goes to the heart of how Toyota conducts its business. The case law below demonstrates that the information falls within one of the recognized exceptions to the general right of public access to judicial records and therefore constitutes authority for filing under seal.

8. It is necessary to maintain under seal the Toyota references in the KYB Defendants' Motion because they contain highly confidential information. Otherwise, the information will be available to the public in contravention of the Protective Order and Toyota's interest in protecting truly confidential information.

9. There is no less onerous alternative to sealing the Toyota references in the KYB Defendants' Motion that would ensure the confidentiality of Toyota's information. Unsealing the Toyota references in any way would make public Toyota's highly confidential, commercially sensitive information about how it sets prices for its vehicles.

10. Toyota submits and relies upon the attached brief in support of its motion.

11. Toyota submits a Proposed Order pursuant to L.R. 5.3(b)(2)(A)(v).

WHEREFORE, Toyota respectfully requests that the Court grant its motion and maintain under seal the Toyota references in the KYB Defendants' Motion.

### BRIEF IN SUPPORT OF NON-PARTY TOYOTA'S MOTION TO MAINTAIN UNDER SEAL CERTAIN PORTIONS OF THE DEFENDANTS' SUMMARY JUDGMENT MATERIALS PURSUANT TO L.R. 5.3

### STATEMENT OF ISSUES PRESENTED

1. Should this Court maintain under seal certain portions of the KYB Defendants' Motion that refer to Toyota and its business processes?

    Toyota Responds: Yes.

## CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY

*L.R. 5.3(b).*

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983).

*Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, (W.D. Mich. Apr. 19, 2012).

*LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 06-14312, 2008 WL 1923261 (E.D. Mich. Apr. 28, 2008).

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793 (S.D. Ohio Sept. 23, 2016).

*Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532 (E.D. Mich. Sept. 10, 2012).

I.   INTRODUCTION AND BACKGROUND

Non-party Toyota moves to maintain under seal, pursuant to L.R. 5.3(b), the Toyota references in the KYB Defendants' Motion because they contain commercially sensitive business information about Toyota's business which Toyota has designated as "highly confidential – outside attorneys only." Furthermore, since the Protective Order requires Toyota and the defendants to file documents designated as highly confidential under seal, Toyota brings this motion requesting an Order maintaining under seal the Toyota references in the KYB Defendants' Motion.

II.  LAW AND ARGUMENT

Although judicial records are presumptively open to the public, this presumption may be overcome where "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Thus, documents that reveal "legitimate trade secrets or other truly confidential information" constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal. *Encana Oil & Gas (USA), Inc. v. Zaremba Fam. Farms, Inc.*, No. 1:12-CV-369, 2012 WL 1377598, at *2 (W.D. Mich. Apr. 19, 2012) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)); *see also NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016) (sealing information is proper where it is "proprietary and would harm [a party's] business interests if released"); *United States v. Nallani*, 11-cr-20365, 2016 WL 4138227, at *2 (E.D. Mich. Aug. 3, 2016) (presumption of public access may

be overcome by the "overriding . . . privacy interest of the movant and third parties"); *Cinpres Gas Injection Ltd. v. Volkswagen Grp. of Am., Inc.*, No. 12-CV-13000, 2013 WL 11319319, at *1 (E.D. Mich. Feb. 14, 2013) (sealing judicial records may be justified "by a particularized special need for confidentiality, such as when trade secrets, national security, or certain privacy rights of trial participants or third parties are implicated"); *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 06-14312, 2008 WL 1923261, at *27–28 (E.D. Mich. Apr. 28, 2008) (maintaining documents under seal to avoid infringing the privacy interests of "innocent third parties" who had not initiated the underlying litigation).

The Local Rules of this Court and the case law thereunder set forth the process for filing documents under seal. L.R. 5.3(b) provides that a court order is required to seal documents where, as here, no particular statute or rule authorizes such sealing. L.R. 5.3(b)(1). LR 5.3(b)(2) states that a motion or proposed stipulated order seeking such authorization must include the following: (1) the authority for sealing; (2) an identification and description of each item proposed for sealing; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (5) a memorandum of legal authority supporting the seal. LR 5.3(b)(2)(A).

The Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order"), Doc. 200 (12-md-02311), dated July 10, 2012, provides authority for the sealing of the proposed pleading under L.R. 5.3. Paragraph 7 of the Protective Order, entitled "Filing of Protected Information," states that

7

"[a]ll documents, materials, or other information containing Confidential Information or Highly Confidential Information" (as defined in the Protective Order) are to be filed under seal according to the procedures contained in the Protective Order. *See* Protective Order ¶ 7. The Protective Order also applies to non-parties. *See* Protective Order ¶ 19. This Court maintains "supervisory power over its records and files." *Sami v. Detroit Med. Ctr.*, No. 12-12660, 2012 WL 3945532, at *1 (E.D. Mich. Sept. 10, 2012) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). This authority includes fashioning orders that limit access to certain court documents. *Id.* (citing Fed. R. Civ. P. 26(c)).

Toyota seeks to maintain under seal the Toyota references in the KYB Defendants' Motion, which consist of Exhibits 12, 20, and 23 to the KYB Defendants' Motion, Doc. 34 (sealed Attachments No. 9, 16, and 19) and the corresponding, currently redacted sentences of the KYB Defendants' Motion for which Exhibits 12 and 20 are cited as support, Doc. 34 (16-cv-03302) at 1–2, 10, 15, and 17. The information and depositions referenced in the KYB Defendants' Motion were appropriately designated as Highly Confidential – Outside Attorneys Only pursuant to the Protective Order.

Exhibit 12 (Affidavit of Shayne Carter, Corporate Manager, Pricing & Cross Carline Planning, TMS) and Exhibit 20 (September 22, 2016 Deposition of Shayne Carter) reflect Toyota's process for determining the Manufacturer's Suggested Retail Price ("MSRP") of its vehicles, including factors it considers when setting the MSRP. Exhibit 23 (September 30, 2016 Deposition of Dave Girvan, General Manager, Cost Planning, TEMA) reflects Toyota's process and method for keeping track of the cost of the parts that make up a vehicle. This internal information goes to the heart of how

Toyota conducts its business – including the highly sensitive issue of vehicle pricing – and therefore is highly confidential and competitively sensitive. The case law above demonstrates that it falls within a recognized exception to the general right of public access to judicial records and therefore constitutes authority for filing under seal.

There is no less onerous means to protect the confidential nature of the Toyota references in the KYB Defendants' Motion than maintaining them under seal. It is necessary to maintain under seal the Toyota references in the KYB Defendants' Motion because they contain highly confidential information. Otherwise, the information will be available to the public in contravention of the Protective Order and Toyota's interest in protecting truly confidential information. Unsealing the Toyota references in any way would make public Toyota's highly confidential, commercially sensitive information about how it sets prices for its vehicles.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Toyota's Motion to Maintain Under Seal Certain Portions of the KYB Defendants' Motion pursuant to L.R. 5.3(b).

By: /s/ Michael Schaper
Michael Schaper

DEBEVOISE & PLIMPTON LLP
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
BOWMAN & BROOKE LLP
41000 Woodward Avenue, Ste. 200 East
Bloomfield Hills, MI 48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com

*Attorneys for Toyota Motor North America, Inc., Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on May 8, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to attorney

Respectfully Submitted,

By:  /s/ Michael Schaper
Michael Schaper
DEBEVOISE & PLIMPTON LLP
919 Third Ave
New York, NY 10022
Tel: 212-909-6000
mschaper@debevoise.com

Thomas P. Branigan (P41774)
BOWMAN & BROOKE LLP
41000 Woodward Avenue,
Ste. 200 East
Bloomfield Hills, MI  48304
Tel: 248-205-3300
tom.branigan@bowmanandbrooke.com

*Attorneys for Toyota Motor North America, Inc., Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*