# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 01, 2019

Mr. Jeffrey Amato
Winston & Strawn
200 Park Avenue
New York, NY 10166

Mr. Richard D. Bisio
Kemp Klein
201 W. Big Beaver Road
Suite 600
Troy, MI 48084

Jeremy J. Calsyn
Cleary, Gottlieb, Steen & Hamilton
2112 Pennsylvania Avenue, N.W.
Suite 1000
Washington, DC 20037

Ms. Elizabeth Aleen Cate
Winston & Strawn
200 Park Avenue
New York, NY 10166

Mr. Solomon B. Cera
Law Office
595 Market Street
Suite 1350
San Francisco, CA 94105

Mr. Kenneth Ray Davis II
Lane Powell
601 S.W. Second Avenue

Suite 2100
Portland, OR 97204

Ms. Molly M. Donovan
Winston & Strawn
200 Park Avenue
New York, NY 10166

David A. Ettinger
Honigman
660 Woodward Avenue
Suite 2290
Detroit, MI 48226

Mr. David H. Fink
Fink Bressack
38500 Woodward Avenue
Suite 350
Bloomfield Hills, MI 48304

Mr. Nathan Joshua Fink
Fink & Associates Law
38500 Woodward Avenue
Suite 350
Bloomfield Hills, MI 48304

Mr. Larry Steven Gangnes
Lane Powell
P.O. Box 91302
Seattle, WA 98111-9402

Mr. Fred K. Herrmann
Kerr, Russell & Weber
500 Woodward Avenue
Suite 2500
Detroit, MI 48226

Mr. Steffen Nathanael Johnson
Winston & Strawn
1700 K Street, N.W.
Washington, DC 20006

Mr. Neil J. Juliar
Conlin, McKenney & Philbrick
350 S. Main Street
Suite 400

Ann Arbor, MI 48104

Mr. Jeffrey L. Kessler
Winston & Strawn
200 Park Avenue
New York, NY 10166

Heather Lamberg
Winston & Strawn
1700 K Street, N.W.
Washington, DC 20006

Robert D. McCabe
Shearman & Sterling
401 Ninth Street, N.W.
Suite 800
Washington, D.C., DC 20004-2128

Mr. Ronald S. Nixon
Kemp Klein
201 W. Big Beaver Road
Suite 600
Troy, MI 48084

Mr. Keith Palfin
Winston & Strawn
1700 K Street, N.W.
Washington, DC 20006

Mr. A. Paul Victor
Winston & Strawn
200 Park Avenue
New York, NY 10166

Re: Case No. 19-101, *In re: Auto Parts Antitrust Litig, et al*
Originating Case No. : 2:12-cv-00501 : 2:12-cv-12932 : 2:12-cv-13142 : 2:15-cv-13932 :
2:15-cv-12068 : 2:12-cv-00500 : 2:15-cv-13945 : 2:12-md-02311

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

                                                                                 s/Bryant L. Crutcher  
                                                                                  Case Manager  
                                                                                  Direct Dial No. 513-564-7013

cc:  Mr. David J. Weaver

Enclosure

No mandate to issue

No. 19-0101

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 01, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: AUTOMOTIVE PARTS ANTITRUST LITIGATION. | ) ) ) |
| In re: Bearings Cases. | ) ) |
| This Relates To: Direct Purchaser Actions. | ) ) ) ) |
| | ) O R D E R |
| In re: DALC GEAR & BEARING SUPPLY CORP.; MCGUIRE BEARING COMPANY; SHERMAN BEARINGS, INC. | ) ) ) ) |
| Petitioners. | ) |

Before: NORRIS, SUTTON, and COOK, Circuit Judges.

The petitioners seek permission to appeal the order denying class certification in these consolidated antitrust actions alleging that the defendant manufacturers engaged in a conspiracy to fix the prices for steel bearings in violation of Section 1 of the Sherman Act. *See* Fed. R. Civ. P. 23(f). The defendants oppose the petition to appeal.

Under Rule 23(f), we have discretion to hear an appeal from the denial of class certification. *See In re Delta Air Lines,* 310 F.3d 953, 959 (6th Cir. 2002). Rule 23(f) appeals are not to be routinely accepted, and interlocutory review is not favored "in ordinary cases, which involve the application of well-established standards to the facts of a particular case." *Id*. at 959–60. We consider the following factors in determining whether to permit the plaintiffs' interlocutory appeal: (1) whether the plaintiffs are likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either the plaintiffs or the defendants

Case 2:12-md-02311-SFC-RSW   ECF No. 1988, PageID.36423   Filed 04/01/19   Page 6 of 6
Case: 19-101   Document: 27-2   Filed: 04/01/2019   Page: 2   (6 of 6)

No. 19-0101
-2-

presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *Id*. at 960.

A district court has substantial discretion in determining whether it will certify a class. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012). Thus, appellate "review is 'very limited,' and we will reverse 'only if a strong showing is made that the district court clearly abused its discretion.'" *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1284 (2018) (quoting *Young*, 693 F.3d at 536). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Young*, 693 F.3d at 536. Given this deferential standard of review, the petitioners have not shown a substantial likelihood of success on the merits.

In addition, consideration of the other factors does not support an interlocutory appeal. The denial of class certification is not the death knell of the litigation, and the posture of the action below does not favor an immediate appeal.

Accordingly, the petition to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk